**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

SHAUNTA DOVE, on behalf of herself
and all others similarly situated,

              Plaintiffs,

         -against-

APPLE METRO, INC., AM NYCF, LLC, 42ND
APPLE LLC, 117TH APPLE, LLC, AIRMONT
APPLE, LLC, ASTORIA APPLE, LLC, AT
APPLE, LLC, BAY PLAZA APPLE, LLC, BAY
TERRACE APPLE, LLC, BED-STUY APPLE,
LLC, BROADWAY APPLE, LLC, BTM APPLE,
LLC, CORTLANDT APPLE, LLC, CROSS
COUNTRY APPLE, LLC, CROSSROADS APPLE,
LLC, EB APPLE, LLC, EXPRESSWAY APPLE,
LLC, FLATBUSH APPLE, LLC, FORDHAM
APPLE, LLC, FRESH MEADOWS APPLE, LLC,
HARLEM APPLE, LLC, HAWTHORNE APPLE,
LLC, JAMAICA APPLE, LLC, KISCO APPLE,
LLC, MAMARONECK APPLE, LLC, NEW
DORP APPLE, L.L.C., NEW ROCHELLE APPLE,
LLC, OUTERBRIDGE APPLE, LLC, PORT
CHESTER APPLE, LLC, QUEENS CENTER
APPLE, LLC, REGO PARK APPLE, LLC,
RIVERDALE APPLE, LLC, S.I. MALL APPLE,
LLC, SHEEPSHEAD APPLE, LCC, SVC APPLE,
LLC, TRIANGLE APPLE, LLC, WHITE PLAINS
APPLE, LLC, ZANE TANKEL, an individual,
ROY RAEBURN, an individual, KIRK SAMLAL,
an individual, AUBREY DALY, an individual,
ROLAND RAYMOND, an individual, DERRICK
PALMER, an individual, SUSY QUINTERO, an
individual, and CHRIS ANTOINE, an individual.

              Defendants.

Case No. 1:13-CV-01417
(JBW) (RER)

FIRST AMENDED
COMPLAINT

JURY TRIAL DEMANDED

Plaintiff SHAUNTA DOVE ("Plaintiff" or "Dove") (collectively as "Plaintiffs" or "Class Action Plaintiffs" or "FLSA Plaintiffs"), by and through her attorneys, The Law Office of Borrelli and Associates, P.L.L.C, brings this action for damages and other legal and equitable relief against Defendants APPLE METRO, INC.; AM NYCF, LLC; 42ND APPLE LLC; 117TH APPLE, LLC; AIRMONT APPLE, LLC; ASTORIA APPLE, LLC; AT APPLE, LLC; BAY PLAZA APPLE, LLC; BAY TERRACE APPLE, LLC; BED-STUY APPLE, LLC; BROADWAY APPLE, LLC; BTM APPLE, LLC; CORTLANDT APPLE, LLC; CROSS COUNTRY APPLE, LLC; CROSSROADS APPLE, LLC; EB APPLE, LLC; EXPRESSWAY APPLE, LLC; FLATBUSH APPLE, LLC; FORDHAM APPLE, LLC; FRESH MEADOWS APPLE, LLC; HARLEM APPLE, LLC; HAWTHORNE APPLE, LLC; JAMAICA APPLE, LLC; KISCO APPLE, LLC; MAMARONECK APPLE, LLC; NEW DORP APPLE, L.L.C.; NEW ROCHELLE APPLE, LLC; OUTERBRIDGE APPLE, LLC; PORT CHESTER APPLE, LLC; QUEENS CENTER APPLE, LLC; REGO PARK APPLE, LLC; RIVERDALE APPLE, LLC; S.I. MALL APPLE, LLC; SHEEPSHEAD APPLE, LCC; SVC APPLE, LLC; TRIANGLE APPLE, LLC; WHITE PLAINS APPLE, LLC; ZANE TANKEL, an individual; ROY RAEBURN, an individual; KIRK SAMLAL, an individual; AUBREY DALY, an individual; ROLAND RAYMOND, an individual; DERRICK PALMER, an individual; SUSY QUINTERO, an individual; and CHRIS ANTOINE, an individual (collectively as "Defendants"), for violations of: (1) the New York Labor Law ("Labor Law"), §§196-d, 652 and 195; (2) New York State Regulation ("NYCRR") 12 NYCRR §146-2.15; (3) the Fair Labor Standards Act, ("FLSA") 29 U.S.C. §§203 and 206; (3); (4) the Code of Federal Regulations ("CFR") 29 CFR §531.59; (5) New York law prohibiting conversion; and (6) any other claim(s) that can be inferred from the facts set forth herein.

**INTRODUCTION**

1.    This action stems from Defendants' operation of thirty-five (35) Applebee's Neighborhood Bar & Grill ("Applebee's") franchises in New York City, Rockland and Westchester Counties (the "Restaurants") that could not have violated the protections of the FLSA, Labor Law and NYCRR more flagrantly.

