UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHAUNTA DOVE, on behalf of herself and all others similarly situated,

Plaintiffs,

-against-

APPLE-METRO, INC., AM NYCF, LLC, 42ND APPLE, LLC, 117TH APPLE, LLC, AIRMONT APPLE, LLC, ASTORIA APPLE, LLC, AT APPLE, LLC, BAY PLAZA APPLE, LLC, BAY TERRACE APPLE, LLC, BED-STUY APPLE, LLC, BROADWAY APPLE, LLC, BTM APPLE, LLC, CORTLANDT APPLE, LLC, CROSS COUNTRY APPLE, LLC, CROSSROADS APPLE, LLC, EB APPLE, LLC, EXPRESSWAY APPLE, LLC, FLATBUSH APPLE, LLC, FORDHAM APPLE, LLC, FRESH MEADOWS APPLE, LLC, HARLEM APPLE, LLC, HAWTHORNE APPLE, LLC, JAMAICA APPLE, LLC, KISCO APPLE, LLC, MAMARONECK APPLE, LLC, NEW DORP APPLE, L.L.C., NEW ROCHELLE APPLE, LLC, OUTERBRIDGE APPLE, LLC, PORT CHESTER APPLE, LLC, QUEENS CENTER APPLE, LLC, REGO PARK APPLE, LLC, RIVERDALE APPLE, LLC, S.I. MALL APPLE, LLC, SHEEPSHEAD APPLE, LLC, SVC APPLE, LLC, TRIANGLE APPLE, LLC, WHITE PLAINS APPLE, LLC, ZANE TANKEL, an individual, ROY RAEBURN, an individual, KIRK SAMLAL, an individual, AUBREY DALEY, an individual, ROLAND RAYMOND, an individual, DERRICK PALMER, an individual, SUSY QUINTERO, an individual and CHRIS ANTOINE, an individual,[1]

Defendants.

Index No. 13-CV-01417 (JBW)(RER)

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendants APPLE-METRO, INC., AM NYCF, LLC, 42ND APPLE, LLC, 117TH

APPLE, LLC, AIRMONT APPLE, LLC, ASTORIA APPLE, LLC, AT APPLE, LLC, BAY

---

[1] Plaintiffs have incorrectly spelled the names of defendants Aubery Daley, Derek Palmer and Christopher Antoine in the First Amended Complaint dated September 20, 2013.

PLAZA APPLE, LLC, BAY TERRACE APPLE, LLC, BED-STUY APPLE, LLC, BROADWAY APPLE, LLC, BTM APPLE, LLC, CORTLANDT APPLE, LLC, CROSS COUNTY APPLE, LLC, CROSSROADS APPLE, LLC, EB APPLE, LLC, EXPRESSWAY APPLE, LLC, FLATBUSH APPLE, LLC, FORDHAM APPLE, LLC, FRESH MEADOWS APPLE, LLC, HARLEM APPLE, LLC, HAWTHORNE APPLE, LLC, JAMAICA APPLE, LLC, KISCO APPLE, LLC, MAMARONECK APPLE, LLC, NEW DORP APPLE, L.L.C., NEW ROCHELLE APPLE, LLC, OUTERBRIDGE APPLE, LLC, PORT CHESTER APPLE, LLC, QUEENS CENTER APPLE, LLC, REGO PARK APPLE, LLC, RIVERDALE APPLE, LLC, S.I. MALL APPLE, L.L.C., SHEEPSHEAD APPLE, LLC, SVC APPLE, LLC, TRIANGLE APPLE, LLC, WHITE PLAINS APPLE, LLC, ZANE TANKEL, ROY RAEBURN, AUBERY DALEY, ROLAND RAYMOND, DEREK PALMER, SUSY QUINTERO, and CHRIS ANTOINE, (collectively, hereinafter referred to as "Defendants"), by and through their attorneys, Littler Mendelson, P.C., as and for their Answer to the First Amended Complaint filed by SHAUNTA DOVE ("Plaintiff"), on behalf of herself and all others similarly situated, hereby respond as follows:

## INTRODUCTION

1.      Deny the allegations set forth in paragraph "1" of the First Amended Complaint, except admit that Plaintiffs purport that this action stems from Defendants' operation of Applebee's Neighborhood Grill & Bar in New York City, Rockland and Westchester Counties (hereinafter referred to as the "Restaurants").

