# BORRELLI & ASSOCIATES, P.L.L.C.

1010 Northern Boulevard, Suite 328
Great Neck, NY 11021
Telephone (516) 248-5550
Fax (516) 248-6027

---

85 Fifth Avenue, Fifth Floor
New York, NY 10003
Telephone (212) 679-5000
Fax (212) 679-5005
www.employmentlawyernewyork.com

November 15, 2013

*Via Electronic Case Filing*
The Honorable Roman E. Reyes, Jr.
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Dove v. Apple-Metro, Inc.,*
              <u>Case No: 13-CV-01417(JBW)(RER)</u>

Dear Judge Reyes:

We represent Plaintiffs in the above-referenced matter. We write on behalf of all Parties, and pursuant to Your Honor's Individual Rules and Practices, to respectfully request that the enclosed Stipulated Confidentiality, Protective and FRE 502(D) and (E) Clawback Order be "So Ordered."

Thank you for Your Honor's consideration of this matter.

                                                    Respectfully submitted,

                                                    DANIELA NANAU

Attachment

CC: George Pauta, Esq. (Counsel for Defendants via ECF w/Attachment)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAUNTA DOVE, on behalf of herself and all others similarly situated,<br><br>                Plaintiffs,<br><br>      -against-<br><br>APPLE METRO, INC., AM NYCF, LLC, 42ND APPLE LLC, 117TH APPLE, LLC, AIRMONT APPLE, LLC, ASTORIA APPLE, LLC, AT APPLE, LLC, BAY PLAZA APPLE, LLC, BAY TERRACE APPLE, LLC, BED-STUY APPLE, LLC, BROADWAY APPLE, LLC, BTM APPLE, LLC, CORTLANDT APPLE, LLC, CROSS COUNTRY APPLE, LLC, CROSSROADS APPLE, LLC, EB APPLE, LLC, EXPRESSWAY APPLE, LLC, FLATBUSH APPLE, LLC, FORDHAM APPLE, LLC, FRESH MEADOWS APPLE, LLC, HARLEM APPLE, LLC, HAWTHORNE APPLE, LLC, JAMAICA APPLE, LLC, KISCO APPLE, LLC, MAMARONECK APPLE, LLC, NEW DORP APPLE, L.L.C., NEW ROCHELLE APPLE, LLC, OUTERBRIDGE APPLE, LLC, PORT CHESTER APPLE, LLC, QUEENS CENTER APPLE, LLC, REGO PARK APPLE, LLC, RIVERDALE APPLE, LLC, S.I. MALL APPLE, LLC, SHEEPSHEAD APPLE, LLC, SVC APPLE, LLC, TRIANGLE APPLE, LLC, WHITE PLAINS APPLE, LLC, ZANE TANKEL, an individual, ROY RAEBURN, an individual, KIRK SAMLAL, an individual, AUBREY DALY, an individual, ROLAND RAYMOND, an individual, DERRICK PALMER, an individual, SUSY QUINTERO, an individual, and CHRIS ANTOINE, an individual,<br><br>                Defendants. | Case No. 13-CV-01417 (JBW)(RER)<br><br>**STIPULATED CONFIDENTIALITY, PROTECTIVE AND FRE 502(D) AND (E) CLAWBACK ORDER** |

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

**WHEREAS** Plaintiff Shaunta Dove, on behalf of herself and all other employees similarly situated (collectively "Plaintiffs") and Defendants APPLE-METRO, INC.; AM NYCF,

