

Littler Mendelson, PC
900 Third Avenue
New York, NY  10022.3298

George B. Pauta
212.497.8483 direct
212.583.9600 main
646.417.6202 fax
gpauta@littler.com

**Via ECF**

February 3, 2014

Magistrate Judge Cheryl L. Pollack
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re: *Dove v. Apple-Metro, Inc., et al.*; Case No.: 13-01417 (ENV) (CLP)

Dear Judge Pollack:

We write in furtherance of Defendants' January 24, 2014 letter and in response to Plaintiff's January 29, 2014 correspondence concerning the parties' unresolved discovery disputes.

With respect to Plaintiff's argument that Defendants' application is "pre-mature," Defendants have attempted to resolve these issues in good faith since November 2013.  Unfortunately, despite numerous promises, Plaintiff has made no meaningful progress in correcting her deficiencies.  This includes, most recently, Plaintiff's failure to honor her representation to Defendants that she would provide an addendum to Plaintiff's document requests "as soon as practicable, but in any event, no later than Wednesday, January 29, 2014."  (*See* Plaintiff's Letter at Ex. A). Again, this is the just the latest in a long history of unfulfilled promises.

Without reciting all of the parties' communications on this subject, and in order to correct Plaintiff's mischaracterization of events through her submission of a single email, cherry-picked from a chain of emails, the events leading up to the instant application include the following:[1]

| Date | Event | Plaintiffs' Response |
|---|---|---|
| 11/7/13 | Counsel meet and confer by telephone regarding discovery deficiencies in the related *Marin* matter. | Plaintiffs agree to supplement their discovery. |
| 11/12/13 | Because of significant overlap in deficiencies between the two matters, Defendants request confirmation from Ms. Dove's counsel that she will cure the same deficiencies previously identified and | On 11/13/13, Plaintiff agrees to update her responses and provide an initial calculation of damages by 11/25/13. |

---

[1] Copies of emails underlying the following table are attached hereto at Exs. 1 and 2.

Magistrate Judge Cheryl L. Pollack
February 3, 2014
Page 2

|  |  |  |
|---|---|---|
|  | discussed in *Marin*. |  |
| 11/26/13 | Defendants request an update on the status of Plaintiff's supplemental production. | Plaintiff confirms that it will be produced, but requests until 12/4/13 to do so. |
| 12/4/13 | Without any prior notice, Plaintiff's principal counsel resigns and states that Plaintiff will requires additional time to provide her supplementary discovery responses previously promised on 12/4/13. | Defendants write and request confirmation of how much additional time is required. Plaintiff does not respond. |
| 12/18/13 | Counsel appear before Magistrate Judge Reyes, after which it is agreed that Plaintiff will provide her outstanding supplemental responses shortly and make her proposed motion for conditional certification on 2/3/14. |  |
| 12/20/13 | Defendants write to Plaintiff and request a date by which Defendants will receive Plaintiff's outstanding discovery. | Plaintiff responds by stating that she will forward a schedule to Defendants by 12/23/13, but never does. |
| 1/13/14 | Defendants request confirmation of when Plaintiff intends to produce her outstanding responses and information. | Plaintiff responds by proposing that Plaintiff respond on or before 1/24/14. Defendants agree on the condition that Plaintiff be produced for her deposition on 1/29/14, but that if she does not cure her deficiencies by 1/24/14 or cannot be produced for her deposition on 1/29/14, that Plaintiff's anticipated motion for conditional certification be adjourned. Plaintiff does not respond to Defendants' proposal. |
| 1/22/14 | Defendants inquire as to the status of Plaintiff's responses. | Plaintiff requests a further extension until 1/30/14 to cure her deficiencies. |
| 1/23/14 | Defendants indicate that unless Plaintiff agrees to push back the motion calendar to a date after she has cured her deficiencies and been produced for deposition, Defendants would write to the Court. |  |
| 1/29/14 | After Plaintiff claims that 1/29/14 is "unworkable" for her deposition, Defendants request that Plaintiff and her counsel provide dates over the next week when they are available for her deposition. | Plaintiff does not respond to Defendants' request. |

Magistrate Judge Cheryl L. Pollack
February 3, 2014
Page 3

With respect to Plaintiff's summary of the status of the outstanding issues:

1.  <u>Plaintiff's Deposition</u>:  Despite Defendants' request for available dates, most recently on January 29, 2014, Plaintiff has failed to provide any dates that she is available for deposition.

2.  <u>Addendum to Plaintiff's Document Responses</u>:  As discussed above, despite multiple promises otherwise, Plaintiff has yet to cure her deficiencies.

3.  <u>Individuals Identified in Interrogatory Responses</u>:  Contrary to her statement otherwise, Plaintiff has failed to fully identify certain individuals, documents, and/or oral communications or statements.

4.  <u>Damages Calculation/Response to Interrogatories Nos. 4-10</u>:  For the first time in this matter, Plaintiff has taken the position that she does not need to provide an estimate of her damages until "the completion of Defendants' depositions."  This is a significant change of course from Plaintiff's prior agreement that she would provide an initial calculation of damages by November 25, 2013.  (*See* Exs. 1 and 2).  Moreover, Plaintiff has failed to state how this matter is different from any other case where there are "intense factual disputes"; let alone how it is different from *Marin* in which her counsel provided such information despite the same alleged factual issues.  Simply put, it would trivialize and moot the requirements of Rule 26(a)(1) if the Court excused every plaintiff from providing such information whenever there was a "factual dispute."  Again, Defendants are not requesting an exact dollar amount of her alleged damages; however, they are entitled to Plaintiff's best estimate of her damages based upon the information and documents available to her.  *See* Fed. R. Civ. P. 26(a)(1)(E) (stating that disclosures must be made "based on the information then reasonably available to [the disclosing party]," and is not excused because the disclosing party has not fully investigated the case or because anther party has not made its disclosures.)

5.  <u>ESI Letter</u>:  Plaintiff appears to misapprehend Defendants' request for an ESI letter. Defendants' request is that Plaintiff describe - just as Defendants did in their November 21, 2013 letter to her - Plaintiff's relevant data sources and preservation activities with respect to electronic discoverable information in her possession.  Plaintiff's representation that she did so in response to Document Request No. 157 is simply wrong. (*See* excerpt at Ex. 3 hereto). Again, this information is necessary for the parties meet and confer efforts, as required by the Rules, regarding both parties' requirements to preserve electronic discoverable information.

Finally, in an obvious attempt to muddy the water, Plaintiff alleges – for the *first time* – that Defendants are similarly delinquent in their responses.  Pursuant to Local Civil Rule 37.3, this matter is not properly before the Court.  Moreover, even if it were, Plaintiff's alleged deficiencies are untrue.  Notwithstanding, Defendants will meet and confer with Plaintiff regarding these alleged deficiencies, at her convenience.

Defendants look forward to discussing these issues at the February 7, 2014 conference.

Magistrate Judge Cheryl L. Pollack
February 3, 2014
Page 4

Respectfully,

/s/ George B. Pauta

George B. Pauta

cc:   Christopher L. Van de Water (via ECF)
      Michael J. Borrelli (via ECF)
      Alexander T. Coleman (via ECF)