# EXHIBIT 2

## Cirino, Robert A.

| | |
|---|---|
| **From:** | Pauta, George B. |
| **Sent:** | Wednesday, January 29, 2014 10:12 PM |
| **To:** | Christopher L. Van De Water |
| **Cc:** | Benson, Craig R.; Cirino, Robert A.; Smith, Erin W. |
| **Subject:** | Re: Discovery Deficiencies in Dove |

Chris,

Seeing how your client is not available on the date we proposed, please provide dates over the next week when you and your client are available for her deposition.

Thank you,

George Pauta, Esq.
Littler Mendelson, PC
Sent from my iPad

On Jan 24, 2014, at 3:50 PM, "Christopher L. Van De Water" <CLV@employmentlawyernewyork.com> wrote:

> George,
>
> As Plaintiff has made clear, we are happy to produce Ms. Dove and coordinate a mutually agreeable date for her deposition. The date proposed, January 29, 2014, is unworkable. Ms. Dove will be produced once and only once during the course of this litigation. Despite your representation to the contrary, Defendants have failed to produce any Order or other stipulated agreement that requires her production prior to February 3, 2014.
>
> Plaintiff shall produce "revised document responses" correlating Plaintiff's document production to Defendants' specific requests in an Addendum, as soon as practicable, but in any event, no later than Wednesday, January 29, 2014.
>
> All contact information for the individuals identified in Plaintiff's Interrogatory Responses was duly provided in Plaintiff's Initial Disclosures made pursuant to F.R.C.P. 26(a)(1). We note, however, that Defendants' own Interrogatory Responses are deficient in numerous respects, including Defendants' failure to provide ANY contact information whatsoever for the individuals and witnesses identified therein. Please correct this deficiency and immediately provide Plaintiff with all relevant contact information, as required under F.R.C.P. 26(a)(1).
>
> The demanded calculation of Plaintiff's damages will be provided following the completion of Defendants' depositions. Defendants' production of documents is inadequate for this purpose since Defendants' intentional conduct in misappropriating Ms. Dove's tips is at the heart of this case, as well as given that numerous documents produced by Defendants that are directly relevant to the issue of damages require specific clarification and/or interpretation.
>
> In light of Defendants' November 23, 2013 letter addressing Defendants' ESI preservation efforts, your request for "Dove's ESI letter" is confusing. Nevertheless, Dove's ESI letter is attached.

1

Best Regards,

CHRISTOPHER L. VAN DE WATER, ESQ.
Borrelli & Associates, P.L.L.C.
1010 Northern Blvd., Suite 328
Great Neck, New York 11021
Tel. No. (516) 248-5550
Fax No. (516) 248-6027
www.employmentlawyernewyork.com
clv@employmentlawyernewyork.com

655 Third Avenue, Suite 1821
New York, NY 10017
Tel. No. (212)679-5000
Fax No. (212)679-5005
www.employmentlawyernewyork.com
jp@employmentlawyernewyork.com

<image002.png>

Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media. Thank you.

**From:** Pauta, George B. [mailto:GPauta@littler.com]
**Sent:** Thursday, January 23, 2014 5:26 PM
**To:** Christopher L. Van De Water
**Cc:** Benson, Craig R.; Cirino, Robert A.; Smith, Erin W.
**Subject:** RE: Discovery Deficiencies in Dove

Chris,

We are not "expediting" Ms. Dove's deposition. We noticed her months ago, and have said from the start that we need to depose her before Plaintiffs' motion is due. Believe me, the email trail is long on this issue. We also cannot agree that Plaintiff cure all of her discovery deficiencies, including the ones you have not mentioned (e.g. responses to interrogatories, damages calculations, ESI letter) two business days before your motion is due, without having an opportunity to review those discovery responses and depose Ms. Dove. So, as I proposed in Marin, unless you agree to push the motion calendar back to a date that is after Plaintiff cures all of her deficiencies and is produced for her deposition, we will write to the Court tomorrow on this case as well.

Please let me know.

**George Pauta**, Shareholder
212.497.8483 direct  516.662.8056 mobile  646.417.6202 fax  GPauta@littler.com
900 Third Avenue | New York, NY 10022-3298

<image001.jpg>  | littler.com
Employment & Labor Law Solutions Worldwide

**From:** Christopher L. Van De Water [mailto:CLV@employmentlawyernewyork.com]
**Sent:** Thursday, January 23, 2014 5:04 PM
**To:** Pauta, George B.
**Cc:** Benson, Craig R.; Cirino, Robert A.; Smith, Erin W.
**Subject:** RE: Discovery Deficiencies in Dove
**Importance:** High

George,
While I am happy to work with you on the below identified deficiencies, given that Defendants Request for the Production of Documents alone consists of 157 individual requests, I will need a brief further extension under which to comply. Plaintiff will respond to all issues identified below on or before January 30, 2014.
Further, Plaintiff's position with respect to Ms. Dove's deposition mirrors that taken in its related case, Marin v. Apple Metro et al. More specifically, Ms. Dove will be produced once for deposition. To the extent Defendants insist on expediting her deposition, I am willing to work with you on available dates and am waiting to hear back from my client regarding her availability.

