UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SHAUNTA DOVE, on behalf of herself and all others similarly situated,

Plaintiffs,

-against-

APPLE METRO, INC., et al.,

Defendants.

---

Case No. 13 Civ. 1417
(ENV)(CLP)

**Oral Argument Requested at a Date and Time to be Determined by the Court.**

---

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO CONDITIONALLY CERTIFY A COLLECTIVE ACTION

---

LITTLER MENDELSON
 A Professional Corporation
 *Attorneys for Defendants*
 900 Third Avenue
 New York, NY 10022

# TABLE OF CONTENTS

PAGE

PRELIMINARY STATEMENT ........................................................................... 1

STATEMENT OF FACTS .................................................................................. 1

      A.    Procedural History ........................................................................ 1

      B.    Plaintiff's Employment ................................................................. 2

      C.    Restaurant Structure And Policies ................................................ 3

      D.    Employee Time Recording ........................................................... 4

      E.    Tip Share Policy ........................................................................... 4

ARGUMENT ..................................................................................................... 6

   I.    Plaintiff is not entitled to conditional certification ............................... 6

      A.    Legal Standard For Conditional Certification............................... 6

      B.    Plaintiff Is Not Similarly Situated To Putative Collective Members ........ 7

   II.   Plaintiff Fails To Even Meet The Pleading Standard For FLSA Minimum Wage Claims ................................................................................... 16

   III.   Plaintiff's Request For Confidential Employee Information And Issuance Of Notice Should Be Denied and approval of her proposed notice should be denied ........................................................................................... 18

CONCLUSION ................................................................................................... 18

i

# TABLE OF AUTHORITIES

Page

**CASES**

*Agudelo v. E & D LLC*,
  No. 12 CV 0960, 2012 U.S. Dist. LEXIS 160510 (S.D.N.Y. Nov. 5, 2012)............................14

*Ahmed v. T.J. Maxx Corp.*,
  No. 10-cv-3609, 2013 U.S. Dist. LEXIS 81942 (E.D.N.Y. June 8, 2013) .................10, 11, 12

*Barfield v. N.Y. City Health & Hosps. Corp.*,
  No. 05-civ-6319, 2005 U.S. Dist. LEXIS 28884 (S.D.N.Y. Nov. 18, 2005).......................7, 12

*Boutros v. JTC Painting and Decorating Corp.*,
  No. 12-civ-7576, 2013 U.S. Dist. LEXIS 86878 (S.D.N.Y. June 19, 2013) ...........................17

*Brickey v. Dolgencorp., Inc.*,
  272 F.R.D. 344 (W.D.N.Y. 2011).................................................................................................9

*Colozzi v. St. Joseph's Hosp. Health Ctr.*,
  595 F. Supp. 2d 200 (N.D.N.Y. 2009)......................................................................................18

*DeJesus v. HF Mgmt. Servs., LLC*,
  No. 12-4565, 2013 U.S. App. LEXIS 16105 (2d Cir. Aug. 5, 2013) ................................16, 17

*Diaz v. Elecs. Boutique of Am., Inc.*,
  No. 04-cv-0840E, 2005 U.S. Dist. LEXIS 30382 (W.D.N.Y. Oct. 17, 2005)....................9, 10

*Eng-Hatcher v. Sprint Nextel Corp.*,
  No. 07-civ-7350, 2009 U.S. Dist. LEXIS 127262 (S.D.N.Y. Nov. 13, 2009).........8, 10, 11, 12

*Fasanelli v. Heartland Brewery, Inc.*,
  516 F. Supp. 2d 317 (S.D.N.Y. 2007).......................................................................................15

*Garcia v. Pancho Villa's of Huntington Vill., Inc.*,
  678 F. Supp. 2d 89 (E.D.N.Y. 2010) .........................................................................................15

*Gillian v. Starjem Rest. Corp.*,
  No. 10-civ-6056, 2011 U.S. Dist. LEXIS 115833 (S.D.N.Y. Oct. 4, 2011)........................9, 10

*Hoffmann-La Roche, Inc. v. Sperling*,
  493 U.S. 165 (1989)......................................................................................................................7

*Lamb v. Singh Hospitality Grp., Inc.*,
  No. 11-CV-6060, 2013 U.S. Dist. LEXIS 141429 (E.D.N.Y. Sept. 30, 2013) .......................14

## TABLE OF AUTHORITIES
### (continued)

**Page**

*Laroque v. Domino's Pizza, LLC,*
    557 F. Supp. 2d 346 (S.D.N.Y. 2008).........................................................16

*Lujan v. Cabana Mgmt., Inc.,*
    No. 10-CV-755, 2011 U.S. Dist. LEXIS 9542 (E.D.N.Y. Feb. 1, 2011).................16

*Lundy v. Catholic Health Sys. of Long Island Inc.,*
    711 F.3d 106 (2d Cir. 2013)...............................................................16, 17

*Marin, et al. v. Apple-Metro, Inc., et al.,*
    Civil Action No. 12–CV–05274 (ENV)(CLP) .............................................. passim

*Mendoza v. Ashiya Sushi 5, Inc.,*
    No. 12 Civ. 8629, 2013 U.S. Dist. LEXIS 132777 (S.D.N.Y. Sept. 16, 2013) ................14, 15

*Morales v. Plantworks, Inc.,*
    No. 05-civ-2349, 2006 U.S. Dist. LEXIS 4267 (S.D.N.Y. Feb. 2, 2006) .........................7, 14

*Nakahata v. N.Y. Presbyterian Healthcare Sys.,*
    2013 U.S. App. LEXIS 14128 (2d. Cir. July 11, 2013)....................................10, 16

*Prizmic v. Armour, Inc.,*
    No. 05-cv-2503, 2006 U.S. Dist. LEXIS 42627 (E.D.N.Y. June 12, 2006)............................7

*Ravenell v. Avis Budget Car Rental, LLC,*
    No. 08-cv-2113, 2010 U.S. Dist. LEXIS 72563 (E.D.N.Y. July 19, 2010)............................18

