# BORRELLI & ASSOCIATES
## P.L.L.C.
www.employmentlawyernewyork.com

| | |
|---|---|
| 655 Third Avenue | 1010 Northern Boulevard |
| Suite 1821 | Suite 328 |
| New York, NY 10017 | Great Neck, NY 11021 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

April 21, 2015

<u>Via ECF and Facsimile</u>
The Honorable Cheryl L. Pollak
United States Magistrate Judge for the
Eastern District of New York
225 Cadman Plaza East, Room 1230
Brooklyn, New York 11201
Fax: (718) 613-2365

  Re: *Carlos Marin, et al., v. Apple-Metro, Inc., et al.*
     *Case No: 12-cv-5274 (ENV)(CLP),* and
     *Shaunta Dove, et al., v. Apple-Metro, Inc., et al.*
     <u>*Case No: 13-cv-1417*</u>

Dear Judge Pollak:

  As you know, along with our co-counsel, The Ottinger Firm, P.C., we represent the Plaintiffs, Carlos Marin, Kenny Lebron, Martina Hanisch, and Shaunta Dove in these matters, as well as over 900 opt-in Plaintiffs. On April 15, 2015, we submitted a letter motion alerting the Court that Defendants have failed to follow the Court's order to post notice "in a conspicuous area in each of its restaurants" and requesting appropriate relief. Yesterday, April 20, 2015, counsel for Defendants contacted us to propose deadlines for Defendants to file an opposition to Plaintiffs' April 15, 2015 letter, and for us to file a reply to the same. Specifically, Defendants proposed that their opposition should be due on or before April 27, 2015, and that we would file our reply on or before May 1, 2015. In light of the prejudice Plaintiffs have already endured due to Defendants' failure to follow this Court's order to post the notice "in a conspicuous place in each of its restaurants," Plaintiffs proposed to toll the statute of limitations for all potential opt-ins until the Court resolves this issue, and suggested April 24, 2015 as the deadline for opposition, with a reply due by April 29, 2015, allowing the Court to be fully advised of the issues with ample time before the upcoming May 4, 2015 conference.

Defendants evidently took umbrage with Plaintiffs' reasonable opposition to Defendants' requested schedule and disagreed with Plaintiffs' good faith efforts to propose an alternative, shorter schedule. Defendants then filed their April 20, 2015 letter requesting an *even longer* briefing schedule than the one Plaintiffs opposed, not bothering to include the details of the shorter schedule that we believed was necessary.

We submit that our proposed schedule would accomplish three goals: (1) preserve the status quo; (2) avoid further prejudice to potential opt-ins in the face of Defendants' failure to follow this Court's order; and (3) allow the issue to be fully briefed and presented to the Court before the parties' upcoming May 4, 2015 conference before Your Honor. In addition, Plaintiffs further submit that a shorter schedule is warranted because we have already received information that Defendants' posting deficiencies existed in at least three other restaurants, one of which failed to post the notice at all, let alone "in a conspicuous area."

We thank the Court for its consideration of this request.

Respectfully submitted,

Michael R. Minkoff, Esq.<br>*For the Firm*

c: Counsel of Record (via ECF)

MM:lt