

655 Third Avenue
Suite 1821
New York, NY 10017
Tel. No. 212.679.5000
Fax No. 212.679.5005

1010 Northern Boulevard
Suite 328
Great Neck, NY 11021
Tel. No. 516.248.5550
Fax No. 516.248.6027

April 21, 2015

<u>Via ECF and Facsimile</u>
The Honorable Cheryl L. Pollak
United States Magistrate Judge for the
Eastern District of New York
225 Cadman Plaza East, Room 1230
Brooklyn, New York 11201
Fax: (718) 613-2365

    Re:    *Carlos Marin, et al., v. Apple-Metro, Inc., et al.*
              *Case No: 12-cv-5274 (ENV)(CLP), and*
              *Shaunta Dove, et al., v. Apple-Metro, Inc., et al.*
              <u>Case No: 13-cv-1417</u>

Dear Judge Pollak:

      As the Court knows, along with our co-counsel, The Ottinger Firm, P.C., we represent the Plaintiffs, Carlos Marin, Kenny Lebron, Martina Hanisch, and Shaunta Dove in these matters, as well as over 900 opt-in Plaintiffs who have opted-in to this action and consented to our representation of them. As the Court also knows, Outten & Golden, LLP, and Fitapelli & Schaffer, LLP, both represent opt-in Plaintiff Atavia Thomas and a small group of three other opt-in Plaintiffs.[1] Ms. Thomas, through her counsel, has filed a Motion to Intervene in these matters, purportedly seeking to replace the operative Complaints with her Complaint-in-Intervention, and seeking to somehow substitute current Plaintiffs' counsel with her counsel. Relevant to Ms. Thomas's role in these actions, today, lead Plaintiff Carlos Marin informed us that Ms. Thomas's counsel is actively advertising its

---

[1] Those opt-in Plaintiffs are George Figueroa, Corinne Manhattan, and Todd Whittington.

misleading role in these actions on Fitapelli & Schaffer, LLP's website. *See* http://www.fslawfirm.com/blog/2014/05/applebees-lawsuit/ (last accessed, April 21, 2015 at 6:41 p.m.). The Fitapelli & Schaffer advertisement reads as follows:

> On May 15, 2014, Fitapelli & Schaffer, LLP & Outten & Golden LLP, filed a class action lawsuit against Apple-Metro, Inc. d/b/a Applebee's Restaurant ("Applebee's"), who own and/or operate 38 Applebee's restaurants in New York City, Westchester and Rockland counties. Applebee's is a popular restaurant brand. This lawsuit alleges that Applebee's failed to pay proper minimum wages, overtime pay, spread-of-hours pay, and uniform-related expenses to servers, bussers, runners, bartenders, barbacks, hosts, and other tipped workers as required under the New York Labor Law. Additionally, this lawsuit seeks to recover misappropriated tips, unlawful deductions from paychecks, and failure to keep accurate records in violation of the New York Labor Law. We are seeking to represent all tipped workers, including, servers, bussers, runners, bartenders, barbacks, and hosts, employed at Applebee's owned and/or operated by Apple-Metro, Inc., in New York, from May 2008 to present. Eligible employees should call us to join the case. For additional information, please call the employment lawyers at Fitapelli & Schaffer, LLP, (212) 300-0375.

It is unequivocally clear from the text of the advertisement that Ms. Thomas's counsel has been materially misrepresenting their role in these matters in an attempt to convince class members to retain them as counsel. Ms. Thomas's counsel's advertisement falls well outside the bounds of the Rule 7.1(a)(1) of the New York State Rules of Professional Conduct, as it contains arguably truthful though unquestionably misleading statements.[2] As Comment Three to Rule 7.1(a)(1) explains, "[a] truthful statement is misleading if it omits a fact necessary to make the lawyer's communication, considered as a whole, not materially misleading." While Fitapelli & Schaffer, LLP, and Outten & Golden, LLP, indeed "filed a class action lawsuit against Apple-Metro" on May 15, 2014, as the Court knows, that matter was dismissed, and Mr. Marin's counsel is lead class counsel in these matters – not Ms. Thomas's counsel. Ms. Thomas's counsel's advertisement also materially omits several key facts, such as: her counsel does *not* represent the collectives in these actions; Judge Caproni of the United States District Court for the Southern District of New York already denied Ms. Thomas's previous request to

---

[2] This Court has adopted the New York State Rules of Professional Conduct for the purposes of determining whether grounds for discipline or any other relief exist in connection with the activities of this Court. Local Civil Rule 1.5(b)(5).

send out notice in the now-dismissed *Thomas* action; and this Court did not approve any version of the message Ms. Thomas's counsel posted on the Internet.

Making matters worse, our co-counsel, Ari Graff, Esq., of The Ottinger Firm, P.C., previously addressed this improper advertisement with Fitapelli & Schaffer, LLP, in mid-February, citing the very same rule listed above, leading to that firm immediately removing the page from their website. Ms. Thomas's counsel has once-again posted the same misleading advertisement. This is but another example of clear overreaching by Ms. Thomas's overzealous counsel – who, at least in the case of Outten & Golden, LLP, have unsuccessfully and desperately tried to insert themselves into these proceedings since the inception of the *Marin* action.

This egregious repeated violation warrants swift and severe action by the Court. Accordingly, we respectfully request that this Court: (1) order Ms. Thomas's counsel to account for the methods they used to retain any opt-in Plaintiffs who have selected Fitapelli & Schaffer, LLP and Outten & Golden, LLP, to represent them in these actions; (2) order Ms. Thomas's counsel to disclose the length of time they have posted this materially misleading advertisement; (3) provide Mr. Marin's counsel the opportunity to communicate with any opt-ins who have joined Ms. Thomas's group of opt-ins to explain the true roles of the respective plaintiffs' counsel; (4) summarily deny Ms. Thomas's Motion to Intervene,[3] as her counsel's methods here have crossed the seldom-traveled line between gamesmanship and deviousness; and/or (5) any other relief that the Court deems just and proper.

We thank the Court for its consideration of this request.

Respectfully submitted,

/s/ Michael R. Minkoff
Michael R. Minkoff, Esq.
*For the Firm*

c: Counsel of Record (via ECF)

MM:lt

---

[3] Plaintiffs will file a formal opposition to Ms. Thomas's motion on or before the deadline, as set out in the operative briefing schedule.