2.    In willful disregard of the aforementioned statutes and regulations, Defendants' have developed and imposed on their employees an illegal tip-sharing scheme that has affected the servers, hosts, hostesses and bartenders and runs far afoul of the aforementioned statutes.

3.    The tip sharing arrangement requires employees to pay ("tip") out 3% of their gross sales of food and drink each day to their managers, who distributed those contributions to hosts, hostesses and bartenders in proportions only known to the managers and dictated by their discretion and relationship with the employees.

4.    This tip sharing arrangement often left servers with compensation well below the minimum wage.

5.    When the servers entered their tips in the Applebee's computer system at the end of the day, the system notified them about their insufficient wages, but Applebee's managers then either overrode the computer system's notification to the employee or required the employee to enter inaccurate tip amounts that were later reflected on inaccurate pay stubs.

6.    When distributing the mandated fee to hosts, hostesses and bartenders, the managers paid these employees whatever tip share they felt like paying on that particular day, handing the tip share to each employee in enclosed envelopes while forcing them to sign a book stating the amount of tip share received before opening the envelope.

7.     The tip share in the envelope differed greatly from the tip amount recorded in Defendants' book and from the tip amount Defendants took credit for in each employee's check.

8.     Through this fraudulent altering of employee records, Defendants willfully violated the aforementioned statutes governing appropriate tip sharing arrangements.

9.     As a former server and host at the Applebee's located in Jamaica, New York, Dove is just one individual in a large class of Defendants' victims and, accordingly, brings this action on her own behalf and on behalf of those similarly situated to her for the legal and equitable relief set forth below.

### JURISDICTION AND VENUE

10.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights, including such rights under 29 U.S.C. §§ 201 *et seq.*

11.     The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

12.     Venue is proper in this Court pursuant to 29 U.S.C. §§ 201-219 because this judicial district lies in a State in which the unlawful employment practices occurred.  Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c) because Defendants maintain offices, conduct business and reside in this district.

## PARTIES

13.     Dove is a citizen of New York and resides in Queens County.

14.     Defendants employed Dove as a server and then as a hostess at the Applebee's restaurant in Jamaica, Queens.

15.     Upon information and belief, Defendant Apple Metro, Inc. ("Apple Metro") is a corporation organized under the laws of the State of New York with its principal place of business in Harrison, New York. Apple Metro is a franchisee of Applebee's with exclusive franchise rights in Manhattan, the Bronx, Brooklyn, Queens, Staten Island, Westchester County and Rockland County. Apple Metro owns and operates the Applebee's restaurants where the Plaintiffs were employed.

16.     Defendant 117th Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant 117th Apple LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 509 E. 117th Street, New York, NY 10035.  At all relevant times, Defendant 117th Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

17.     Defendant 42nd Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant 42nd Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 234 W. 42nd Street, New York, NY 10036.  At all relevant times, Defendant 42nd Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

16.     Defendant Airmont Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Airmont Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 221 Route 59,

Airmont, NY 10901.  At all relevant times, Defendant Airmont Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

17.     Defendant Astoria Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Astoria Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 38-01 35th Avenue, Queens, NY 11101.  At all relevant times, Defendant Astoria Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

18.     Defendant AT Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant AT Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 139 Flatbush Avenue, Brooklyn, NY 11217.  At all relevant times, Defendant AT Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

19.     Defendant Bay Plaza Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Bay Plaza Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 2276 Bartow Avenue, Bronx, NY 10475.  At all relevant times, Defendant Bay Plaza Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

20.     Defendant Bay Terrace Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Bay Terrace Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 213-29 26th Avenue, Queens, NY 11360.  At all relevant times, Defendant Bay Terrace Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

21.    Defendant Bed-Stuy Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Bed-Stuy Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 1360 Fulton Street, Brooklyn, NY 11216.  At all relevant times, Defendant Bed-Stuy Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

22.    Defendant Broadway Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Broadway Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 205 West 50th Street, New York, NY 10019.  At all relevant times, Defendant Broadway Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

23.    Defendant BTM Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant BTM Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 610 Exterior Street, Bronx, NY 10451.  At all relevant times, Defendant BTM Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

24.    Defendant Cortlandt Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Cortlandt Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 3127 East Main Street, Mohegan Lake, NY 10547.  At all relevant times, Defendant Cortlandt Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

25.    Defendant Cross County Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Cross County Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 1 Mall

Walk West, Yonkers, NY 10704.  At all relevant times, Defendant Cross County Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

26.     Defendant Crossroads Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Crossroads Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 395 Tarrytown Road, White Plains, NY 10607.  At all relevant times, Defendant Crossroads Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

27.     Defendant EB Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant EB Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 2 Executive Boulevard, Yonkers, NY 10701.  At all relevant times, Defendant EB Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

28.     Defendant Expressway Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Expressway Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 1451 Richmond Avenue, Staten Island, NY 10314.  At all relevant times, Defendant Expressway Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