2.      Deny the allegations set forth in paragraph "2" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

3.      Deny the allegations set forth in paragraph "3" of the First Amended Complaint.

4.     Deny the allegations set forth in paragraph "4" of the First Amended Complaint.

5.     Deny the allegations set forth in paragraph "5" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

6.     Deny the allegations set forth in paragraph "6" of the First Amended Complaint.

7.     Deny the allegations set forth in paragraph "7" of the First Amended Complaint.

8.     Deny the allegations set forth in paragraph "8" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

9.     Deny the allegations set forth in paragraph "9" of the First Amended Complaint, except admit that Plaintiff is a former server and host at the Jamaica Applebee's and purports to bring this action on her own behalf and on behalf of those similarly situated to her for the legal and equitable relief set forth in the First Amended Complaint.

## JURISDICTION AND VENUE

10.     The allegations set forth in paragraph "10" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them, except admit that this Court has subject matter jurisdiction.

11.     The allegations set forth in paragraph "11" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

12.     The allegations set forth in paragraph "12" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them, except admit that venue is proper in the Eastern District of New York.

## PARTIES

13.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the First Amended Complaint.

14.      Deny the allegations set forth in paragraph "14" of the First Amended Complaint, except admit that Plaintiff was employed at the Jamaica Applebee's restaurant.

15.      Deny the allegations set forth in paragraph "15" of the First Amended Complaint, except admit that Defendant Apple-Metro, Inc. ("Apple-Metro") is a corporation organized under the laws of the State of New York, with its principal place of business in Harrison, New York, is a franchisee of Applebee's with exclusive franchise rights in Manhattan, the Bronx, Brooklyn, Queens, Staten Island, Westchester County and Rockland County.

16.      Deny the allegations set forth in paragraph "16" of the First Amended Complaint, except admit that Defendant 117th Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant 117th Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

17.      Deny the allegations set forth in paragraph "17" of the First Amended Complaint, except admit that Defendant 42nd Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant 42nd Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

18.     Deny the allegations set forth in the second paragraph numbered "16" of the First Amended Complaint, except admit that Defendant Airmont Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Airmont Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

19.     Deny the allegations set forth in the second paragraph numbered "17" of the First Amended Complaint, except admit that Defendant Astoria Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Astoria Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

20.     Deny the allegations set forth in paragraph "18" of the First Amended Complaint, except admit that Defendant AT Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant AT Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

21.     Deny the allegations set forth in paragraph "19" of the First Amended Complaint, except admit that Defendant Bay Plaza Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Bay Plaza Apple, LLC is a covered employer within the meaning of the

FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

22.    Deny the allegations set forth in paragraph "20" of the First Amended Complaint, except admit that Defendant Bay Terrace Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Bay Terrace Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

23.    Deny the allegations set forth in paragraph "21" of the First Amended Complaint, except admit that Defendant Bed-Stuy Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Bed-Stuy Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

24.    Deny the allegations set forth in paragraph "22" of the First Amended Complaint, except admit that Defendant Broadway Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Broadway Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

25.    Deny the allegations set forth in paragraph "23" of the First Amended Complaint, except admit that Defendant BTM Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning

whether Defendant BTM Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

26.     Deny the allegations set forth in paragraph "24" of the First Amended Complaint, except admit that Defendant Cortlandt Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Cortlandt Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

27.     Deny the allegations set forth in paragraph "25" of the First Amended Complaint, except admit that Defendant Cross County Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Cross County Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

28.     Deny the allegations set forth in paragraph "26" of the First Amended Complaint, except admit that Defendant Crossroads Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Crossroads Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

29.     Deny the allegations set forth in paragraph "27" of the First Amended Complaint, except admit that Defendant EB Apple, LLC is a limited liability corporation organized and

existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant EB Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

30.     Deny the allegations set forth in paragraph "28" of the First Amended Complaint, except admit that Defendant Expressway Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Expressway Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

31.     Deny the allegations set forth in paragraph "29" of the First Amended Complaint, except admit that Defendant Flatbush Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Flatbush Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

32.     Deny the allegations set forth in paragraph "30" of the First Amended Complaint, except admit that Defendant Fordham Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Fordham Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