LLC; 42ND APPLE LLC; 117TH APPLE, LLC; AIRMONT APPLE, LLC; ASTORIA APPLE, LLC; AT APPLE, LLC; BAY PLAZA APPLE, LLC; BAY TERRACE APPLE, LLC; BED-STUY APPLE, LLC; BROADWAY APPLE, LLC; BTM APPLE, LLC; CORTLANDT APPLE, LLC; CROSS COUNTY APPLE, LLC; CROSSROADS APPLE, LLC; EB APPLE, LLC; EXPRESSWAY APPLE, LLC; FLATBUSH APPLE, LLC; FORDHAM APPLE, LLC; FRESH MEADOWS APPLE, LLC; HARLEM APPLE, LLC; HAWTHORNE APPLE, LLC; JAMAICA APPLE, LLC; KISCO APPLE, LLC; MAMARONECK APPLE, LLC; NEW DORP APPLE, L.L.C.; NEW ROCHELLE APPLE, LLC; OUTERBRIDGE APPLE, LLC; PORT CHESTER APPLE, LLC; QUEENS CENTER APPLE, LLC; REGO PARK APPLE, LLC; RIVERDALE APPLE, LLC; S.I. MALL APPLE, L.L.C.; SHEEPSHEAD APPLE, LCC; SVC APPLE, LLC; TRIANGLE APPLE, LLC; WHITE PLAINS APPLE, LLC; Zane Tankel; Roy Raeburn; Aubery Daley; Roland Raymond; Derek Palmer; Susy Quintero; and Christopher Antoine (collectively "Defendants") have agreed that the proceedings in the above-captioned matter may involve the discovery and use of Confidential Information, and that entry of this Stipulated Confidentiality and Protective Order governing production and use of such documents and information is warranted; and

**ACCORDINGLY, IT IS HEREBY STIPULATED AND AGREED THAT:**

1. This Stipulation and Order shall govern the use and disclosure of all "Confidential Discovery Materials," as that term is defined below that are created or produced in connection with the above captioned action.

2. "Discovery Materials" shall include transcripts of depositions upon oral examination and exhibits thereto; transcripts of depositions upon written questions and exhibits thereto; answers to interrogatories; documents or things produced by any party to any other, whether or not pursuant to a formal request; reports of examining physicians; answers to requests

for admission; documents or things produced by any non-party to any party, whether or not pursuant to a subpoena; all information contained in any of the foregoing; and all copies, excerpts or summaries of the foregoing.

3. "Confidential Information" shall mean any trade secret, proprietary business information, or other confidential research, development, personal customer information, or commercial information that is maintained in confidence by any party, or otherwise entitled to protection as now or hereafter interpreted by the Courts, attorney work product, and any other confidential information entitled to similar protection under any other law or rule that hereafter becomes applicable to this action. "Confidential Information" also shall mean any information of a particularly sensitive nature, including, but not limited to, personnel records, pay and benefits information, and names and contact information of employees and former employees (including putative class members) that is maintained in confidence by any party. Personal identifying information or other data that is not relevant shall be redacted where possible, rather than marking an entire document "confidential."

4. "Confidential Discovery Material" shall mean any Discovery Materials that contain Confidential Information.

5. Any party may designate ("Designating Party") any Discovery Materials as Confidential Discovery Material in the following manner:

    (a) Answers to interrogatories; documents or things produced by any party to any other, whether or not pursuant to a formal request; reports of examining physicians; answers to requests for admission; documents or things produced by any non-party to any party, whether or not pursuant to a subpoena; or copies, excerpts or summaries of any of the foregoing, may be designated Confidential Discovery Material either by:

    (i)  marking, either before or as the document is produced, the word "Confidential" on each page of the document that contains Confidential Information; or

    (ii)  if a document is produced not marked "Confidential," but later determined to be, notifying the other party in writing of the document, such as by identifying the "Bates" number (if such numbers have been placed on that document) of each page of the document that contains Confidential Discovery Material.

  (b)  With respect to depositions or other pre-trial testimony: either by a statement on the record, by counsel, at the time of disclosure, or by notifying counsel for all other parties in writing (and either delivered by hand or transmitted by facsimile) within thirty (30) days after receipt by counsel for the deponent or witness of the transcript of such deposition or other pre-trial testimony. Counsel for the party-deponent shall affix the word "Confidential" to the first page and all subsequent pages of the original transcript that contain designated material, and to the first page and all subsequent corresponding pages of all copies of such transcript. Only those portions of each transcript designated as "Confidential" in this action shall be deemed Confidential Discovery Material. All transcripts of depositions or other pre-trial testimony shall be deemed to be Confidential Discovery Material until the end of the thirtieth (30) day after their receipt by counsel for the deponent or witness, or until the parties agree that the testimony is not confidential, whichever period is shorter.

  (c)  To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) is produced in such form, the producing party and

parties may designate such material as Confidential Discovery Material by affixing a label on the media or its casing indicating such designation or, where not practical, by cover letter referring generally to such matter.