Best Regards,

CHRISTOPHER L. VAN DE WATER, ESQ.
Borrelli & Associates, P.L.L.C.
1010 Northern Blvd., Suite 328
Great Neck, New York 11021
Tel. No. (516) 248-5550
Fax No. (516) 248-6027
www.employmentlawyernewyork.com
clv@employmentlawyernewyork.com

655 Third Avenue, Suite 1821
New York, NY 10017
Tel. No. (212)679-5000
Fax No. (212)679-5005
www.employmentlawyernewyork.com
jp@employmentlawyernewyork.com

<image002.png>
Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media. Thank you.

**From:** Pauta, George B. [mailto:GPauta@littler.com]
**Sent:** Wednesday, January 22, 2014 3:26 PM
**To:** Christopher L. Van De Water
**Cc:** Benson, Craig R.; Cirino, Robert A.; Smith, Erin W.
**Subject:** RE: Discovery Deficiencies in Dove

Chris,

I just left you a message at your office. A week has passed since I sent the below email, and I have not received a response from you. Are you still prepared to produce the following deficiencies by the 24th as you proposed in your email and produce Ms. Dove for deposition on the 29th?

- Revised Document Responses to identify which documents Plaintiff produced correlate with which Document Requests, as required by FRCP 34(b)(2)(E)(i);
- Contact information for individuals identified in Plaintiff's Interrogatory Responses, to the extent available;
- A calculation of Plaintiff's alleged damages – pursuant to Rule 26(a)(1)(iii), as well in response to Interrogatory Request Nos. 4-10; and
- Dove's ESI letter.

Please advise me today. We need to review the outstanding discovery owed to us and take Ms. Dove's deposition prior to Plaintiff making her motion on February 3rd.

Thank you,

**George Pauta,** Shareholder
212.497.8483 direct  516.662.8056 mobile  646.417.6202 fax  GPauta@littler.com
900 Third Avenue | New York, NY 10022-3298

<image001.jpg>  | littler.com
Employment & Labor Law Solutions Worldwide

**From:** Pauta, George B.
**Sent:** Wednesday, January 15, 2014 12:05 PM
**To:** 'Christopher L. Van De Water'
**Cc:** Benson, Craig R.; Cirino, Robert A.; Smith, Erin W.
**Subject:** RE: Discovery Deficiencies in Dove

Chris,

We can agree to extend the date for Plaintiff to produce her outstanding discovery to January 24, 2014, if you can agree to the following:

1. You will produce Plaintiff for her deposition at our offices on January 29, 2014 at 10:00 a.m.; and
2. You will produce all outstanding discovery by email to me and my team by 5pm on January 24, 2014; and
3. If you fail to produce all outstanding discovery by 5pm on January 24, 2014, you will agree to push back the date by which to file your motion for conditional certification to a date that is no less than two weeks after you produce all outstanding discovery and subsequently, produce Ms. Dove for her deposition.

4

Are you agreeable to the above? Please let me know as soon as you can.

Thank you,

**George Pauta,** Shareholder
212.497.8483 direct  516.662.8056 mobile  646.417.6202 fax  GPauta@littler.com
900 Third Avenue | New York, NY 10022-3298

<image001.jpg>  | littler.com
Employment & Labor Law Solutions Worldwide

**From:** Christopher L. Van De Water [mailto:CLV@employmentlawyernewyork.com]
**Sent:** Tuesday, January 14, 2014 11:12 AM
**To:** Pauta, George B.
**Cc:** Benson, Craig R.; Cirino, Robert A.; Smith, Erin W.
**Subject:** RE: Discovery Deficiencies in Dove

George,
I am glad to see that Judge Weinstein so-ordered our Stipulation. Given numerous obligations, including Marin, I propose that Plaintiff respond on or before Friday, January 24, 2014. Let me know if this is an acceptable schedule.