*Rosario v. Valentine Ave. Disc. Store, Co.,*
    828 F. Supp. 2d 508 (E.D.N.Y. 2011) ......................................................14

*Strait v. Belcan Eng'g Grp., Inc.,*
    911 F. Supp. 2d 709 (N.D. Ill. 2012)..........................................................7

*Trinidad v. Pret a Manger (USA) Ltd.,*
    No. 12 Civ. 6094, 2013 U.S. Dist. LEXIS 97544 (S.D.N.Y. July 11, 2013) .........................16

**STATUTES**

29 U.S.C. §§ 201-19 ........................................................................10

29 U.S.C. § 216(b) ..........................................................................7

## PRELIMINARY STATEMENT

Defendants[1] submit this memorandum of law in opposition to Plaintiff Shaunta Dove's motion to conditionally certify a collective action.  Plaintiff asks this Court to conditionally certify and to facilitate notice to a putative collective of individuals who worked as "tipped employees" (servers, hosts and bartenders) at 36 Applebee's Neighborhood Grill & Bar ("Applebee's") restaurants operated by Defendants, and who allegedly are owed minimum wage under the Fair Labor Standards Act ("FLSA").  The facts of this case simply do not support the granting of Plaintiff's motion.

Plaintiff accuses Defendants' managers of universally committing *deviations* from their otherwise lawful tip sharing policy, as opposed to identifying a single unlawful policy that provides the requisite uniformity.  However, Plaintiff's "evidence" regarding such alleged universal deviations does not in any way establish a common practice.  Far from it, Plaintiff's allegations are limited to her own alleged experiences at a single Applebee's restaurant.  Despite the fact that this case has been pending for over a year, not one opt-in plaintiff has filed a consent form to join the action.  Plaintiff has not shown that she is similarly situated to other employees in her own restaurant, let alone thousands of putative collective members throughout 36 separate and distinct restaurants.  Thus, conditional certification is not proper, and Plaintiff's motion should be denied in its entirety.

## STATEMENT OF FACTS

### A.    Procedural History

On March 18, 2013, Plaintiff filed this action styled as a putative collective-class action under the FLSA and the New York Labor Law against Defendants, arising from their alleged

---

[1] "Defendants" refers collectively to all Defendants, with the exception of Kirk Samlal, who is not represented by Littler Mendelson, P.C.

operation of Applebee's franchises in New York, Rockland, and Westchester Counties. Plaintiff filed this action on behalf of all tipped employees who are, or were, employed by Defendants during the statutory period, who allegedly did not receive minimum wage for all hours worked.[2] The parties engaged in limited discovery, and on February 3, 2014, Plaintiff filed this motion, seeking to conditionally certify and facilitate notice to a putative collective of individuals who worked as tipped employees at all 36 Applebee's restaurants operated by Defendants.

On January 9, 2014, the parties stipulated that this case was related to *Marin, et al. v. Apple-Metro, Inc., et al.*, Civil Action No. 12–CV–05274 (ENV)(CLP) ("*Marin* action"). Defendants did not stipulate to consolidate these two cases, as they are separate and distinct. In this case, there is only one named Plaintiff, Shaunta Dove. Plaintiff's allegations in support of her motion are limited to her claim that indirectly tipped employees (those who receive tips from the tip share) were not paid a sufficient wage in addition to tip earnings to meet the federal minimum wage thresholds. Pl. Br. at 17.[3] There have been no allegations pled in this case regarding Defendants' policies or practices related to improper altering of time or off-the-clock work. These claims are limited to the *Marin* action, and cannot be imputed to this case simply because the cases are related. As such, Defendants will only address the allegations pled in this case in opposition to Plaintiff's motion for conditional certification – Plaintiff's allegations that Defendants failed to pay indirectly tipped employees (hosts and bartenders) a sufficient wage in addition to tip earnings to meet the federal minimum wage thresholds.

**B.    Plaintiff's Employment**

Plaintiff was employed at Defendants' Jamaica restaurant from June 2011 to January

---

[2] *See Dove et al. v. Apple-Metro, Inc. et al.*, Case No. 13-cv-01417 (ENV) (CLP), Dkt. No. 14, at ¶ 62.

[3] References to Plaintiff's memorandum of law in support of her motion for conditional certification are referred to as "Pl. Br. at [page number]."

2013.[4]  Plaintiff worked in two tipped positions for Defendants – server and host.[5]  Plaintiff's allegations in her declaration submitted in support of this motion are limited to when she worked as a host.[6]

### C.     Restaurant Structure And Policies

Apple-Metro, Inc. operates 36 Applebee's franchises located in the five boroughs of New York City, and in Rockland and Westchester Counties.[7]  Each location differs in its physical structure.  Likewise, each restaurant is different with respect to its operational needs.[8]  Each restaurant has one General Manager and a varying number of Assistant Managers.[9]  General Managers have broad authority to operate their specific restaurant as they deem appropriate, within the bounds of the lawful policies and guest service standards instituted by Defendants.[10]  General Managers do not have any authority outside of their respective restaurants.[11]

Tipped employees are members of the Front of the House ("FOH") staff.[12]  General Managers are responsible for hiring new FOH employees and conducting their orientation.[13]  During orientation, General Managers review each item on the Hourly New Hire Orientation Checklist with the new employee.[14]  This includes reviewing Defendants' tip share policy and Defendants' policy for declaring all tips, which is outlined in the Team Member Handbook.[15]

---

[4]  Ex. 1, Eames Decl. ¶ 18.  Exhibits to the Declaration of Craig R. Benson, dated March 21, 2014, are referred to as "Ex. [exhibit number], [Declarant Name] ¶ [paragraph number]."

[5]  Ex. 1, Eames Decl. ¶ 18.

[6]  *See Marin et al. v. Apple-Metro, Inc. et al.*, Case No. 12-cv-5274 (ENV) (CLP), Dkt. No. 53-12.