29.     Defendant Flatbush Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Flatbush Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 395 Flatbush Avenue Ext., Brooklyn, NY 11201.  At all relevant times, Defendant Flatbush Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

30.     Defendant Fordham Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Fordham Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 4750-4758 Third Avenue, Bronx, NY 10458.  At all relevant times, Defendant Fordham Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

31.     Defendant Fresh Meadows Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Fresh Meadows Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 61-48 188th Street, Queens, NY 11365.  At all relevant times, Defendant Fresh Meadows Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

32.     Defendant Harlem Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Harlem Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at One West 125th Street, New York, NY 10027.  At all relevant times, Defendant Harlem Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

33.     Defendant Hawthorne Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant Hawthorne Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 18 Saw Mill River Road, Hawthorne, NY 10532. At all relevant times, Defendant Hawthorne Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

34.     Defendant Jamaica Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Jamaica Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 161-19

Jamaica Avenue, Jamaica, NY 11433.  At all relevant times, Defendant Jamaica Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

35.     Defendant AM NYCF, LLC is a corporation organized under the laws of the State of New York with its principal place of business in Harrison, New York.  AM NYCF, LLC, as the sole member of Jamaica Apple, LLC, owns and operates the Applebee's restaurant where Mr. Marin was employed.

36.     Defendant Kisco Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant Kisco Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 185 North Bedford Road, Mt. Kisco, NY 10549.  At all relevant times, Defendant Kisco Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

37.     Defendant Mamaroneck Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Mamaroneck Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 640 East Boston Road, Mamaroneck, NY 10543. At all relevant times, Defendant Mamaroneck Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

38.     Defendant New Dorp Apple, L.L.C. is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant New Dorp Apple, L.L.C. is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 430 New Dorp Lane, Staten Island, NY 10306. At all relevant times, Defendant New Dorp Apple, L.L.C. was a covered employer within the meaning of the FLSA and NYLL.

39.     Defendant New Rochelle Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant New Rochelle Apple, LLC is a

wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 25 LeCount Place, New Rochelle, NY 10801. At all relevant times, Defendant New Rochelle Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

40.     Defendant Outerbridge Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Outerbridge Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 2720 Veterans Road West, Staten Island, NY 10309. At all relevant times, Defendant Outerbridge Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

41.     Defendant Port Chester Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Port Chester Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 42 Westchester Avenue, Port Chester, NY 10573. At all relevant times, Defendant Port Chester Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

42.     Defendant Queens Center Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Queens Center Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 90-15 Queens Boulevard, Queens, NY 11373. At all relevant times, Defendant Queens Center Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

43.     Defendant Rego Park Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Rego Park Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 95-25 Queens Boulevard, Queens, NY 11374.  At all relevant times, Defendant Rego Park Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

44.     Defendant Riverdale Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Riverdale Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 76 West 225th Street, Bronx, NY 10463.  At all relevant times, Defendant Riverdale Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

45.     Defendant S.I. Mall Apple, L.L.C. is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant S.I. Mall Apple, L.L.C. is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 2655 Richmond Avenue, Staten Island, NY 10314. At all relevant times, Defendant S.I. Mall Apple, L.L.C. was a covered employer within the meaning of the FLSA and NYLL.

46.     Defendant Sheepshead Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant Sheepshead Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 2505 Emmons Avenue, Brooklyn, NY 11235. At all relevant times, Defendant Sheepshead Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

47.     Defendant SVC Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York. Defendant AVC Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 40-24 College Point Boulevard, Flushing, NY 11354.  At all relevant times, Defendant SVC Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

48.     Defendant Triangle Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant Triangle Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 2201

Nostrand Avenue, Brooklyn, NY 11210. At all relevant times, Defendant Triangle Apple LLC was a covered employer within the meaning of the FLSA and NYLL.

49.     Defendant White Plains Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York.  Defendant White Plains Apple, LLC is a wholly-owned subsidiary of Apple Metro and operates an Applebee's restaurant located at 27 Mamaroneck Avenue, White Plains, NY 10601. At all relevant times, Defendant White Plains Apple, LLC was a covered employer within the meaning of the FLSA and NYLL.

50.     Upon information and belief, Defendant Zane Tankel ("Tankel") is the principal of Apple Metro and the Restaurants and owns, operates and makes managerial decisions for the Applebee's restaurants where Plaintiffs were employed.

51.     Upon information and belief, Defendant Roy Raeburn ("Raeburn") is the principal of Apple Metro and the Restaurants and owns, operates and makes managerial decisions for the Applebee's restaurant where Plaintiffs were employed.

52.     Upon information and belief, Defendant Kirk Samlal ("Samlal") was a manager of and operated the Applebee's restaurant where Dove was employed.

53.     Upon information and belief, Defendant Aubrey Daly ("Daly") is a manager of and operates the Applebee's restaurant where Dove was employed.

54.     Upon information and belief, Defendant Roland Raymond ("Raymond") is a manager of and operates the Applebee's restaurant where Dove was employed.

55. Upon information and belief, Defendant Derrick Palmer ("Palmer") is a manager of and operates the Applebee's restaurant where Dove was employed.