33.     Deny the allegations set forth in paragraph "31" of the First Amended Complaint, except admit that Defendant Fresh Meadows Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Fresh Meadows Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

34.     Deny the allegations set forth in paragraph "32" of the First Amended Complaint, except admit that Defendant Harlem Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Harlem Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

35.     Deny the allegations set forth in paragraph "33" of the First Amended Complaint, except admit that Defendant Hawthorne Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Hawthorne Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

36.     Deny the allegations set forth in paragraph "34" of the First Amended Complaint, except admit that Defendant Jamaica Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Jamaica Apple, LLC is a covered employer within the meaning of the FLSA

and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

37.     Deny the allegations set forth in paragraph "35" of the First Amended Complaint, except admit that Defendant AM NYCF, LLC is a corporation organized under the laws of the State of New York, with its principal place of business in Harrison, New York and is the sole member of the Jamaica Applebee's.

38.     Deny the allegations set forth in paragraph "36" of the First Amended Complaint, except admit that Defendant Kisco Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Kisco Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

39.     Deny the allegations set forth in paragraph "37" of the First Amended Complaint, except admit that Defendant Mamaroneck Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Mamaroneck Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

40.     Deny the allegations set forth in paragraph "38" of the First Amended Complaint, except admit that Defendant New Dorp Apple, L.L.C. is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant New Dorp Apple, L.L.C. is a covered employer within the meaning of the

FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

41.    Deny the allegations set forth in paragraph "39" of the First Amended Complaint, except admit that Defendant New Rochelle Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant New Rochelle Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

42.    Deny the allegations set forth in paragraph "40" of the First Amended Complaint, except admit that Defendant Outerbridge Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Outerbridge Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

43.    Deny the allegations set forth in paragraph "41" of the First Amended Complaint, except admit that Defendant Port Chester Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Port Chester Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

44.    Deny the allegations set forth in paragraph "42" of the First Amended Complaint, except admit that Defendant Queens Center Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations

concerning whether Defendant Queens Center Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

45.     Deny the allegations set forth in paragraph "43" of the First Amended Complaint, except admit that Defendant Rego Park Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Rego Park Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

46.     Deny the allegations set forth in paragraph "44" of the First Amended Complaint, except admit that Defendant Riverdale Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Riverdale Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

47.     Deny the allegations set forth in paragraph "45" of the First Amended Complaint, except admit that Defendant S.I. Mall Apple, L.L.C. is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant S.I. Mall Apple, L.L.C. is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

48.     Deny the allegations set forth in paragraph "46" of the First Amended Complaint, except admit that Defendant Sheepshead Apple, LLC is a limited liability corporation organized

and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Sheepshead Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

49.     Deny the allegations set forth in paragraph "47" of the First Amended Complaint, except admit that Defendant SVC Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant SVC Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

50.     Deny the allegations set forth in paragraph "48" of the First Amended Complaint, except admit that Defendant Triangle Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant Triangle Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

51.     Deny the allegations set forth in paragraph "49" of the First Amended Complaint, except admit that Defendant White Plains Apple, LLC is a limited liability corporation organized and existing under the laws of the State of New York, and aver that the allegations concerning whether Defendant White Plains Apple, LLC is a covered employer within the meaning of the FLSA and NYLL constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

52.     Deny the allegations set forth in paragraph "50" of the First Amended Complaint.

53.     Deny the allegations set forth in paragraph "51" of the First Amended Complaint.

54.     Deny the allegations set forth in paragraph "52" of the First Amended Complaint, except admit that Defendant Kirk Samlal was a manager of the Applebee's restaurant where Plaintiff was employed.

55.     Deny the allegations set forth in paragraph "53" of the First Amended Complaint, except admit that Defendant Aubery Daley was a manager of the Applebee's restaurant where Plaintiff was employed.

56.     Deny the allegations set forth in paragraph "54" of the First Amended Complaint, except admit that Defendant Roland Raymond was a manager of the Applebee's restaurant where Plaintiff was employed.

57.     Deny the allegations set forth in paragraph "55" of the First Amended Complaint, except admit that Defendant Derek Palmer was a manager of the Applebee's restaurant where Plaintiff was employed.

58.     Deny the allegations set forth in paragraph "56" of the First Amended Complaint, except admit that Defendant Susy Quintero was a manager of the Applebee's restaurant where Plaintiff was employed.