(d) Any Discovery Materials already produced may be designated as Confidential Discovery Material by providing written notice of the same to all parties within thirty (30) days after the execution of this Stipulation. The failure to designate Discovery Materials as Confidential Discovery Material shall not be deemed a waiver of confidentiality so long as the Discovery Materials are so designated by no later than the date established by the Court for the cutoff of discovery.

6. Confidential Discovery Material and all copies thereof shall be used solely for the purpose of this litigation and not for any business, other litigation or other purpose.

7. Confidential Discovery Material and all copies thereof:

(a) Shall be disclosed only to:

(i) the Court;

(ii) attorneys of record in this action and employees of their respective law firms or legal departments, all of whom shall be bound by this Stipulation and Order;

(iii) parties to this action who are natural persons and persons employed by or otherwise affiliated with any of the other parties whose knowledge of the Confidential Discovery Material is necessary in order to enable the party by which the person is employed or with which the person is affiliated to prosecute or defend this action effectively, but only after an attorney of record has explained this Stipulation and Order to each such individual and the individual has executed the form annexed hereto as **Exhibit A**;

(iv) persons not employed by or otherwise affiliated with any of the parties who are retained by or on behalf of any of the attorneys of record in this action solely to assist them in the preparation of this case for trial (including, but not limited to, independent

        accountants, statisticians, economists, and other experts, none of whom shall be competitors or employees of competitors of defendant), but only after each such person has reviewed this Stipulation and Order with the assistance of an attorney of record who has explained this Stipulation and Order to each such individual and the individual has executed the form annexed hereto as **Exhibit A**; and

(v)    witnesses or any other person for case related purposes, but only after an attorney of record has explained this Stipulation and Order to each such individual and the individual has executed the form annexed hereto as **Exhibit A**.

(b)    Shall be copied only by attorneys of record, clerical personnel employed by such attorneys or independent copying services engaged by such attorneys subject to an agreement of confidentiality, provided that the attorney engaging any such copying service has no reason to believe that the service or any of its employees is likely to disclose or use any Confidential Discovery Material in a way that would violate this Stipulation and Order.

(c)    Notwithstanding the foregoing, it is understood that it may be necessary to make disclosures to parties or non-parties of the general content of materials deemed confidential in order to investigate claims or defenses. Moreover, it may be impractical to require all such individuals to execute nondisclosure documents. Accordingly, the parties agree to work together in good faith to devise appropriate methods by which such disclosures may be made during the course of this litigation and to stipulate to appropriate modifications and exceptions to this Stipulation and Order as occasions warrant. In the event the parties cannot come to terms regarding such disclosure, the party seeking disclosure may object to the designation pursuant to Paragraph 10.

8. This Stipulation and Order has no effect upon, and shall not apply to any producing party's use of its own Confidential Discovery Material for any purpose.

9. The designation of Discovery Materials as Confidential Discovery Material pursuant to Paragraph 5 of this Stipulation and Order shall not constitute a ruling that those materials actually contain Confidential Information.

10. If a party concludes that Discovery Materials or portions thereof designated Confidential Discovery Material by any other party do not actually include Confidential Information and therefore do not warrant the protection claimed for them under this Stipulation and Order, it may so notify all parties and any concerned non-party in writing and state the basis for its conclusion. Promptly after receipt of such notice, the attorneys for all concerned parties and non-parties shall confer in good faith in order to resolve the objection to the designation of confidentiality. If it is not possible to resolve the objection within five (5) days after service of the notice, then the party objecting to the designation may, pursuant to Rule 5.2 or Rule 37 of the Federal Rules of Civil Procedure, file a motion with the Court for a ruling that the document, testimony, information or material shall not be so treated as Confidential Discovery Material. Unless and until the Court enters an order to the contrary, the documents, testimony, information or material shall continue to be Confidential Discovery Material under this Stipulation and Order.