Best Regards,

CHRISTOPHER L. VAN DE WATER, ESQ.
Borrelli & Associates, P.L.L.C.
1010 Northern Blvd., Suite 328
Great Neck, New York 11021
Tel. No. (516) 248-5550
Fax No. (516) 248-6027
www.employmentlawyernewyork.com
clv@employmentlawyernewyork.com

655 Third Avenue, Suite 1821
New York, NY 10017
Tel. No. (212)679-5000
Fax No. (212)679-5005
www.employmentlawyernewyork.com
jp@employmentlawyernewyork.com

<image002.png>

Note: The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. Unintended transmission shall not constitute waiver of the attorney/client privilege or any other privilege. This e-mail message may not be forwarded without the prior written consent of Borrelli & Associates, P.L.L.C. If the reader of this message is not the intended recipient, you are hereby notified that any review, retransmission, conversion to hard copy, copying, reproduction, circulation, publication, dissemination or other use of, or taking of any action, or omission to take action, in reliance upon this communication by persons or entities other than the intended recipient is strictly prohibited. If you have received this communication in error, please (i) notify us immediately by telephone at (516)248-5550, and (ii)delete the message and any material attached thereto from any computer, disk drive, diskette, or other storage device or media. Thank you.

5

**From:** Pauta, George B. [mailto:GPauta@littler.com]
**Sent:** Monday, January 13, 2014 12:30 PM
**To:** Christopher L. Van De Water
**Cc:** Benson, Craig R.; Cirino, Robert A.; Smith, Erin W.
**Subject:** FW: Discovery Deficiencies in Dove

Chris,

Further to my email below, we continue to await for Plaintiff's production of the following materials in *Dove*. We have the same concerns outlined below for the *Dove* matter given that the motion for conditional certification is due on the same date.

- Revised Document Responses to identify which documents Plaintiff produced correlate with which Document Requests, as required by FRCP 34(b)(2)(E)(i);
- Contact information for individuals identified in Plaintiff's Interrogatory Responses, to the extent available;
- A calculation of Plaintiff's alleged damages – pursuant to Rule 26(a)(1)(iii), as well in response to Interrogatory Request Nos. 4-10; and
- Dove's ESI letter.

Please produce the above discovery today, or alternatively, please provide a date this week by which you will be able to produce this information/documentation.

Thank you,

George Pauta, Shareholder
212.497.8483 direct  516.662.8056 mobile   646.417.6202 fax   GPauta@littler.com
900 Third Avenue | New York, NY 10022-3298

<image001.jpg>  | littler.com
Employment & Labor Law Solutions Worldwide

**From:** Pauta, George B.
**Sent:** Thursday, January 09, 2014 7:07 PM
**To:** Cirino, Robert A.; Graff Ari (ari@ottingerlaw.com); Christopher L. Van De Water (CLV@employmentlawyernewyork.com)
**Cc:** Smith, Erin W.; Benson, Craig R.
**Subject:** RE: Apple-Metro/Marin - Memorialization of 12/9/13 Telephone Conference

Gentlemen,

Despite Defendants having produced everything owed by them, as well as producing witnesses for the 30(b)(6) depositions, Plaintiffs have made little to no progress in remedying Plaintiff's discovery deficiencies since our last meet and confer over a month ago.  As we have repeated – *ad infinitum* – this information is necessary for Defendants to both prepare for Plaintiffs' depositions and to prepare and respond to Plaintiffs' anticipated conditional certification motion.  At this point, we are prepared to go to the Court with this issue.

The outstanding items include:

- Electronic Devices – Plaintiffs have failed to provide the metadata associated with the recordings and text messages previously produced.  Plaintiffs initially took the position that collecting the metadata was cost prohibitive, but agreed to allow Defendants to image the two phones at issue at Defendants' expense.  Plaintiffs are now taking the position that they will not

6

agree to have the entire phone imaged. Defendants agreed to inquire with their vendor whether it was possible to collect specific information from the phone, as opposed to imaging the entire phone. Our vendor has informed us that they cannot do this. What they can do is image the entire phone and then isolate certain data pulled from the phone, however, this is at an additional expense. While Defendants initially offered to image these phones at their own expense, in an effort to come to an agreement and obtain the data, Defendants are not willing to absorb additional costs as a result of Plaintiffs' change in position. Our vendor has informed us that the cost of imaging the phones in their entirety is approximately $1,100. If Plaintiffs are unwilling to allow Defendants to image these two phones, Plaintiffs need to engage their own vendor and produce this metadata as soon as possible. As we have discussed, this metadata is essential for the depositions of Plaintiffs D. Griffiths and Marin.

- ESI Representations – Ari agreed that he would produce copies of relevant ESI from Plaintiff Hanisch in paper and would be willing to discuss alternative methods of production if this method was insufficient. Chris agreed to work with the remaining Plaintiffs to determine whether relevant ESI exists and will try and report back by Friday, December 13th. To date, we haven't received anything.
- Identification of Individuals on Supplemental Audiotapes – Chris indicated that he would review and then advise us as to when he might be able to provide supplemental interrogatory responses. To date, we haven't received anything.
- Interrogatory Responses Due December 12th – Still outstanding for Marin, K. Hughes (Usher), R. Usher, D. Griffiths and K. Griffiths
- Plaintiffs' Damages Calculation – Ari agreed to review why the damages calculation increased by $70k. We expressed that we would then need to meet and confer regarding the assumptions and bases for certain calculations. To date, we haven't received anything.