[7]  Ex. 1, Eames Decl. ¶ 2.

[8]  Ex. 1, Eames Decl. ¶ 2.

[9]  Ex. 1, Eames Decl. ¶ 3.

[10]  Ex. 1, Eames Decl. ¶ 3.

[11]  Ex. 1, Eames Decl. ¶ 3.

[12]  Ex. 1, Eames Decl. ¶ 4.

[13]  Ex. 1, Eames Decl. ¶ 4.

[14]  Ex. 1, Eames Decl. ¶ 4.

[15]  Ex. 1, Eames Decl. ¶ 5.

General Managers also review Defendants' "Resolve It" or "Open Door" policy, which offers employees a procedure for the resolution of any complaints.[16]  In addition to the policies outlined in the Team Member Handbook, Defendants' managers are instructed that "falsification of or altering of Company records or time reports" is a violation of company policy that may result in disciplinary action, up to and including termination.[17]

### D.  Employee Time Recording

Defendants use a point-of-sale system ("POS System"), which performs many functions, including acting as a time-recording device for restaurants.[18]  Defendants' time-recording policies require, among other things, that employees are clocked in for all of their working time.[19]  Defendants' Team Member Handbook also specifically outlines that employees must report 100 percent of their tips.[20]  Upon hire and throughout their employment, employees are informed and reminded of these policies.[21]  In order to clock in and out, Defendants' employees use a swipe card, which is provided to them upon hire, at orientation.[22]  Employees are required to swipe their card at the POS System when clocking in and clocking out.[23]  Servers also use their swipe card to place their guests' orders into the POS System.[24]

### E.  Tip Share Policy

Defendants have a tip share program at each of their restaurants.[25]  The program is explained to employees by the manager conducting orientation and, if they agree to participate in

---

[16] Ex. 1, Eames Decl. ¶ 6.
[17] Ex. 1, Eames Decl. ¶ 7.
[18] Ex. 1, Eames Decl. ¶ 8.
[19] Ex. 1, Eames Decl. ¶ 8.
[20] Ex. 1, Eames Decl. ¶ 8.
[21] Ex. 1, Eames Decl. ¶ 8.
[22] Ex. 1, Eames Decl. ¶ 9.
[23] Ex. 1, Eames Decl. ¶ 9.
[24] Ex. 1, Eames Decl. ¶ 9.
[25] Ex. 1, Eames Decl. ¶ 10.

the program, the employees sign a form confirming their agreement.[26] Defendants' tipped employees retain their tips, however they contribute three percent of their gross sales, which they contribute to a tip sharing pool that is divided amongst the server assistants, hosts and bartenders that were on duty during that server's shift.[27] The purpose of Defendants' tip share policy is to compensate the staff that assists the servers on their shifts.[28] Each employee's portion of the tip share is determined based on the number of hours that they worked.[29] The manager has no discretion regarding the amount of tip share that each employee receives.[30]

At the end of their shift, prior to clocking out, the servers print out a server checkout form from the POS System, which lists among other things, three percent of their gross sales.[31] The server is then supposed to give the bartender this amount in cash and the bartender initials the server checkout form to confirm that they received the cash from the server.[32] The server is also required to declare his or her tips in the POS System prior to clocking out.[33] If the server declares an amount that is less than the total of 100 percent of his or her credit card tips (which the POS system independently records), plus 10 percent of the server's gross cash sales, the computer will generate a prompt asking for manager approval because the amount of declared tips "appears to be low."[34] The managers are instructed to approve the amount and also to counsel the server in providing proper guest service.[35] Any employee who is not requesting

---

[26] Ex. 1, Eames Decl. ¶ 10. *See also* Dove Dep. at 295. References to the deposition transcripts of Plaintiff Shaunta Dove, dated February 26, 2014 and March 5, 2014, are referred to as "Dove Dep. at [page number]."

[27] Ex. 1, Eames Decl. ¶ 10.

[28] Ex. 1, Eames Decl. ¶ 11.

[29] Ex. 1, Eames Decl. ¶ 11; Dove Dep. at 296.

[30] Ex. 1, Eames Decl. ¶ 11; Dove Dep. at 307.

[31] Ex. 1, Eames Decl. ¶ 12.

[32] Ex. 1, Eames Decl. ¶ 12.

[33] Ex. 1, Eames Decl. ¶ 13.

[34] Ex. 1, Eames Decl. ¶ 13.

[35] Ex. 1, Eames Decl. ¶ 14.

manager approval when they receive this prompt, and is instead falsely reporting their tip income, is in direct violation of Defendants' policy to properly report 100 percent of tips earned.[36]

At the end of the shift, the manager gives the bartender a spreadsheet indicating the amount of tip share the server assistants, hosts and bartenders are entitled to, based on the number of hours they each worked.[37]  Based on the amounts listed in the spreadsheet, the bartender places each employee's tip share in a separate envelope for the employees to pick up the next day.[38]  When the employees pick up their tip share envelopes, the managers instruct them to open their envelopes to confirm that the amount of cash matches the amount of tip share calculated on the spreadsheet.[39]  The spreadsheet is kept in the manager's office with the envelopes so that the employees can confirm that they received the correct amount in their envelopes.[40]  After each employee opens their envelope and confirms the amount inside, each employee signs the spreadsheet confirming that the amount they received is correct.[41]  The managers then input the tips received by employees from the tip share into the POS System, using the amounts on the spreadsheet.[42]

## ARGUMENT

## I.    PLAINTIFF IS NOT ENTITLED TO CONDITIONAL CERTIFICATION

### A.    Legal Standard For Conditional Certification

The FLSA authorizes a plaintiff to file suit on behalf of "other employees similarly

---

[36] Ex. 1, Eames Decl. ¶ 14; Dove Dep. at 153.
[37] Ex. 1, Eames Decl. ¶ 15.
[38] Ex. 1, Eames Decl. ¶ 15.
[39] Ex. 1, Eames Decl. ¶ 16; Dove Dep. at 309.
[40] Ex. 1, Eames Decl. ¶ 16.
[41] Ex. 1, Eames Decl. ¶ 17; Dove Dep. at 309.
[42] Ex. 1, Eames Decl. ¶ 17.