56.     Upon information and belief, Defendant Susy Quintero ("Quintero") was a manager of and operated the Applebee's restaurant where Dove  was employed.

57.     Upon information and belief, Defendant Chris Antoine ("Antoine") is a manager of and operates the Applebee's restaurant where Dove was employed.

58.     At all relevant times herein, Defendants were employers of Plaintiffs.

59.     Upon information and belief, Defendants Samlal, Daly, Raymond, Palmer, Quintero and Antoine ("Manager Defendants") all reside in Queens County.

60.     Upon information and belief, the amount of qualifying annual volume of business for Defendants exceeds $500,000.00.  Additionally, all of Defendants' employees are engaged in interstate commerce, as they all handle goods that have been and continue to be moved in interstate commerce.  Defendants are, accordingly, subject to the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

61.     Dove seeks to bring this suit pursuant to 29 U.S.C. § 216(b) on her own behalf as well as those in the following class:

> Current and former servers, hosts, hostesses and bartenders of Defendants who perform or performed work in any of Defendants' locations as non-managerial employees during the statutory period, who give consent to file a cause of action to recover amounts owed to them and that they were deprived of by Defendants' tip sharing scheme, including the minimum hourly required rate of pay per hour worked ("FLSA Plaintiffs").

62.     Dove is similarly situated to all such individuals because, while employed by Defendants, she and all FLSA Plaintiffs performed similar tasks; were subject to the same laws and regulations; were paid in the same or similar manner; were paid the same or similar rate; were deprived of sums owed to them due to Defendants' tip sharing scheme; and were not paid at an amount equal to the minimum hourly required rate of pay per hour worked.

63.     All FLSA Plaintiffs are or were engaged in interstate commerce, as they are or were required to handle goods regularly moved in interstate commerce.

64.     Defendants are and have been aware that they are or were required to pay Dove and FLSA Plaintiffs all sums due to them and at least the minimum hourly rate of pay per hour worked.

## RULE 23 CLASS ALLEGATIONS

65.     Dove additionally seeks to maintain this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on her own behalf as well as those who are similarly situated who, during the applicable statutes of limitations, were subjected to violations of the New York Labor Law and the NYCRR.

66.     Under F.R.C.P. 23(b)(3), Dove must plead that:

a.  The class is so numerous that joinder is impracticable;

b.  There are questions of law or fact common to the class which predominate any individual questions of law or fact;

c.  Claims or defenses of the representative are typical of the class;

d.  The representative will fairly and adequately protect the class; and

e.  A class action is superior to other methods of adjudication.

67.     The Class that Dove seeks to define includes:

Current and former servers, hosts, hostesses and bartenders of Defendants who perform or performed work as non-managerial employees during the statutory period within the State of New York, who (1) were deprived of sums owed to them by Defendants' illegal tip sharing scheme; (2) were not paid the minimum hourly required rate of pay per hour worked; and/or (3) were issued inaccurate pay stubs/wage statements pursuant to which Defendants took credit for inaccurate employee tips ("Class Action Plaintiffs").

<u>Numerosity</u>

68.     During the previous six (6) years, Defendants have, in total, employed at least in excess of forty (40) employees.

<u>Common Questions of Law and/or Fact</u>

69.     There are questions of law/fact that govern the claims which are available to each and every Class Action Plaintiff, including but not limited to the following:

a.   Whether Defendants operated an illegal tip sharing scheme;

b.   Whether Defendants' illegal tip sharing scheme deprived Class Action Plaintiffs of sums owed to them by Defendants;

c.   Whether Defendants failed to pay Class Action Plaintiffs the minimum hourly required rate of pay per hour worked;

d.   Whether Defendants converted Class Action Plaintiffs' funds;

e.   Whether Defendants issued proper pay stubs/wage statements to Class Action Plaintiffs in accordance with Labor Law §195;

f.   Whether Defendants kept accurate records of hours worked by Class Action Plaintiffs; and,

g.   Whether Defendants have any affirmative defenses for any of these claims.

<u>Typicality of Claims and/or Defenses</u>

70.     Defendants employed Dove as a server and then as a hostess at the Jamaica Applebee's restaurant.  Her duties, pay rate and pay structure were substantially similar to those of Class Action Plaintiffs.

71.     Throughout Dove's employment, Defendants employed an illegal tip-sharing scheme and failed to pay her (1) all sums owed; and (2) the minimum hourly required rate of pay

per hour worked.   Defendants also issued Dove inaccurate pay stubs/wage statements, taking credit for an inaccurate amount of her tips. This was the same or similar for all Class Action Plaintiffs.   Thus, there are common questions of law and fact that are applicable to Dove and Class Action Plaintiffs.

Adequacy

72.   Dove, the representative party, is not currently employed by Defendants.

73.   Dove kept substantial records from her employment with Defendants and would properly and adequately represent the current and former employees who have been subjected to the treatment alleged herein.