59.     Deny the allegations set forth in paragraph "57" of the First Amended Complaint, except admit that Defendant Chris Antoine was a manager of the Applebee's restaurant where Plaintiff was employed.

60.     Deny the allegations set forth in paragraph "58" of the First Amended Complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "59" of the First Amended Complaint.

62.     Deny the allegations set forth in paragraph "60" of the First Amended Complaint.

## COLLECTIVE ACTION ALLEGATIONS

63.     In response to the allegations set forth in paragraph "61" of the First Amended Complaint, Defendants deny the allegations, except admit that Plaintiff purports to bring this action pursuant to 29 U.S.C. § 216(b) on her own behalf as well as on behalf of "[c]urrent and former servers, hosts, hostesses and bartenders of Defendants who perform or performed work in any of Defendants' locations as non-managerial employees during the statutory period, who give consent to file a cause of action to recover amounts owed to them and that they were deprived of by Defendants' tip sharing scheme, including the minimum hourly required rate of pay per hour worked ('FLSA Plaintiffs')."

64.     Deny the allegations set forth in paragraph "62" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

65.     Deny the allegations set forth in paragraph "63" of the First Amended Complaint.

66.     Deny the allegations set forth in paragraph "64" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

## RULE 23 CLASS ALLEGATIONS

67.     In response to the allegations set forth in paragraph "65" of the First Amended Complaint, Defendants deny the allegations, except admit that Plaintiff purports to pursue this action as a class action, pursuant to Fed. R. Civ. P. 23(b)(3), on her own behalf as well as those who are similarly situated, who were allegedly subjected to violations of the New York Labor Law and the NYCRR, during the applicable statutes of limitations period.

68.     The allegations set forth in paragraph "66" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

69.     Neither admit nor deny the allegations set forth in paragraph "67" of the First Amended Complaint inasmuch as said paragraph does not contain any allegations which require Defendants to respond, except admit that Plaintiff seeks to define a class as "[c]urrent and former servers, hosts, hostesses and bartenders of Defendants who perform or performed work as non-managerial employees during the statutory period within the State of New York, who (1) were deprived of sums owed to them by Defendants' illegal tip sharing scheme; (2) were not paid the minimum hourly required rate of pay per hour worked; and/or (3) were issued inaccurate pay stubs/wage statements pursuant to which Defendants took credit for inaccurate employee tips ('Class Action Plaintiffs')."

### Numerosity

70.     Deny the allegations set forth in paragraph "68" of the First Amended Complaint.

### Common Questions of Law and/or Fact

71.     Deny the allegations set forth in paragraph "69" of the First Amended Complaint.

### Typicality of Claims and/or Defenses

72.     Deny the allegations set forth in paragraph "70" of the First Amended Complaint, except admit that Plaintiff worked at the Jamaica Applebee's restaurant.

73.     Deny the allegations set forth in paragraph "71" of the First Amended Complaint.

### Adequacy

74.     Admit the allegations set forth in paragraph "72" of the First Amended Complaint.

75.     Deny the allegations set forth in paragraph "73" of the First Amended Complaint, except Defendants deny knowledge of information sufficient to form a belief as to whether Plaintiff has kept substantial records from her employment.

76.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "74" of the First Amended Complaint.

77.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "75" of the First Amended Complaint.

Superiority

78.     Deny the allegations set forth in paragraph "76" of the First Amended Complaint.

79.     Deny the allegations set forth in paragraph "77" of the First Amended Complaint.

80.     Deny the allegations set forth in paragraph "78" of the First Amended Complaint, except admit that Plaintiff is not currently employed by Defendants and deny knowledge or information sufficient to form a belief as to Plaintiff's mental state.

81.     Deny the allegations set forth in paragraph "79" of the First Amended Complaint.

**FACTS**

82.     Deny the allegations set forth in paragraph "80" of the First Amended Complaint, except admit that Plaintiff was hired in or about June 2011 and worked at the Jamaica Applebee's restaurant.