11. If a party wishes to file a document with the Court containing information that has been designated by the other party as Confidential Information, the concerned parties shall confer in good faith in order to determine whether the document may be filed in a manner that protects the Confidential Information, such as by redaction. If the parties cannot agree, such document shall be included in a separate appendix that shall contain all Confidential Information to be filed with the motion. The separate appendix shall be served on the Court with the motion

papers, but shall not be filed with the Court using the Court's ECF filing system until either the Designating Party waives any objection to the filing, or until such time as the Court has ruled on the Designating Party's immediate motion under Rule 5.2 of the Federal Rules of Civil Procedure to file such documents under seal. No party shall be required to make a special application to the Court before serving the Court with information deemed to be "Confidential" pursuant to this Stipulated Protective Order.

12. By stipulating to this Stipulation and Order, no party waives its right to object to any requested discovery or to request more stringent restrictions upon the use and disclosure of certain Discovery Materials than those provided in this Stipulation and Order on the grounds that those Discovery Materials contain especially sensitive Confidential Information.

13. The provisions of this Stipulation and Order shall not terminate at the conclusion of this action.

14. All Confidential Information shall be returned as follows:

   (a) Upon the earlier of (1) expiration of the applicable limitations period for legal malpractice claims, or (2) three and a half years from the date of full and final resolution of the litigation, and subject to sub-paragraphs (b) through (f) below, all Confidential Information, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, shall be returned to the producing party. In the alternative, counsel for each party shall certify to counsel for the opposing party, in writing, that any and all such Confidential Information, including any and all copies, summaries, and readable reports or output based on the Confidential Information, have been destroyed.

(b) At the conclusion of this litigation, and during the time period outlined in subpart (a), the Confidential Information shall be stored and only used or accessed by the receiving party in connection with the defense of a legal malpractice action, brought by a Plaintiff in this litigation, subject to the terms of this Order.  The receiving party shall notify the producing party in writing, no later than seven (7) days prior to the use of the Confidential Information.  The notification shall include: (1) the caption of the pending legal malpractice action; (2) the case number; and (3) the venue of the action.

(c) If Confidential Information is furnished to outside experts or consultants pursuant to paragraph 7, the attorney for the party using such expert or consultant shall have the responsibility of ensuring that all such Confidential Information, including any and all copies, abstracts, summaries, physical medium by which data was transmitted, and readable reports or output from the physical medium by which data was transmitted, is returned to the producing party or destroyed, and so certifying in writing as provided in sub-part (a) above.

(d) If Confidential Information has been loaded into any litigation review database, the attorney for the party using such database shall have the responsibility of ensuring that all such Confidential Information (including all associated images and native files), are extracted from such databases (including any associated staging databases) and destroyed in accordance with DoD wiping standards.

(e) Counsel of record for the parties may retain copies of any part of the Confidential Information produced by others that has become part of the official record of this litigation, as well as abstracts or summaries of materials that reference Confidential Information that contain counsel's mental impressions or opinions. Such copies shall remain subject to the terms of this Stipulation and Order.

(f) The parties, counsel of record for the parties, and experts or consultants for a party shall not be required to return or to destroy any Confidential Information to the extent such information is:

(i) stored on media that is generally considered not reasonably accessible, such as disaster recovery backup tapes; or

(ii) only retrievable through the use of specialized tools or techniques typically used by a forensic expert; provided that to the extent any Confidential Information is not returned or destroyed due to the foregoing reasons, such Confidential Information shall remain subject to the confidentiality obligations of this Stipulation and Order.

15. Notwithstanding the foregoing, it shall not be a violation of this Stipulation and Order for a party to continue to retain Confidential Information where the retention of which is required by law.

16. If any party intends to offer in evidence at trial or in any other proceedings in open court, any Discovery Materials designated Confidential Information, it shall serve reasonable advance notice thereof on all other parties and concerned non-parties, if any, in order to afford the parties and non-parties the opportunity to bring before the Court the matter of the protection of the confidentiality of those materials or that information.

17. The inadvertent or unintentional disclosure by either party of Confidential Information that was not so designated at the time of disclosure shall not be deemed a waiver in

whole or in part of the producing party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter, provided that the party to which the information was disclosed shall not be held to have violated this Stipulation and Order because it did not treat that information as confidential between the time it was disclosed and the time that the party that disclosed it notified the other party that such information is Confidential Information.