If we do not receive all outstanding discovery by 5:00 pm on Monday, January 13, 2014, we will be making an application to the Court to not only to compel discovery but to also postpone the briefing schedule for the conditional certification motion *without any tolling* until Plaintiffs provide all outstanding discovery and Defendants have the opportunity to thereafter depose the plaintiffs and opt-ins.

I am sorry that it has had to come to this but I believe that we have been more than patient and accommodating and have seen no progress in return.

Regards,

George

**George Pauta**, Shareholder
212.497.8483 direct   516.662.8056 mobile   646.417.6202 fax   GPauta@littler.com
900 Third Avenue | New York, NY 10022-3298

<image001.jpg>   | littler.com
Employment & Labor Law Solutions Worldwide

**From:** Cirino, Robert A.
**Sent:** Friday, December 20, 2013 11:41 AM
**To:** Graff Ari (ari@ottingerlaw.com); Christopher L. Van De Water (CLV@employmentlawyernewyork.com)
**Cc:** Pauta, George B.; Smith, Erin W.
**Subject:** RE: Apple-Metro/Marin - Memorialization of 12/9/13 Telephone Conference

Gentlemen,

7

Can you please confirm where Plaintiffs are in terms of responding to the issues identified on our 12/9/13 call. We would like to wrap these issues up as soon as possible.

Thanks in advance.

Bob

**From:** Cirino, Robert A.
**Sent:** Tuesday, December 10, 2013 11:09 AM
**To:** Graff Ari (ari@ottingerlaw.com); Christopher L. Van De Water (CLV@employmentlawyernewyork.com)
**Cc:** Pauta, George B. (GPauta@littler.com); Smith, Erin W.
**Subject:** Apple-Metro/Marin - Memorialization of 12/9/13 Telephone Conference

Chris and Ari,

Thank you again for speaking with us yesterday regarding outstanding issues in the *Marin* matter including Plaintiffs' production of information and documentation necessary for Defendants to prepare and respond to the anticipated motion for conditional certification. Please let this email serve as a memorialization of our conversation.

- Electronic Devices – Chris agreed to provide us with the technical specifications for the devices by Friday, December 13th. We agreed to speak to our third party vendor regarding options to limit the scope of their collection and that we would then meet and confer further.
- ESI Representations – Ari agreed that he would produce copies of relevant ESI from Plaintiff Hanisch in paper and would be willing to discuss alternative methods of production if this method was insufficient. Chris agreed to work with the remaining Plaintiffs to determine whether relevant ESI exists and will try and report back by Friday, December 13th.
- Identification of Individuals on Supplemental Audiotapes – Yesterday, we forwarded Chris copies of the transcripts from the supplemental audiotapes. Chris indicated that he would review and then advise us as to when he might be able to provide supplemental interrogatory responses.
- Interrogatory Responses Due December 12th – Ari expressed that he didn't anticipate any issues in meeting this deadline.
- Isabel Grattan – We discussed different options to effectuate the withdrawal of her opt-in notice. We will be following up under separate cover after we review how we have previously handled this issue.
- Defendants' 30(b)(6) Witness – Deposition has been confirmed for January 6th at Ari's office starting at 10 am.
- Plaintiffs' Depositions – Depositions will need to be rescheduled to January.
- Plaintiffs' Damages Calculation – Ari agreed to review why the damages calculation increased by $70k. The parties will then meet and confer regarding the assumptions and bases for certain calculations.
- E-mail Search Terms – We will be working with the vendor to confirm the reason for the discrepancy in the number of documents returned for the same search term. After this issue is resolved, Ari will propose alternative search terms, which we will rerun and discuss.

If anything above is incorrect please let me know.

Regards,

Bob

**Robert Cirino,** Associate
212.497.6849 direct   212.658.9664 fax   RCirino@littler.com
900 Third Avenue | New York, NY 10022-3298

<image001.jpg>   | littler.com
**Employment & Labor Law Solutions Worldwide**

----

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

To reply to our email administrator directly, send an email to postmaster@littler.com

Littler Mendelson, P.C.
http://www.littler.com

----

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

To reply to our email administrator directly, send an email to postmaster@littler.com

Littler Mendelson, P.C.
http://www.littler.com

----

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

To reply to our email administrator directly, send an email to postmaster@littler.com

Littler Mendelson, P.C.
http://www.littler.com

<ESI Preservation Ltr..pdf>