situated," but only if such employees "consent in writing." 29 U.S.C. § 216(b). Court-ordered notice is not automatic. Rather, "district courts have discretion, *in appropriate cases* ... [to] facilit[ate] notice to potential plaintiffs." *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989) (emphasis added). "'Mere allegations in the complaint are not sufficient; some factual showing by affidavit or otherwise must be made'" to warrant conditional certification. *Prizmic v. Armour, Inc.*, No. 05-cv-2503, 2006 U.S. Dist. LEXIS 42627, at *6 (E.D.N.Y. June 12, 2006); *Barfield v. N.Y. City Health & Hosps. Corp.*, No. 05-civ-6319, 2005 U.S. Dist. LEXIS 28884, at *3 (S.D.N.Y. Nov. 18, 2005). To meet their burden of proof, Plaintiff must put forth evidence "sufficient to demonstrate that plaintiffs and potential class members were victims of a common scheme or plan *that violated the law*." *Morales v. Plantworks, Inc.*, No. 05-civ-2349, 2006 U.S. Dist. LEXIS 4267, at *6 (S.D.N.Y. Feb. 2, 2006) (emphasis added). A factual showing that pertains primarily to the named plaintiffs is not enough. *Id.* at *7. Moreover, though a common question may exist among putative collective members, the Court must determine whether that common question can be "answered without individualized inquiries." *Strait v. Belcan Eng'g Grp., Inc.*, 911 F. Supp. 2d 709, 720 (N.D. Ill. 2012).

Plaintiff has failed to establish that she is similarly situated to other employees at her restaurant, much less to members of the putative collective throughout all 36 restaurants. As such, her motion for conditional certification should be denied.

### B.    Plaintiff Is Not Similarly Situated To Putative Collective Members

Plaintiff has moved for conditional certification "on behalf of all current and former 'tipped' employees who worked at any of Apple-Metro's Applebee's restaurant franchises."[43] However, Plaintiff's declaration submitted in support of her motion only includes allegations related to her claim as an indirectly tipped employee (when she worked as a host) and fails to

---

[43] Pl. Br. at 7.

include any allegations related to her claim as a tipped employee (when she worked as a server).[44] In any event, Plaintiff fails to show that she is similarly situated to other hosts or servers at any of Defendants' 36 restaurants.

In order to establish that she is similarly situated to the putative collective, Plaintiff must allege and demonstrate that Defendants maintain an *unlawful* common policy, or that managers at each and every Applebee's restaurant at issue have commonly deviated from Defendants' otherwise lawful policy in the same *unlawful* manner. *Eng-Hatcher v. Sprint Nextel Corp.*, No. 07-civ-7350, 2009 U.S. Dist. LEXIS 127262, at *22 (S.D.N.Y. Nov. 13, 2009) (the existence of a common presumptively legal policy does not warrant certification). Plaintiff has failed to establish that she is similarly situated to members of the putative class because: (1) Plaintiff's claim is too individualized to warrant collective action treatment, and (2) a factual showing pertaining only to deviations from a lawful policy with respect to the named Plaintiff at the one restaurant in which she worked cannot support conditional certification of all 36 restaurants, especially considering that Plaintiff has now conceded that these violations never occurred.[45]

### 1. Plaintiff's claims are too individualized to warrant collective action treatment.

Plaintiff alleges in her declaration submitted in support of this motion that "on many occasions" she received an incorrect "share of the tip pool," which resulted in her being paid less than the minimum wage.[46] Plaintiff also alleges that her "share of the tip pool was very low" and that as a result, she "rarely" earned the minimum wage for each hour that she worked.[47] However, at her deposition, which was taken approximately one month after the date of this

---

[44] *See Marin et al. v. Apple-Metro, Inc. et al.*, Case No. 12-cv-5274 (ENV) (CLP), Dkt. No. 53-12, at ¶¶ 17-18.
[45] Dove Dep. at 399.
[46] *See Marin et al. v. Apple-Metro, Inc. et al.*, Case No. 12-cv-5274 (ENV) (CLP), Dkt. No. 53-12, at ¶ 17.
[47] *Id.* at ¶ 18.

declaration, Plaintiff conceded that the declaration was incorrect, and that "her tip share was never wrong."[48]  It is unclear from Plaintiff's allegations whether she is still claiming, even though "her tip share was never wrong," that she was not always paid minimum wage.  What is clear is that, at best, she is alleging that this did not happen consistently.

Putting aside the obvious lack of specificity in her allegations, courts have held that conditional certification is inappropriate where the determination of a defendant's liability depends on several individual factors.  *See Gillian v. Starjem Rest. Corp.,* No. 10-civ-6056, 2011 U.S. Dist. LEXIS 115833, at *19 (S.D.N.Y. Oct. 4, 2011) (whether the defendant's "alleged rules violated the minimum wage and overtime provisions of the FLSA depends on the number of hours each individual worked on a particular shift, as well as the number of hours each individual worked in a particular week"); *Diaz v. Elecs. Boutique of Am., Inc.,* No. 04-cv-0840E, 2005 U.S. Dist. LEXIS 30382, at *17 (W.D.N.Y. Oct. 17, 2005) (denying certification where plaintiff's claims required examination of when plaintiff and each class member was to work, when they actually worked, whether they were paid for such and whether their supervisor altered their timesheets); *Brickey v. Dolgencorp., Inc.,* 272 F.R.D. 344, 348 (W.D.N.Y. 2011) ("Because plaintiffs have failed, even after an substantial pre-certification discovery, to make a modest factual showing that they were subject to a common policy or practice that violated the law, as opposed to unlawful actions by individual, anomalous managers, their motion for certification of an FLSA collective action is denied.").