74.   Dove fully anticipates the ability to testify under oath as to the services worked and time spent thereof for Defendants.

75.   Additionally, Dove's attorneys have substantial experience in this field of law.

Superiority

76.   Dove has no facts relating to the class claims that are atypical of those of the class.  Indeed, upon information and belief, Dove was treated identically to other employees.

77.   Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations and separate litigation would risk inconsistent results.

78.   Since Dove is not currently employed by Defendants, she will be able to further represent Class Action Plaintiffs by acting without fear of retaliation and/or harassment.

79.   Accordingly, this means of protecting Class Action Plaintiffs' rights is superior to any other method.

## FACTS

80.     Defendants hired Dove as a server for the Applebee's restaurant in Jamaica, Queens in or about June of 2011.

81.     Dove's duties as a server included taking customer orders, relaying customer orders to the kitchen and serving customers food and drinks.

82.     Defendants agreed to pay Dove $5.00 per hour for her services as a lunch or dinner server, which covered hours worked between 12:00 p.m. and closing.

83.     Defendants agreed to pay Dove $7.25 per hour for her services as a breakfast server, which covered hours worked between 7:00 a.m. and 11:59 a.m.

84.     During the course of her employment, Defendants eventually moved Dove to a hostess position. The duties for that position included greeting customers, reviewing seating availability and seating customers.

85.     Defendants agreed to pay Dove $5.00 per hour for her services as a lunch or dinner hostess, which covered hours worked between 12:00 p.m. and closing.

86.     Defendants agreed to pay Dove $7.25 per hour for her services as a breakfast host, which covered hours worked between 7:00 a.m. and 11:59 a.m.

### Defendants' Illegal Tip-Sharing Scheme

87.     Knowing that a salary of $5.00 per hour is below the $7.25 per hour minimum wage under federal and state law, Defendants expected servers to make up the $2.25 difference in tips.

88.     Hosts and hostesses were expected to make up the same difference through a mandated tip-sharing arrangement.

89.     Pursuant to this tip-sharing arrangement, Defendants required servers to pay 3% of their gross sales of food and drink each day to the Manager Defendants.

90.     The servers often paid this fee with money that they earned, either through their tips or out of their pockets.

91.     The Manager Defendants then distributed these contributions to hosts, hostesses and bartenders in proportions only known to the managers and dictated by their discretion and relationship with the employees.

<u>The Scheme's Illegal Application To Servers</u>

92.     After paying this tip share to their managers, the servers entered their tips for the day into the store's computer system.

93.     When these tips plus the server's hourly wage equated to less than $7.25 per hour after deducting  the 3% tip sharing fee, the computer automatically issued a notification to the employee that stated "Swipe Manager Card…The tip amount appears to be too low!"

94.     The Manager Defendants then either overrode the computer system's notification about the insufficient wage or required the employee to enter inaccurate tip amounts.

95.     Thus, the server's actual tips often differed greatly from the tips Defendants took credit for in each server's check.

96.     In addition, pursuant to this illegal scheme, Defendants often failed to pay servers the required minimum wage while indicating otherwise on their pay stubs.

<u>The Scheme's Illegal Application To Hosts, Hostesses and Bartenders</u>

97.     Having control over the servers' 3% contributions, the Manager Defendants also controlled the tip shares paid to hosts, hostesses and bartenders.

98.    The Manager Defendants paid hosts, hostesses and bartenders whatever tip share they felt like on each particular day, often based on their relationship with that employee.

99.    The Manager Defendants handed these employees the tip shares in enclosed envelopes, requiring them to sign a book that already stated the amount of tip share they received before they even opened the envelope.

100.    When the tip share received differed from the tip share recorded in Defendants' book, the Manager Defendants did not permit the employee to correct the error.

101.    The tip share received often differed greatly from the tip amount recorded in Defendants' book and from the tip amount Defendants took credit for in each employee's check.

102.    Thus, hosts, hostesses and bartenders did not receive all sums owed to them from Defendants.

103.    In addition, through this scheme, Defendants often avoided paying hosts, hostesses and bartenders the required minimum wage, while indicating otherwise on their pay stubs.

104.    Each and every one of the Manager Defendants participated in this illegal scheme throughout the course of Dove's employment.

105.    Upon information and belief, Defendant Tankel and Defendant Raeburn rewarded the Manager Defendants for engaging in the illegal scheme through bonuses, raises and other employee benefits.

106.    With daily alterations made to employee records and pay stubs that differed from the tip share book, Defendant Tankel and Defendant Raeburn knew or should have known that the Manager Defendants made these alterations and condoned them through the bonuses, raises and other employee benefits.

107.    While employing this scheme, the Management Defendants, Defendant Tankel and Defendant Raeburn had the power to hire and fire employees, supervised and controlled employee work schedules and conditions of employment, determined the rate of employee pay and method of payment and maintained employment records.

108.    Defendants' failures to pay Dove in accordance with the Fair Labor Standards Act, CFR, New York Labor Law and NYCRR were flagrant and willful.