83.     Admit the allegations set forth in paragraph "81" of the First Amended Complaint.

84.     Deny the allegations set forth in paragraph "82" of the First Amended Complaint.

85.     Deny the allegations set forth in paragraph "83" of the First Amended Complaint.

86.     Deny the allegations set forth in paragraph "84" of the First Amended Complaint.

87.     Deny the allegations set forth in paragraph "85" of the First Amended Complaint.

88.     Deny the allegations set forth in paragraph "86" of the First Amended Complaint.

## Defendants' Illegal Tip Sharing Scheme

89.   Deny the allegations set forth in paragraph "87" of the First Amended Complaint, except admit that servers received tips in addition to their hourly wage.

90.   Deny the allegations set forth in paragraph "88" of the First Amended Complaint, except admit that hosts and hostesses received tips in addition to their hourly wage.

91.   Deny the allegations set forth in paragraph "89" of the First Amended Complaint.

92.   Deny the allegations set forth in paragraph "90" of the First Amended Complaint.

93.   Deny the allegations set forth in paragraph "91" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

## The Scheme's Illegal Application To Servers

94.   Deny the allegations set forth in paragraph "92" of the First Amended Complaint.

95.   Deny the allegations set forth in paragraph "93" of the First Amended Complaint.

96.   Deny the allegations set forth in paragraph "94" of the First Amended Complaint.

97.   Deny the allegations set forth in paragraph "95" of the First Amended Complaint.

98.   Deny the allegations set forth in paragraph "96" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

## The Scheme's Illegal Application To Hosts, Hostesses and Bartenders

99.   Deny the allegations set forth in paragraph "97" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

100.   Deny the allegations set forth in paragraph "98" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

101.   Deny the allegations set forth in paragraph "99" of the First Amended Complaint.

102. Deny the allegations set forth in paragraph "100" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

103. Deny the allegations set forth in paragraph "101" of the First Amended Complaint.

104. Deny the allegations set forth in paragraph "102" of the First Amended Complaint.

105. Deny the allegations set forth in paragraph "103" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

106. Deny the allegations set forth in paragraph "104" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

107. Deny the allegations set forth in paragraph "105" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

108. Deny the allegations set forth in paragraph "106" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

109. Deny the allegations set forth in paragraph "107" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

110. Deny the allegations set forth in paragraph "108" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

111. Deny the allegations set forth in paragraph "109" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

112. Deny the allegations set forth in paragraph "110" of the First Amended Complaint.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS
## ON BEHALF OF PLAINTIFF AND ALL CLASS ACTION PLAINTIFFS
*(For Violations of Labor Law §196-d.)*

113.    In response to the allegations set forth in paragraph "111" of the First Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "110" of the First Amended Complaint as if each were fully set forth herein.

114.    The allegations set forth in paragraph "112" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

115.    The allegations set forth in paragraph "113" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

116.    The allegations set forth in paragraph "114" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

117.    The allegations set forth in paragraph "115" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

118.    Deny the allegations set forth in paragraph "116" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

119.    Deny the allegations set forth in paragraph "117" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

120.    Deny the allegations set forth in paragraph "118" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

121.    Deny the allegations set forth in paragraph "119" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

122.    The allegations set forth in paragraph "120" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them and further deny any assumptions underlying said allegations.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL CLASS ACTION PLAINTIFFS
*(For Violations of 12 NYCRR §146-2.15.)*

123.    In response to the allegations set forth in paragraph "121" of the First Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "120" of the First Amended Complaint as if each were fully set forth herein.

124.    The allegations set forth in paragraph "122" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

125.    The allegations set forth in paragraph "123" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

126.    The allegations set forth in paragraph "124" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

127.    The allegations set forth in paragraph "125" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

128.     Deny the allegations set forth in paragraph "126" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

129.     Deny the allegations set forth in paragraph "127" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

130.     Deny the allegations set forth in paragraph "128" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

131.     Deny the allegations set forth in paragraph "129" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

132.     The allegations set forth in paragraph "130" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them and further deny any assumptions underlying said allegations.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL FLSA PLAINTIFFS
*(For Violations of the Fair Labor Standards Act, 29 U.S.C. §203)*

133.     In response to the allegations set forth in paragraph "131" of the First Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "130" of the First Amended Complaint as if each were fully set forth herein.