## FRE 502(d) AND (e) CLAWBACK STIPULATION AND ORDER

**WHEREAS**, the parties have agreed to stipulate to protect certain privileged and otherwise protected documents, data (including electronically stored information) and other information, including without limitation, metadata (collectively "Documents"), against claims of waiver and inadvertent production in the event they are produced during the course of this litigation whether pursuant to a Court Order, a parties' discovery request or informal production.

**WHEREAS**, both parties may be required to produce large volumes of Documents. The parties wish to comply with discovery deadlines and complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the Documents produced, including as against third parties and other Federal and State proceedings, and in addition to their agreement, need the additional protections of a Court Order under FRE 502(d) and (e) to do so.

**WHEREAS**, in order to comply with applicable discovery deadlines, a party may be required to produce certain categories of Documents that have been subject to minimal or no attorney review (the "Disclosures"). This Stipulation and Order is designed to foreclose any arguments that by making such Disclosures, the disclosure or production of Documents subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

  (a) was not inadvertent by the producing party;

  (b) that the producing party did not take reasonable steps to prevent the disclosure of privileged Documents;

  (c) that the producing party did not take reasonable or timely steps to rectify such Disclosure; and/or

  (d) that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

**WHEREAS**, because the purpose of this Stipulation and Order is to protect and preserve privileged Documents, the parties agree they are bound as follows from and after the date their counsel have signed it, even if such execution occurs prior to Court approval.

Accordingly, the parties hereby **STIPULATE**, and the Court hereby **ORDERS** pursuant to Federal Rules of Evidence 502(d) and (e), as follows:

1. The disclosure or production of Documents by a producing party subject to a legally recognized claim of privilege, including without limitation, the attorney-client privilege and the work-product doctrine, to a receiving party, shall in no way constitute the voluntary disclosure of such Document.

2. The inadvertent disclosure or production of any Document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the receiving party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

3. If, during the course of this litigation, a party determines that any Document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"):

  (a) The receiving party shall: (i) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (ii) immediately notify the producing

|     | |
| --- | --- |
|     | party in writing that it has discovered Documents believed to be privileged or protected; (iii) specifically identify the Protected Documents by Bates number range or hash value, and, (iv) within ten (10) days of discovery by the receiving party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof.  To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted from the database.  Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the receiving party.  Notwithstanding, the receiving party is under no obligation to search or review the producing party's Documents to identify potentially privileged or work product Protected Documents. |
| (b) | If the producing party intends to assert a claim of privilege or other protection over Documents identified by the receiving party as Protected Documents, the producing party will, within ten (10) days of receiving the receiving party's written notification described above, inform the receiving party of such intention in writing and shall provide the receiving party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection.  In the event that any portion of a Protected Document does not contain privileged or protected information, the producing party shall also provide to the receiving party a redacted copy of the document that omits the information that the producing party believes is subject to a claim of privilege or other protection. |

4. If, during the course of this litigation, a party determines it has produced a Protected Document:

(a) The producing party may notify the receiving party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing, however, it may be delivered orally on the record at a deposition, promptly followed up in writing. The producing party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege or protection claimed, and the basis for the assertion of the privilege and shall provide the receiving party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure, setting forth the basis for the claim of privilege or other protection. In the event that any portion of the Protected Document does not contain privileged or protected information, the producing party shall also provide to the receiving party, a redacted copy of the Document that omits the information that the producing party believes is subject to a claim of privilege or other protection.

(b) The receiving party must, within ten (10) days of receiving the producing party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. To the extent that a Protected Document has been loaded into a litigation review database under the control of the receiving party, the receiving party shall have all electronic copies of the Protected Document extracted from the database.

5. To the extent that the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the receiving party prior to the date of receipt of written notice by the producing party as set forth in paragraphs 3(b) and

4(a), then the receiving party shall sequester such documents until the claim has been resolved. If the receiving party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

6. The receiving party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the receiving party is prohibited and estopped from arguing that:

    (a) The disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection;

    (b) The disclosure of the Protected Documents was not inadvertent;

    (c) The producing party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

    (d) The producing party failed to take reasonable or timely steps to rectify the error pursuant to Federal Rule of Civil Procedure 26(b)(5)(B), or otherwise.

7. Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege or other protection. The producing party shall preserve the Protected Documents until such claim is resolved. The receiving party may not use the Protected Documents for any purpose absent this Court's Stipulation and Order.

8. Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the receiving party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order. The Court may also order the identification by the receiving party of Protected Documents by search terms or other means.

9.  Nothing contained herein is intended to, or shall serve to limit a party's right to conduct a review of documents, data (including electronically stored information) and other information, including without limitation, metadata, for relevance, responsiveness and/or the segregation of privileged and/or protected information before such information is produced to another party.

10. Once executed by all parties, this Stipulation and Order shall be treated by the parties as an Order of Court until it is formally approved by the Court.

11. By operation of the parties' agreement and this Court's Stipulation and Order, the parties are specifically afforded the protections of FRE 502 (d) and (e).

DATED: November 15, 2013

SO STIPULATED:

| By: ___/s/ Daniela Nanau_____<br>**THE LAW OFFICE OF BORRELLI & ASSOCIATES, PLLC**<br>Daniela E. Nanau<br>Michael J. Borrelli<br>1010 Northern Blvd., Ste. 328<br>Great Neck, NY 11021<br>(516) 248-5550<br><br>*Attorneys for Plaintiffs* | By: /s/ George B. Pauta_____<br>**LITTLER MENDELSON, P.C.**<br>Craig R. Benson<br>George B. Pauta<br>Robert A. Cirino<br>900 Third Avenue<br>New York, NY 10022.3298<br>(212) 583-9600<br><br>*Attorneys for Defendants* |
|---|---|

**SO ORDERED** this _____ day of _____, 2013

_____
United States Magistrate Judge Ramon E. Reyes, Jr

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SHAUNTA DOVE, on behalf of herself and all others similarly situated,<br><br>                Plaintiffs,<br><br>    -against-<br><br>APPLE METRO, INC., AM NYCF, LLC, 42ND APPLE LLC, 117TH APPLE, LLC, AIRMONT APPLE, LLC, ASTORIA APPLE, LLC, AT APPLE, LLC, BAY PLAZA APPLE, LLC, BAY TERRACE APPLE, LLC, BED-STUY APPLE, LLC, BROADWAY APPLE, LLC, BTM APPLE, LLC, CORTLANDT APPLE, LLC, CROSS COUNTRY APPLE, LLC, CROSSROADS APPLE, LLC, EB APPLE, LLC, EXPRESSWAY APPLE, LLC, FLATBUSH APPLE, LLC, FORDHAM APPLE, LLC, FRESH MEADOWS APPLE, LLC, HARLEM APPLE, LLC, HAWTHORNE APPLE, LLC, JAMAICA APPLE, LLC, KISCO APPLE, LLC, MAMARONECK APPLE, LLC, NEW DORP APPLE, L.L.C., NEW ROCHELLE APPLE, LLC, OUTERBRIDGE APPLE, LLC, PORT CHESTER APPLE, LLC, QUEENS CENTER APPLE, LLC, REGO PARK APPLE, LLC, RIVERDALE APPLE, LLC, S.I. MALL APPLE, LLC, SHEEPSHEAD APPLE, LLC, SVC APPLE, LLC, TRIANGLE APPLE, LLC, WHITE PLAINS APPLE, LLC, ZANE TANKEL, an individual, ROY RAEBURN, an individual, KIRK SAMLAL, an individual, AUBREY DALY, an individual, ROLAND RAYMOND, an individual, DERRICK PALMER, an individual, SUSY QUINTERO, an individual, and CHRIS ANTOINE, an individual,<br><br>                Defendants. | Case No. 13-CV-01417 (JBW)(RER)<br><br>**STIPULATED CONFIDENTIALITY, PROTECTIVE AND FRE 502(D) AND (E) CLAWBACK ORDER** |

It has been explained to me by _____ (Attorney) that I am being shown materials that are subject to a confidentiality order in Case No. 13-CV-01417

(JBW)(RER), *Dove, et al. v. Apple-Metro, Inc., et al*.  I have reviewed the confidentiality order entered by the Court on _____, 2013.  The attorney listed above has advised me that I am not permitted to make disclosure of such material to any other person or entity and that if I do so, I may be subject to court-imposed sanctions.

Dated: _____     Signed:_____

                                                                                Name: _____