In order to determine liability for Plaintiff's allegation that she "rarely" earned the minimum wage, this Court must examine, for each day that Plaintiff (and any putative collective member) worked: (1) the amount of tips the employee actually received; (2) whether the tips

---

[48] Dove Dep. at 399.

were accurately recorded in the POS system (whether by the employee if they worked as a server, or by the manager if they worked as a host); and (3) whether the tips earned brought the employee's cash wage, plus tips, to the standard minimum wage (which under the FLSA is conducted on a weekly basis).[49]  Plaintiff's claims, which require an individual inquiry into the circumstances of each shift that each Plaintiff worked to determine liability, are not appropriate for conditional certification.  *See Gillian,* 2011 U.S. Dist. LEXIS 115833, at *17; *Diaz,* 2005 U.S. Dist. LEXIS 30382, at *16.

> **2.    A factual showing pertaining only to deviations from a lawful policy with respect to the named Plaintiff and the one restaurant in which she worked cannot support conditional certification of all 36 restaurants.**

Plaintiff has the burden to show that she is similarly situated to the employees she proposes to include in the collective action.  *See Ahmed v. T.J. Maxx Corp.*, No. 10-cv-3609, 2013 U.S. Dist. LEXIS 81942, at *33 (E.D.N.Y. June 8, 2013).  In order to establish that she is similarly situated to employees at Defendants' 36 restaurants, Plaintiff must allege and demonstrate that Defendants maintain an *unlawful* common policy throughout all of the other restaurants, or that managers at each and every Applebee's restaurant at issue have commonly deviated from Defendants' lawful policy in the same *unlawful* manner.  *Eng-Hatcher*, 2009 U.S. Dist. LEXIS 127262, at *21 (the existence of a common presumptively legal policy does not warrant certification).

---

[49] The FLSA does not provide a cause of action for "gap-time" claims in which an employee seeks recovery of unpaid time worked under 40 hours.  *Nakahata v. N.Y. Presbyterian Healthcare Sys.*, 2013 U.S. App. LEXIS 14128, at *23 (2d. Cir. July 11, 2013) (citing *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 115 (2d Cir. 2013)).  The FLSA statute requires payment of minimum wages and overtime wages only, *see* 29 U.S.C. §§ 201-19; therefore, plaintiffs cannot recover where wages do not fall below the statutory minimum and hours do not rise above the overtime threshold.  *Id.* (citing *Lundy*, 711 F.3d at 115).  The FLSA is unavailing even when an employee works over 40 hours per week and claims gap-time wages for those hours worked under 40 per week, unless the wages fall below the minimum threshold.  *Id.* (citing *Lundy*, 711 F.3d at 116-17).  This is because the statutory language simply does not contemplate a claim for wages other than minimum or overtime wages.  *Id.* (citing *Lundy*, 711 F.3d at 116-17).

Defendants have a lawful tip sharing policy, which provides that servers tip out three percent of their cash sales, which is split between the bartenders, hosts and server assistants (the positions that help the servers during the service). This policy was explained to Plaintiff at her orientation. Plaintiff claims that when she worked as a host, "[o]n many occasions" her "share of the tip pool was either incorrect, or given to another employee by mistake by the Restaurant manager there during [her] shift."[50] Plaintiff admits that this allegation is inaccurate, and that she did receive all she was due from the tip share.[51] Plaintiff also concedes that it was Defendants' policy to pay its employees the entire amount of their tip share, based on the hours that they worked.[52] She also confirmed that it would be a violation of Defendants' policy if she was to receive less of a tip share than was indicated on the spreadsheet, or if the managers kept any of the tip share for themselves.[53] Therefore, by Plaintiff's own admission, her allegations are limited to individualized deviations from Defendants' lawful tip share policy, which she testified never even happened to her.

Plaintiff cannot meet her burden of showing an *unlawful* common policy, or that managers at each and every Applebee's restaurant have commonly deviated from Defendants' lawful policy in the same *unlawful* manner, as she has failed to even establish that these alleged deviations happened consistently to her. *See Eng-Hatcher*, 2009 U.S. Dist. LEXIS 127262, at *17. Accordingly, Plaintiff's tip share claims are inappropriate for collective action treatment. *See Ahmed*, 2013 U.S. Dist. LEXIS 81942, at *45 (holding that although plaintiffs had offered some evidence that some of defendant's managers flouted defendant's policies, plaintiffs did not show "that such activity was widespread or common practice, or that the managers did so

---

[50] *See Marin et al. v. Apple-Metro, Inc. et al.*, Case No. 12-cv-5274 (ENV) (CLP), Dkt. No. 53-12, at ¶ 17.
[51] Dove Dep. at 399.
[52] Dove Dep. at 305.
[53] Dove Dep. at 81-82, 305-06.

because they were instructed, compelled, forced, or encouraged to do so by other [of defendant's] policies") (quoting *Brickey v. Dolgencorp., Inc.*, 272 F.R.D. 344, 348 (W.D.N.Y. 2011) (denying conditional certification where the plaintiffs could not show that violations of a lawful company policy were widespread or common practice)); *Eng-Hatcher*, 2009 U.S. Dist. LEXIS 127262, at *11 (denying conditional certification where the plaintiff relied on "limited anecdotal hearsay" in the form of her own deposition testimony); *Barfield*, 2005 U.S. Dist. LEXIS 28884, at *3 (denying conditional certification where the plaintiff presented nothing but anecdotal hearsay to suggest that the defendants had a widespread unlawful practice).