109.    All of Defendants' non-managerial employees were victimized by Defendants' scheme in identical fashion.

110.    Defendants terminated Dove's employment on February 10, 2013.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL CLASSS ACTION PLAINTIFFS
*(For Violations of Labor Law §196-d)*

111.    Plaintiff and Class Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

112.    At all relevant times, Defendants are or were "employers" within the meaning of the Labor Law.

113.    At all relevant times, Plaintiff and Class Action Plaintiffs are or were "employees" within the meaning of the Labor Law.

114.    At all relevant times, Plaintiff and Class Action Plaintiffs are or were "employed" by Defendants within the meaning of the Labor Law.

115.    At all relevant times, Plaintiff and Class Action Plaintiffs are not or were not exempt from the provisions of the Labor Law.

116.    Defendants' illegal tip sharing scheme violated Labor Law §196-d by depriving servers of the minimum hourly required rate of pay per hour worked of $7.25 per hour.

117.    Defendants' illegal tip sharing scheme violated Labor Law §196-d because, pursuant to this scheme, Defendants took credit for tips not actually received by their employees.

118.    Defendants' illegal tip sharing scheme violated Labor Law §196-d by requiring servers to pay 3% of their gross sales of food and drink each day to their managers rather than directly to the hosts, hostesses and bartenders.

119.    These practices were willful and lasted for the duration of all relevant time periods.

120.    These practices are in violation of Labor Law §196-d.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL CLASSS ACTION PLAINTIFFS**
*(For Violations of 12 NYCRR §146-2.15)*

121.    Plaintiff and Class Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

122.    At all relevant times, Defendants are or were "employers" within the meaning of the NYCRR.

123.    At all relevant times, Plaintiff and Class Action Plaintiffs are or were "employees" within the meaning of the NYCRR.

124.    At all relevant times, Plaintiff and Class Action Plaintiffs are or were "employed" by Defendants within the meaning of the NYCRR.

125.    At all relevant times, Plaintiff and Class Action Plaintiffs are not or were not exempt from the provisions of the NYCRR.

126.    Defendants' illegal tip sharing scheme violated 12 NYCRR §146-2.15 by depriving employees of the minimum hourly required rate of pay per hour worked of $7.25 per hour.

127.    Defendants' illegal tip-sharing scheme violated 12 NYCRR §146-2.15 because, pursuant to this scheme, Defendants took credit for tips not actually received by their employees.

128.    Defendants' illegal tip sharing scheme violated 12 NYCRR §146-2.15 by requiring servers to pay 3% of their gross sales of food and drink each day to their managers rather than directly to the hosts, hostesses and bartenders.

129.    These practices were willful and lasted for the duration of all relevant time periods.

130.    These practices are in violation of 12 NYCRR §146-2.15.

**AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL FLSA PLAINTIFFS**
*(For Violations of the Fair Labor Standards Act, 29 U.S.C. §203)*

131.    Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

132.    At all relevant times, Defendants are or were "employers" within the meaning of the FLSA.

133.    At all relevant times, Plaintiff and FLSA Plaintiffs are or were "employees" within the meaning of the FLSA.

134.    At all relevant times, Plaintiff and FLSA Plaintiffs are or were "employed" by Defendants within the meaning of the FLSA.

135.    At all relevant times, Defendants are or were an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA during each workweek of Plaintiff's and FLSA Plaintiffs' employment.

136.    At all relevant times, Plaintiff and FLSA Plaintiffs are not or were not exempt from the provisions of the FLSA.

137.     Defendants' illegal tip sharing scheme violated FLSA §203 by depriving employees of the minimum hourly required rate of pay per hour worked of $7.25 per hour.

138.     Defendants' illegal tip sharing scheme violated FLSA §203 because, pursuant to this scheme, Defendants took credit for tips not actually received by their employees.

139.     Defendants' illegal tip sharing scheme violated FLSA §203 by requiring servers to pay 3% of their gross sales of food and drink each day to their managers rather than directly to the hosts, hostesses and bartenders.

140.     These practices were willful and lasted for the duration of all relevant time periods.

141.     These practices are in violation of FLSA §203.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL FLSA PLAINTIFFS
*(For Violation of 29 CFR §531.59)*

142.     Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

143.     At all relevant times, Defendants are or were "employers" within the meaning of the FLSA.

144.     At all relevant times, Plaintiff and FLSA Plaintiffs are or were "employees" within the meaning of the FLSA.

145.     At all relevant times, Plaintiff and FLSA Plaintiffs are or were "employed" by Defendants within the meaning of the FLSA.

146.     At all relevant times, Defendants are or were an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA during each workweek of Plaintiff's and FLSA Plaintiffs' employment.

147. At all relevant times, Plaintiff and FLSA Plaintiffs are not or were not exempt from the provisions of the FLSA.

148. Defendants' illegal tip sharing scheme violated 29 CFR §531.59 by depriving employees of the minimum hourly required rate of pay per hour worked of $7.25 per hour.