134.     The allegations set forth in paragraph "132" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

135.     The allegations set forth in paragraph "133" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

136.     The allegations set forth in paragraph "134" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

137.     The allegations set forth in paragraph "135" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

138.     The allegations set forth in paragraph "136" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

139.     Deny the allegations set forth in paragraph "137" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

140.     Deny the allegations set forth in paragraph "138" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

141.     Deny the allegations set forth in paragraph "139" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

142.     Deny the allegations set forth in paragraph "140" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

143.     The allegations set forth in paragraph "141" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them and further deny any assumptions underlying said allegations.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
## ON BEHALF OF PLAINTIFF AND ALL FLSA PLAINTIFFS
*(For Violation of 29 CFR §531.59)*

144.    In response to the allegations set forth in paragraph "142" of the First Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "141" of the First Amended Complaint as if each were fully set forth herein.

145.    The allegations set forth in paragraph "143" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

146.    The allegations set forth in paragraph "144" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

147.    The allegations set forth in paragraph "145" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

148.    The allegations set forth in paragraph "146" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

149.    The allegations set forth in paragraph "147" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

150.    Deny the allegations set forth in paragraph "148" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

151. Deny the allegations set forth in paragraph "149" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

152. Deny the allegations set forth in paragraph "150" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

153. Deny the allegations set forth in paragraph "151" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

154. The allegations set forth in paragraph "152" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them and further deny any assumptions underlying said allegations.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL FLSA PLAINTIFFS
### *(For Violations of the Fair Labor Standards Act, 29 U.S.C. §206)*

155. In response to the allegations set forth in paragraph "153" of the First Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "152" of the First Amended Complaint as if each were fully set forth herein.

156. The allegations set forth in paragraph "154" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

157. The allegations set forth in paragraph "155" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

158. The allegations set forth in paragraph "156" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

159.     The allegations set forth in paragraph "157" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

160.     The allegations set forth in paragraph "158" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

161.     Deny the allegations set forth in paragraph "159" of the First Amended Complaint, and further deny any assumptions underlying said allegations

162.     Deny the allegations set forth in paragraph "160" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

163.     The allegations set forth in paragraph "161" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them and further deny any assumptions underlying said allegations.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL CLASS ACTION PLAINTIFFS
### (For Violation of Labor Law §652)

164.     In response to the allegations set forth in paragraph "162" of the First Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "161" of the First Amended Complaint as if each were fully set forth herein.

165.     The allegations set forth in paragraph "163" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

166. The allegations set forth in paragraph "164" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

167. The allegations set forth in paragraph "165" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

168. Deny the allegations set forth in paragraph "166" of the First Amended Complaint, and further deny any assumptions underlying said allegations

169. Deny the allegations set forth in paragraph "167" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

170. The allegations set forth in paragraph "168" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them and further deny any assumptions underlying said allegations.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL CLASS ACTION PLAINTIFFS
(For Violation of Labor Law §195)

171. In response to the allegations set forth in paragraph "169" of the First Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "168" of the First Amended Complaint as if each were fully set forth herein.

172. The allegations set forth in paragraph "170" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

173. The allegations set forth in paragraph "171" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

174. The allegations set forth in paragraph "172" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them.

175. Deny the allegations set forth in paragraph "173" of the First Amended Complaint, and further deny any assumptions underlying said allegations

176. Deny the allegations set forth in paragraph "174" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

177. Deny the allegations set forth in paragraph "175" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

178. The allegations set forth in paragraph "176" of the First Amended Complaint constitute legal conclusions which require neither an admission nor a denial, but if a response is required, Defendants deny them and further deny any assumptions underlying said allegations.

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS ON BEHALF OF PLAINTIFF AND ALL CLASS ACTION PLAINTIFFS
(For Conversion)

179. In response to the allegations set forth in paragraph "177" of the First Amended Complaint, Defendants repeat and reallege their responses to paragraphs "1" through "176" of the First Amended Complaint as if each were fully set forth herein.

180. Deny the allegations set forth in paragraph "178" of the First Amended Complaint.

181. Deny the allegations set forth in paragraph "179" of the First Amended Complaint.

182. Deny the allegations set forth in paragraph "180" of the First Amended Complaint.

183. Deny the allegations set forth in paragraph "181" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

184. Deny the allegations set forth in paragraph "182" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

185. Deny the allegations set forth in paragraph "183" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

186. Deny the allegations set forth in paragraph "184" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

187. Deny the allegations set forth in paragraph "185" of the First Amended Complaint, and further deny any assumptions underlying said allegations.