Plaintiff has ignored the fact that it is her burden to show that she is similarly situated to the employees *she proposes to include in the collective action.* *See Ahmed*, 2013 U.S. Dist. LEXIS 81942, at *33. Plaintiff has submitted six declarations, which contain no support whatsoever for her motion. In fact, two of the declarations don't even include an allegation that the employee was not paid minimum wage as a result of the alleged deviation from Defendants' tip share policy.[54] Notably, Martina Hanisch ("Hanisch"), a named Plaintiff in the *Marin* action, was the only declaration submitted from a putative class member that worked outside of the restaurant where Plaintiff worked.[55] Hanisch fails to even allege that she was paid less than minimum wage, and only alleges, based on a mistaken belief about Defendants' computer system, that the computer prompted her that she was not making enough in tips to reach the minimum wage.[56] Hanisch also concedes that sometimes her manager abided by company policy and approved the amount of tips she had entered.[57] She alleges that other times, she

---

[54] *See generally Marin et al. v. Apple-Metro, Inc. et al.*, Case No. 12-cv-5274 (ENV) (CLP), Dkt. No. 53-4, 53-6.

[55] *See Marin et al. v. Apple-Metro, Inc. et al.*, Case No. 12-cv-5274 (ENV) (CLP), Dkt. No. 53-4, at ¶ 2.

[56] *See id.* at ¶ 21. Of course, this was not the case. The computer only prompts an employee if the tips reported are less than 10 percent of their gross sales.

[57] *See id.* at ¶ 22.

would falsely increase the amount of tips she was reporting, a violation of company policy.[58]

The remaining declarations are all from employees who worked in Defendants' Jamaica restaurant and lack any detail whatsoever about the alleged violations of Defendants' tip share policy. Even assuming these declarants' allegations are true, they fail to establish any common practice on the part of the managers at the Jamaica restaurant. The declarants merely allege that they believe their portion of the tip share was too low, but they fail to allege why. For example, their portion of the tip share could be low because one of the servers failed to tip out, or because the restaurant had a particularly slow night or because the declarant provided poor service, none of which would result in Defendants' liability. None of this evidence provides any support whatsoever that there is some kind of uniform deviation from Defendants' otherwise lawful tip share policy.

Not only has Plaintiff submitted insufficient evidence to support conditional certification of Defendants' 36 restaurants, but Defendants have submitted significant evidence undermining Plaintiff's claim. Defendants have submitted 19 declarations from hourly employees who worked in 9 different restaurants, who testified that they have not experienced the violations upon which Plaintiff bases her lawsuit (and thus, are not similarly situated). Quite the contrary, these 28 hourly employees confirm that:

- Defendants' tip share policy was explained to them at orientation;[59]
- They have always received the correct tip share amount;[60]

---

[58] *See id.*

[59] Ex. 10, Lee Decl. ¶ 9; Ex. 12, Mazza Decl. ¶ 7; Ex. 9, Klampfer Decl. ¶ 6; Ex. 3, Bembridge Decl. ¶ 8; Ex. 16, White Decl. ¶ 10; Ex. 6, Deluca Decl. ¶ 9; Ex. 4, Cavallo Decl. ¶ 9; Ex. 11, Lopez Decl. ¶ 11; Ex. 13, McMenamy Decl. ¶ 11; Ex. 8, Han Decl. ¶ 9; Ex. 20, Galati Decl. ¶ 9; Ex. 7, Gonzalez Decl. ¶ 3; Ex. 18, Norville Decl. ¶ 3, Ex. 2, Acosta Decl. ¶ 5; Ex. 5, Cruz Decl. ¶ 4; Ex. 14, Santiago Decl. ¶ 4; Ex. 15, Stephens Decl. ¶ 4.

[60] Ex. 10, Lee Decl. ¶ 15; Ex. 12, Mazza Decl. ¶ 3; Ex. 9, Klampfer Decl. ¶ 10; Ex. 3, Bembridge Decl. ¶ 8; Ex. 16, White Decl. ¶ 10; Ex. 6, Deluca Decl. ¶ 9; Ex. 4, Cavallo Decl. ¶ 10; Ex. , McMenamy Decl. ¶11; Ex. 20, Galati Decl. ¶ 10; Ex. 17, Zelaya Decl. ¶ 10; Ex. 19, Wilson Decl. ¶ 13; Ex. 18, Norville Decl. ¶ 7; Ex. 2, Acosta Decl. ¶ 11; Ex. 5, Cruz Decl. ¶¶ 13, 14; Ex. 14, Santiago Decl. ¶ 8; Ex. 15, Stephens Decl. ¶ 12.

- They have always earned at least minimum wage;[61]
- They were never required by their manager to enter inaccurate tips;[62] and
- If there were any mistakes in their portion of the tip share, the managers have always promptly corrected the mistake and paid them properly.[63]

While Plaintiff has a relatively low burden at the conditional certification stage, she is still required to introduce evidence "sufficient to demonstrate that plaintiffs and potential class members were victims of a *common scheme or plan* that violated the law." *Morales*, 2006 U.S. Dist. LEXIS 4267, at *6-7 (emphasis added) (denying conditional certification where Plaintiff relied solely on conclusory allegations that "offered nothing of evidentiary value").

The cases cited by Plaintiff in support of her argument are inapposite. These cases all address allegations of unlawful common policies, not allegations of deviations from lawful policies, as is the case here. *See Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508 (E.D.N.Y. 2011) (allegations that defendants paid a flat, weekly salary regardless of the number of hours worked, failed to pay overtime and improperly deducted from plaintiffs' wages); *Lamb v. Singh Hospitality Grp., Inc.*, No. 11-CV-6060, 2013 U.S. Dist. LEXIS 141429 (E.D.N.Y. Sept. 30, 2013) (allegations of improper deductions, underpayment of overtime and untimely receipt of paychecks); *Mendoza v. Ashiya Sushi 5, Inc.*, No. 12 Civ. 8629, 2013 U.S. Dist. LEXIS 132777 (S.D.N.Y. Sept. 16, 2013) (allegations that defendants paid a flat, weekly salary regardless of the number of hours worked and that defendants failed to pay overtime); *Agudelo v. E & D LLC*, No.