149. Defendants' illegal tip sharing scheme violated 29 CFR §531.59 because, pursuant to this scheme, Defendants took credit for tips not actually received by their employees.

150. Defendants' illegal tip sharing scheme violated 29 CFR §531.59 by requiring servers to pay 3% of their gross sales of food and drink each day to their managers rather than directly to the hosts, hostesses and bartenders.

151. These practices were willful and lasted for the duration of all relevant time periods.

152. These practices are in violation of 29 CFR §531.59.

**AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL FLSA PLAINTIFFS**
*(For Violations of the Fair Labor Standards Act, 29 U.S.C. §206)*

153. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

154. At all relevant times, Defendants are or were "employers" within the meaning of the FLSA.

155. At all relevant times, Plaintiff and FLSA Plaintiffs are or were "employees" within the meaning of the FLSA.

156. At all relevant times, Plaintiff and FLSA Plaintiffs are or were "employed" by Defendants within the meaning of the FLSA.

157.    At all relevant times, Defendants are or were an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA during each workweek of Plaintiff's and FLSA Plaintiffs' employment.

158.    At all relevant times, Plaintiff and FLSA Plaintiffs are not or were not exempt from the provisions of the FLSA.

159.    Defendants failed to compensate Plaintiff and FLSA Plaintiffs the minimum hourly required rate of pay per hour worked of $7.25 per hour.

160.    These practices were willful and lasted for the duration of all relevant time periods.

161.    These practices are in violation of FLSA 29 U.S.C. §206.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL CLASS ACTION PLAINTIFFS
### *(For Violation of Labor Law §652)*

162.    Plaintiff and Class Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

163.    At all relevant times, all Defendants are or were "employers" within the meaning of the Labor Law.

164.    At all relevant times, Plaintiff and Class Action Plaintiffs are or were "employees" within the meaning of the Labor Law.

165.    At all relevant times, Plaintiff and Class Action Plaintiffs are not or were not exempt from the provisions of the Labor Law.

166.    Defendants failed to compensate Plaintiff and Class Action Plaintiffs the minimum hourly required rate of pay per hour worked of $7.25 per hour.

167.     These practices were willful and lasted for the duration of all relevant time periods.

168.     These practices are in violation of Labor Law §652.

**AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL CLASS ACTION PLAINTIFFS**
*(For Violation of Labor Law §195)*

169.     Plaintiff and Class Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

170.     At all relevant times, all Defendants are or were "employers" within the meaning of the Labor Law.

171.     At all relevant times, Plaintiff and Class Action Plaintiffs are or were "employees" within the meaning of the Labor Law.

172.     At all relevant times, Plaintiff and Class Action Plaintiffs are not or were not exempt from the provisions of the Labor Law.

173.     Defendants took credit for an inaccurate amount of employee tips and issued pay stubs/wage statements reflecting these inaccurate tips.

174.     Defendants failed to provide Plaintiff and Class Action Plaintiffs with proper pay stubs/wage statements.

175.     These practices were willful and lasted for the duration of the relevant time periods.

176.     These practices are in violation of Labor Law §195.

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL CLASS ACTION PLAINTIFFS
### *(For Conversion)*

177.    Plaintiff and Class Action Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

178.    Defendants' illegal tip sharing scheme required servers to pay 3% of their gross sales of food and drink each day to the Management Defendants.

179.    The servers often paid this fee with money that they earned, either through their tips or out of their pockets.

180.    The Management Defendants then exercised unauthorized control over those funds by distributing them to hosts, hostesses and bartenders in proportions only known to the managers and dictated by their discretion and relationship with the employees.

181.    This illegal distribution of the servers' funds interfered with the servers' superior possessory rights to those funds.

182.    In addition, under this illegal scheme, hosts, hostesses and bartenders earned and were entitled to a share of the contributions submitted by the servers.

183.    However, the Management Defendants exercised unauthorized control over those contributions by distributing them to other hosts, hostesses and bartenders in proportions only known to the managers and dictated by their discretion and relationship with the employees.

184.    This illegal distribution of funds earned by the hosts, hostesses and bartenders interfered with their superior possessory rights to those funds.

185.    Pursuant to these illegal practices, Defendants converted Plaintiff's and Class Action Plaintiffs' property.

## DEMAND FOR A JURY TRIAL

186.     Plaintiff, FLSA Plaintiffs and Class Action Plaintiffs demand a trial by jury on all issues and claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Class Action Plaintiffs respectfully request:

1.     A jury trial on these issues to determine liability and damages;

2.     Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

3.     A judgment declaring that the practices complained of herein are unlawful and in violation of  Labor Law §§196-d, 652 and 195; FLSA 29 U.S.C. §§203 and 206; 12 NYCRR §146-2.15; 29 CFR §531.59 and New York law governing conversion;

4.     A judgment pursuant to 28 U.S.C. §2201 declaring that Plaintiff, FLSA Plaintiffs and Class Action Plaintiffs are not exempt from the provisions of Labor Law §§196-d, 652 and 195; FLSA 29 U.S.C. §§203 and 206; 12 NYCRR §146-2.15; and 29 CFR §531.59.