## DEMAND FOR A JURY TRIAL

188. Neither admit nor deny the allegations set forth in paragraph "186" of the First Amended Complaint inasmuch as said paragraph does not contain any allegations that require Defendants to respond, and affirmatively assert that Plaintiff, and the purported FLSA Plaintiffs and Class Action Plaintiffs are not entitled to the trial by jury on all issues and claims in this action.

## PRAYER FOR RELIEF

Deny that Plaintiff and the purported FLSA Plaintiffs and Class Action Plaintiffs are entitled to any of the relief described in the "WHEREFORE" clause of the First Amended Complaint, including sub-paragraphs 1 through 12 thereof.

Deny each and every allegation in the First Amended Complaint not expressly admitted to herein.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following defenses and affirmative defenses, as the latter are defined in Rule 8(c) of the Federal Rules of Civil Procedure, without assuming any burden of proof that otherwise does not exist as a matter of law. These defenses may also apply to the claims of some or all of the purported FLSA Plaintiffs and Class Action Plaintiffs.

## FIRST DEFENSE

1.    The First Amended Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

2.    Defendants Zane Tankel, Roy Raeburn, Kirk Samlal, Aubery Daley, Roland Raymond, Derek Palmer, Susy Quintero and Chris Antoine are not proper defendants in this action as they were not Plaintiffs' "employer" within the scope of the Fair Labor Standards Act or the New York State Labor Law.

## THIRD DEFENSE

3.    To the extent that the period of time alluded to in the First Amended Complaint, or the period of time alleged later in this action, predates the limitations period set forth in

Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), and/or any other applicable statutes of limitation, such claims are barred.

## FOURTH DEFENSE

4.     Plaintiff's Rule 23 class claims are incompatible with their Rule 216(b) collective action claims.  Accordingly, this Court should dismiss Plaintiff's Rule 23 class allegations with prejudice and allow Plaintiff to assert her state law wage and hour claims on an individual basis in this action.

## FIFTH DEFENSE

5.     Defendants, at all times, acted in good faith to comply with the FLSA and the New York State Labor Law, and with reasonable grounds to believe that their actions did not violate the statutes cited in the First Amended Complaint, and so, Defendants assert good faith as a defense to any claim by Plaintiff for liquidated damages.

## SIXTH DEFENSE

6.     Defendants, at all times, acted with a lack of willfulness or intent to violate the FLSA or any other statutes cited in the First Amended Complaint, and so, Plaintiff cannot establish a willful violation under Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a).

## SEVENTH DEFENSE

7.     Plaintiff's claims are barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith, in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor.

## EIGHTH DEFENSE

8.     Plaintiff's claims are barred, in whole or in part, by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith, and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA or the New York State Labor Law.

## NINTH DEFENSE

9.     Plaintiff's claims are barred to the extent Plaintiff failed, refused, and/or neglected to mitigate or avoid the damages complained of in the First Amended Complaint, if any.

## TENTH DEFENSE

10.     If Plaintiff succeeds in establishing any violation under the FLSA or the New York State Labor Law, and to the extent any sums are found due and owing to Plaintiff, Defendants are entitled to a set-off against said sum to the extent paid, tendered, waived, compromised, and/or released prior to the adjudication herein, including but not limited to those amounts paid, tendered, waived, compromised, and/or released through any other proceeding, either formal or informal, or to the extent any additional compensation was paid to Plaintiff over and above her wages.

## ELEVENTH DEFENSE

11.     Any claim for additional compensation by Plaintiff must be reduced by compensation already paid to Plaintiff for periods not compensable under the Fair Labor Standards Act and New York State Labor Law.

## TWELFTH DEFENSE

12.    Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupments, or offsets permissible under the Fair Labor Standards Act or New York Labor Law.

## THIRTEENTH DEFENSE

13.    Plaintiff is not entitled to any equitable relief because she has an adequate remedy at law.

## FOURTEENTH DEFENSE

14.    Plaintiff, as a former employee, lacks standing to represent the putative class of current employees of Defendants because she cannot seek injunctive relief.  For these reasons, Plaintiff is also an inadequate class representative.