---

[61] Ex. 10, Lee Decl. ¶¶ 14,18; Ex. 12, Mazza Decl. ¶ 13; Ex. 9, Klampfer Decl. ¶ 12; Ex. 3, Bembridge Decl. ¶ 9; Ex. 16, White Decl. ¶ 11; Ex. 6, Deluca Decl. ¶ 11; Ex. 4, Cavallo Decl. ¶¶ 11,12; Ex. 11, Lopez Decl. ¶ 12; Ex. 13, McMenamy Decl. ¶¶ 12, 13; Ex. 8, Han Decl. ¶¶ 11-12; Ex. 20, Galati Decl. ¶ 11; Ex. 17, Zelaya Decl. ¶¶ 11,12; Ex. 7, Gonzalez Decl. ¶ 11; Ex. 19, Wilson Decl. ¶ 14; Ex. 18, Norville Decl. ¶¶ 8, 11; Ex. 2, Acosta Decl. ¶ 11; Ex. 5, Cruz Decl. ¶ 15; Ex. 14, Santiago Decl. ¶ 9; Ex. 15, Stephens Decl. ¶ 12.

[62] Ex. 10, Lee Decl. ¶ 14; Ex. 12, Mazza Decl. ¶ 12; Ex. 9, Klampfer Decl. ¶ 11; Ex. 6, Deluca Decl. ¶ 10; Ex. 4, Cavallo Decl. ¶ 11; Ex. 11, Lopez Decl. ¶ 13; Ex. 13, McMenamy Decl. ¶ 12; Ex. 8, Han Decl. ¶ 11; Ex. 20, Galati Decl. ¶ 10; Ex. 17, Zelaya Decl. ¶ 8; Ex. 19, Wilson Decl. ¶ 14;  Ex. 18, Norville Decl. ¶ 11; Ex. 2, Acosta Decl. ¶ 13.

[63] Ex. 13, McMenamy Decl. ¶ 11; Ex. 20, Galati Decl. ¶ 10; Ex. 19, Wilson Decl. ¶ 13; Ex. 5, Cruz Decl. ¶ 14.

12 CV 0960, 2012 U.S. Dist. LEXIS 160510 (S.D.N.Y. Nov. 5, 2012) (allegations of miscalculated overtime compensation, improper pooling of tips and improper wage notices); *Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 678 F. Supp. 2d 89 (E.D.N.Y. 2010) (allegations of failure to pay overtime).

While *Fasanelli v. Heartland Brewery, Inc.*, 516 F. Supp. 2d 317, 321 (S.D.N.Y. 2007), includes allegations of improper time altering in addition to allegations related to unlawful policies, the case was conditionally certified as to all of the defendants' locations because the plaintiffs submitted declarations from employees in each of the defendants' locations that included specific allegations. Similarly, the Court in *Mendoza* limited certification to only the four restaurants in which plaintiffs offered evidence. *See Mendoza*, 2013 U.S. Dist. LEXIS 132777, at *15. While the plaintiffs worked in two restaurants, the evidence showed that employees were shared between all four restaurants. *Id.* In *Garcia*, the court extended certification to all of the defendants' restaurants, but only because all of the restaurants shared the same employees. *Garcia*, 678 F. Supp. 2d at 93. In this case, unlike those cited by Plaintiff, Plaintiff has failed to identify a common, unlawful policy or practice.

Plaintiff's evidence fails to establish that the alleged deviations happened consistently to her, much less consistently among Defendants' 36 restaurants. The declarations submitted from employees of the Jamaica restaurant fail to even establish liability, much less uniformity, and at best shows that any wrongdoing was aberrational in nature. Defendants have provided substantial and unrebutted evidence that their otherwise lawful policies were being enforced. As a result, Plaintiff's overbroad motion for conditional certification of Defendants' 36 restaurants should be denied.

In the event this Court is inclined to grant conditional certification based on the limited

evidence submitted by Plaintiff, however, it should be limited to the Jamaica restaurant only. *See Trinidad v. Pret a Manger (USA) Ltd.*, No. 12 Civ. 6094, 2013 U.S. Dist. LEXIS 97544, at *28 (S.D.N.Y. July 11, 2013) (conditionally certifying only six of the defendants' 33 stores, because the factually allegations were limited to the locations where the plaintiffs worked, and even in those locations, the allegations of violations were not systematic or uniform); *Lujan v. Cabana Mgmt., Inc.*, No. 10-CV-755, 2011 U.S. Dist. LEXIS 9542, at *25 (E.D.N.Y. Feb. 1, 2011) (conditionally certifying employees at three New York restaurants based on declarations from workers representing each location, but declining to certify employees at the three Florida restaurants because the court lacked "firsthand evidence of violations"); *Laroque v. Domino's Pizza, LLC*, 557 F. Supp. 2d 346, 356 (S.D.N.Y. 2008) (conditionally certifying employees at the store where plaintiffs worked, but declining to certify employees at five other stores where the evidence relating to those five stores amounted to hearsay statements and "generalized allegations of wrongdoing").

## II.   PLAINTIFF FAILS TO EVEN MEET THE PLEADING STANDARD FOR FLSA MINIMUM WAGE CLAIMS

In further support of Defendants' opposition to Plaintiff's motion for conditional certification, Plaintiff fails to even meet the pleading standard for FLSA minimum wage claims. Recent cases further establish the pleading requirements to state a viable FLSA claim. *See Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013) (plaintiff did not state a plausible FLSA overtime claim because he did not allege he worked 40 hours in a given workweek and did not allege "uncompensated time in excess of the 40 hours"); *Nakahata*, 2013 U.S. App. LEXIS 14128, at *18-20 (same); *DeJesus v. HF Mgmt. Servs., LLC*, No. 12-4565, 2013 U.S. App. LEXIS 16105, at *11 (2d Cir. Aug. 5, 2013) (Plaintiff's allegations that "in 'some or all weeks' she worked more than 'forty hours' a week without being paid '1.5'

times her rate of compensation" was insufficient to state an FLSA claim).