5.     An award to Plaintiff, FLSA Plaintiffs and Class Action Plaintiffs for all damages which Plaintiff, FLSA Plaintiffs and Class Action Plaintiffs have sustained as a result of Defendants' conduct, including back pay, front pay, general and special damages for lost compensation and job benefits they would have received but for Defendants' improper practices;

6.      An award to Plaintiff, FLSA Plaintiffs and Class Action Plaintiffs of compensatory damages, including but not limited to damages for emotional pain and suffering where appropriate;

7.      An award to Plaintiff, FLSA Plaintiffs and Class Action Plaintiffs for the amount of unpaid wages, including interest thereon, and penalties;

8.      An award to Plaintiff, FLSA Plaintiffs and Class Action Plaintiffs of all applicable statutory damages that they are entitled to;

9.      An award to Plaintiff, FLSA Plaintiffs and Class Action Plaintiffs of exemplary and punitive damages in an amount commensurate with Defendants' ability and so as to deter future malicious, reckless, and/or intentional conduct where appropriate;

10.     An award to Plaintiff, FLSA Plaintiffs and Class Action Plaintiffs for costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, and expert witness fees;

11.     An award to Plaintiff, FLSA Plaintiffs and Class Action Plaintiffs of pre-judgment and post-judgment interest, as provided by law; and

12.     Any other and further relief as this Court finds necessary and proper.

Dated: September 20, 2013
      New York, New York

                             Respectfully submitted,

                             **THE LAW OFFICE OF**
                             **BORRELLI & ASSOCIATES, PLLC**

                              */s/ Daniela Nanau*
                             DANIELA E. NANAU
                             MICHAEL J. BORRELLI
                             1010 Northern Boulevard, Suite 328
                             Great Neck, New York 11021
                             Telephone: (516) 248-5550
                             Facsimile: (516) 248-6027
                             E-Mail: den@employmentlawyernewyork.com
                             E-Mail: mjb@employmentlawyernewyork.com

                             *Attorneys for Plaintiffs*

## CERTIFICATION OF SERVICE

I, the undersigned, hereby certify that I served a copy of the foregoing by ECF on counsel for Defendants APPLE METRO, INC.; AM NYCF, LLC; 42ND APPLE LLC; 117TH APPLE, LLC; AIRMONT APPLE, LLC; ASTORIA APPLE, LLC; AT APPLE, LLC; BAY PLAZA APPLE, LLC; BAY TERRACE APPLE, LLC; BED-STUY APPLE, LLC; BROADWAY APPLE, LLC; BTM APPLE, LLC; CORTLANDT APPLE, LLC; CROSS COUNTRY APPLE, LLC; CROSSROADS APPLE, LLC; EB APPLE, LLC; EXPRESSWAY APPLE, LLC; FLATBUSH APPLE, LLC; FORDHAM APPLE, LLC; FRESH MEADOWS APPLE, LLC; HARLEM APPLE, LLC; HAWTHORNE APPLE, LLC; JAMAICA APPLE, LLC; KISCO APPLE, LLC; MAMARONECK APPLE, LLC; NEW DORP APPLE, L.L.C.; NEW ROCHELLE APPLE, LLC; OUTERBRIDGE APPLE, LLC; PORT CHESTER APPLE, LLC; QUEENS CENTER APPLE, LLC; REGO PARK APPLE, LLC; RIVERDALE APPLE, LLC; S.I. MALL APPLE, LLC; SHEEPSHEAD APPLE, LCC; SVC APPLE, LLC; TRIANGLE APPLE, LLC; WHITE PLAINS APPLE, LLC; ZANE TANKEL, an individual; ROY RAEBURN, an individual; AUBREY DALY, an individual; ROLAND RAYMOND, an individual; DERRICK PALMER, an individual; SUSY QUINTERO, an individual; and CHRIS ANTOINE, listed below:

Craig Benson

George Pauta

Robert Cirino

LITTLER MENDELSON P.C.

900 Third Avenue

New York, NY 10022

E-Mail: CBenson@littler.com

E-Mail: gpauta@littler.com

E-Mail: RCirino@littler.com

Telephone: (212) 583-9600

Facsimile: (212) 832-2719

Attorneys for Defendants

Dated: September 20, 2013

THE LAW OFFICE OF
BORRELLI & ASSOCIATES PLLC


_____/s/ Daniela Nanau_____
DANIELA NANAU


1010 Northern Boulevard, Suite 328
Great Neck, New York 11021
Telephone: (516) 248-5550
Facsimile: (516) 248-6027
E-Mail: den@employmentlawyernewyork.com
ATTORNEYS FOR PLAINTIFFS