## FIFTEENTH DEFENSE

15.    Plaintiff is not entitled to damages for emotional pain and suffering as those damages are not available under the Fair Labor Standards Act and New York State Labor Law.

## SIXTEENTH DEFENSE

16.    Plaintiff is not entitled to damages for emotional pain and suffering as those damages are not available under the Fair Labor Standards Act and New York State Labor Law.

## SEVENTEENTH DEFENSE

17.    Plaintiff's class allegations must be dismissed because an independent and individual analysis of each putative class member's claims and each of Defendants' defenses to such claims is required.

## EIGHTEENTH DEFENSE

18.     At all times, Defendants made complete and timely payments of all wages due to Plaintiff under Article 6 or Article 19 or Article 19-A of the New York Labor Law.

## NINETEENTH DEFENSE

19.     At all times, Defendants reasonably believed in good faith that they provided Plaintiff with adequate notice of wage information pursuant to New York Labor Law § 195(1).

## TWENTIETH DEFENSE

20.     Plaintiff is precluded from litigating the claims asserted in the First Amended Complaint in this Court because she is party to a "Mandatory Final and Binding Arbitration Agreement" dated June 20, 2011, which requires that she resolve "all disputes, controversies disagreements, controversies, or claims" in connection with her employment by mandatory final and binding arbitration. Plaintiff has not made a demand to arbitrate her claims prior to filing the instant lawsuit.

## TWENTY-FIRST DEFENSE

21.     Plaintiff is not entitled to a jury trial as she specifically waived such right in the "Mandatory Final and Binding Arbitration Agreement" dated June 20, 2011.

## TWENTY-SECOND DEFENSE

22.     The First Amended Complaint fails to state a claim upon which prejudgment interest may be granted

## TWENTY-THIRD DEFENSE

23.     In addition to the foregoing defenses, Defendants reserve the right to amend their Answer to the First Amended Complaint to raise any and all additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this

action or pursue any available counterclaims against Plaintiff or any putative class member who joins this action as those claims become known during this litigation.

WHEREFORE, Defendants request judgment against Plaintiff with respect to her claims asserted herein, dismissing the First Amended Complaint in this action, and entering judgment in favor of Defendants, together with costs and disbursements of the above-entitled action and any other relief this Court may deem just and proper.

Date:  October 3, 2013
       New York, New York

/s/ Craig R. Benson
Craig R. Benson
cbenson@littler.com
George B. Pauta
gpauta@littler.com
LITTLER MENDELSON
A Professional Corporation
900 Third Avenue
New York, NY 10022.3298
212.583.9600

Attorneys for the following defendants:
APPLE-METRO, INC., AM NYCF, LLC, 42ND APPLE, LLC, 117TH APPLE, LLC, AIRMONT APPLE, LLC, ASTORIA APPLE, LLC, AT APPLE, LLC, BAY PLAZA APPLE, LLC, BAY TERRACE APPLE, LLC, BED-STUY APPLE, LLC, BROADWAY APPLE, LLC, BTM APPLE, LLC, CORTLANDT APPLE, LLC, CROSS COUNTY APPLE, LLC, CROSSROADS APPLE, LLC, EB APPLE, LLC, EXPRESSWAY APPLE, LLC, FLATBUSH APPLE, LLC, FORDHAM APPLE, LLC, FRESH MEADOWS APPLE, LLC, HARLEM APPLE, LLC, HAWTHORNE APPLE, LLC, JAMAICA APPLE, LLC, KISCO APPLE, LLC, MAMARONECK APPLE, LLC, NEW DORP APPLE, L.L.C., NEW ROCHELLE APPLE, LLC, OUTERBRIDGE APPLE, LLC, PORT CHESTER APPLE, LLC, QUEENS CENTER APPLE, LLC, REGO PARK APPLE, LLC, RIVERDALE APPLE, LLC, S.I. MALL APPLE, LLC, SHEEPSHEAD APPLE, LLC, SVC APPLE, LLC, TRIANGLE APPLE, LLC, WHITE PLAINS APPLE, LLC, ZANE TANKEL, ROY RAEBURN, AUBERY DALEY, ROLAND RAYMOND, DEREK PALMER, SUSY QUINTERO, and CHRISTOPHER ANTOINE