The standard announced in *Lundy* has since been applied at the conditional certification stage to dismiss facially inadequate pleadings.  In *Boutros v. JTC Painting and Decorating Corp.*, No. 12-civ-7576, 2013 U.S. Dist. LEXIS 86878, at *10 (S.D.N.Y. June 19, 2013), Judge Engelmayer dismissed, *sua sponte*, Plaintiff's FLSA wage claim, finding that Plaintiff's allegations were "akin to the vague, conclusory pleadings in *Lundy*."  Plaintiff's allegations in *Boutros* that they "regularly" worked more than 40 hours per week, but were paid only straight time wages for that work, was inadequate because they failed to provide "any reference to any particular week in which either plaintiff worked more than 40 hours." *Id.*  Plaintiff has not alleged a claim for unpaid overtime, and therefore "has no claim under FLSA for hours worked below the 40-hour overtime threshold, unless the average hourly wage falls below the federal minimum wage." *Lundy*, 711 F.3d at 115.  However, the degree of specificity required in a complaint does not change simply because the Plaintiff is claiming she is entitled to uncompensated gap time when her wage allegedly fell below the minimum wage.  "Rais[ing] the possibility" of a claim is not enough. *DeJesus*, 2013 U.S. App. LEXIS 16105, at *89.

In the instant case, as in *Lundy* and *Boutros*, Plaintiff's Complaint is facially inadequate. Plaintiff merely alleges that the tip share she received was often (but not always) incorrect.[64] Plaintiff further alleges that in some instances (but not all), she falsely reported inaccurate tip amounts at a manager's direction.[65]  As a result of these violations, Plaintiff alleges Defendants often (but not always) failed to pay her the standard minimum wage.[66]  While Plaintiff claims that Defendants' managers sometimes violated their lawful company policies, which sometimes

---

[64] *See Dove et al. v. Apple-Metro, Inc. et al.*, Case No. 13-cv-01417 (ENV) (CLP), Dkt. No. 14, at ¶¶ 100-03.

[65] *Id.* at ¶¶ 93-94.

[66] *Id.* at ¶ 50.

resulted in her being paid less than minimum wage, she fails to offer any reference to any particular week in which this occurred. Plaintiff doesn't even venture to guess how often she was allegedly improperly paid. These allegations are insufficient to even state a claim under the FLSA, much less support a motion for conditional certification. Therefore, as in *Boutros*, Plaintiff's motion for conditional certification should be denied and her claim dismissed.

## III.   PLAINTIFF'S REQUEST FOR CONFIDENTIAL EMPLOYEE INFORMATION AND ISSUANCE OF NOTICE SHOULD BE DENIED AND APPROVAL OF HER PROPOSED NOTICE SHOULD BE DENIED

Plaintiff has failed to meet her burden to establish that conditional certification should be granted, and therefore her request for employee information for 36 restaurants and approval of her notice should be denied.

Even assuming, *arguendo*, that Plaintiff's motion is granted, courts typically grant requests for the production of the names and last known addresses of potential opt-in plaintiffs only, and therefore, Plaintiff's request for any additional information should be denied. *See Colozzi v. St. Joseph's Hosp. Health Ctr.*, 595 F. Supp. 2d 200, 210 (N.D.N.Y. 2009) ("[P]laintiffs have no need for the additional, inherently private information sought, including e-mail addresses, telephone numbers, social security numbers."). The Court should also permit, as is customary, the parties to confer and submit a jointly acceptable form of notice or permit further briefing by Defendants on this issue. *See Ravenell v. Avis Budget Car Rental, LLC,* No. 08-cv-2113, 2010 U.S. Dist. LEXIS 72563, at *16 (E.D.N.Y. July 19, 2010) (directing parties to confer on form and content of opt in notice and submit a proposed joint notice to the court).

## CONCLUSION

For the reasons stated in this memorandum, Defendants respectfully request that Plaintiff's motion for conditional certification be denied in its entirety.

Date: March 21, 2013
New York, NY

/s/ Craig R. Benson
Craig R. Benson
George B. Pauta
Erin W. Smith
LITTLER MENDELSON
  A Professional Corporation
900 Third Avenue
New York, NY  10022
212.583.9600
cbenson@littler.com
gpauta@littler.com
ewsmith@littler.com

*Attorneys for Defendants*
  *APPLE-METRO, INC., AM NYCF,*
  *LLC, 42ND APPLE, LLC, 117TH*
  *APPLE, LLC, AIRMONT APPLE, LLC,*
  *ASTORIA APPLE, LLC, AT APPLE,*
  *LLC, BAY PLAZA APPLE, LLC, BAY*
  *TERRACE APPLE, LLC, BED-STUY*
  *APPLE, LLC, BROADWAY APPLE,*
  *LLC, BTM APPLE, LLC, CORTLANDT*
  *APPLE, LLC, CROSS COUNTY*
  *APPLE, LLC, CROSSROADS APPLE,*
  *LLC, EB APPLE, LLC, EXPRESSWAY*
  *APPLE, LLC, FLATBUSH APPLE,*
  *LLC, FORDHAM APPLE, LLC,*
  *FRESH MEADOWS APPLE, LLC,*
  *HARLEM APPLE, LLC,*
  *HAWTHORNE APPLE, LLC,*
  *JAMAICA APPLE, LLC, KISCO*
  *APPLE, LLC, MAMARONECK*
  *APPLE, LLC, NEW DORP APPLE,*
  *L.L.C., NEW ROCHELLE APPLE,*
  *LLC, OUTERBRIDGE APPLE, LLC,*
  *PORT CHESTER APPLE, LLC,*
  *QUEENS CENTER APPLE, LLC,*
  *REGO PARK APPLE, LLC,*
  *RIVERDALE APPLE, LLC, S.I. MALL*

19

*APPLE, LLC, SHEEPSHEAD APPLE, LLC, SVC APPLE, LLC, TRIANGLE APPLE, LLC, WHITE PLAINS APPLE, LLC, ZANE TANKEL, ROY RAEBURN, AUBERY DALEY, ROLAND RAYMOND, DEREK PALMER, SUSY QUINTERO, and CHRISTOPHER ANTOINE*