

Littler Mendelson, PC
900 Third Avenue
New York, NY  10022.3298

George B. Pauta
212.497.8483 direct
212.583.9600 main
646.417.6202 fax
gpauta@littler.com

May 4, 2015

**VIA ECF**

Magistrate Judge Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

      Re:   ***Marin et al. v. Apple-Metro, Inc. et al.***
              Civil Action No. 12-cv-05274 (ENV)(CLP)

              ***Dove et al. v. Apple-Metro, Inc. et al.***
              Civil Action No. 13-cv-01417 (ENV)(CLP)

Dear Judge Pollak:

      We represent Defendants[1] in the above captioned matters.  Per Your Honor's directive during the April 23rd evidentiary hearing and in advance of tomorrow's continuation of Defendants' case-in-chief, we provide the following summary of this matter's procedural history, arguments, and expected testimony.

      On April 15, 2015, Plaintiffs filed a letter motion to extend the current FLSA notice period for current and former employees alike due to allegations that Defendants had not posted the FLSA Notice in all their restaurants for the entire notice period.  In the letter motion, named Plaintiff Carlos Marin claimed that he visited Defendants' Jamaica restaurant and discovered that the FLSA Notice had been posted but covered with schedules and other papers.  (*See Marin* Action, ECF No. 194, at 1-2).

      On April 20, 2015, Defendants filed a letter with the Court requesting that it set a briefing schedule for the motion.  On April 21, 2015, the Court scheduled an evidentiary hearing for April 23rd in order to hear live testimony on the notice issues.  Accordingly, Defendants secured the presence of Timothy Eames, Executive Director of Human Resources and Training, and Oneco Forbes, General Manager of the Jamaica restaurant, to testify at the hearing.

      On April 23, 2015 at 12:15am and without any prior notice to Defendants, Plaintiffs filed affidavits on behalf of former employee Kinjy St. Fleur and current employee Billy Bodoya.  In St. Fleur's affidavit, he claimed that he "never saw or heard about a copy of the Notice about

---

[1] With the exception of Kirk Samlal.

littler.com

Magistrate Judge Cheryl L. Pollak
May 4, 2015
Page 2

these lawsuits posted in the Applebee's restaurant in Astoria until January 12, 2015, when I found out from other employees the Notices were posted in the managers' office, to which only managers have access." (*See Marin* Action, ECF No. 1214, ¶ 4). In Bodoya's affidavit, he claimed that he "specifically searched to try to find if the Notice was posted in the restaurant on April 18th, 19th and 20th, 2015, but I could not locate the Notice anywhere." (*See Marin* Action, ECF No. 213, ¶ 5).

During the evidentiary hearing, Plaintiffs put on their case-in-chief. Specifically, Plaintiffs called named Plaintiff Carlos Marin, who testified to the following:

1. **Jamaica location**. Marin searched for the FLSA Notice in the public areas of the first floor of the restaurant and found that the Notice was posted, but covered by schedules and other papers.

2. **Rego Park location.** Marin searched for the FLSA Notice in the public areas of the restaurant and could not locate it.

3. **Queens Center location.** Marin searched for the FLSA Notice in the public areas of the restaurant and located it on a bulletin board, but it was partially in the shadow of a shelf above it.

4. **Skyview location**. Marin searched for the FLSA Notice in the public areas of the restaurant and could not locate it.

5. **Fresh Meadows location.** Marin searched for the FLSA Notice in the public areas of the restaurant and could not locate it.

Neither Kinjy St. Fleur nor Billy Bodoya attended the hearing.

After Plaintiffs concluded their case in chief, Defendants called Messrs. Eames and Forbes to the stand. Mr. Eames testified that he instructed all managers – during a quarterly meeting and via e-mail – to post the FLSA Notice in a conspicuous place from February 18 to April 20, 2015. Mr. Eames also testified that he instructed all managers to send him a picture of the posted FLSA Notices once posted in their restaurants, to ensure that the notices were posted in a timely and proper manner. With respect to the Jamaica location, Mr. Forbes testified that he posted the FLSA Notice both on the first and second floors of the Jamaica Applebee's (the second floor Notice being posted in the kitchen, where Marin admittedly did not look), and that he had not observed that the first floor FLSA Notice was ever covered by schedules or other documents.

Since Plaintiffs did not give Defendants advance notice of their intention to file affidavits of employees from other locations or of Marin's intention to testify as to other locations besides Jamaica, the Court adjourned the evidentiary hearing until tomorrow, May 5, 2015, in order to allow Defendants to finish their case-in-chief.

Magistrate Judge Cheryl L. Pollak
May 4, 2015
Page 3

### Plaintiffs Have Failed to Establish that Defendants Failed to Comply with Your Honor's Order to Post the Notice in a Conspicuous Area in All Restaurants

Although having called witness Carlos Marin to testify, submitted affidavits from two individuals and introduced numerous exhibits, Plaintiffs have completely failed to meet their burden of proof that Defendants in fact failed to post the FLSA Notices in a conspicuous area for the 60-day FLSA Notice period in all restaurants.

With respect to the Jamaica location, while Plaintiffs may have created an issue of fact as to whether the FLSA Notice posted on the first floor was covered, Mr. Forbes' testimony that the FLSA Notice posted on the second floor was never covered has gone undisputed. As such, Plaintiffs have failed to meet their burden that Defendants failed to post the Notice in a conspicuous area in the Jamaica restaurant.

Plaintiffs have also failed to meet their burden with respect to the other six locations Plaintiffs identified as having insufficient postings. Indeed, even taking Plaintiff Marin's testimony as true, all he has proven is that the FLSA Notices in the three other restaurants he visited (*i.e.* Rego Park, Skyview, and Fresh Meadows) were not in the *areas* of the restaurants in which *he searched*. And in the other restaurant he visited (*i.e.* Queens Center), the photograph he introduced (4/23/15 Evidentiary Hearing, Plaintiffs' Ex. 6) reflects that the notice was not even covered.

With respect to the Astoria location, Mr. St. Fleur's affidavit should be ignored outright because (1) he lied in his affidavit – he is not, as his affidavit reflects, a current employee of Defendants, and (2) he only testified that as of January 12, 2015 (his final day of employment), he did not see the FLSA Notice – but the Notices did not have to be posted until February 18, 2015 (rendering his affidavit useless). Moreover, his affidavit, along with the affidavit of Billy Bodoya (alleging that the FLSA Notice was missing from the Riverdale location) should be disregarded entirely because they allow Defendants no ability to cross examine the witnesses, which is their right under New York law. *See, e.g., Forts v. Ward*, 566 F.2d 849, 851 (2d Cir. 1977) ("[A] judge should not resolve a factual dispute on affidavits or depositions . . . .") (internal quotations and citation omitted); *Schwartz v. 38 Town Assocs.*, 187 A.D.2d 377, 589 N.Y.S.2d 487, 488 (1st Dep't 1992) (affirming trial court's decision to strike direct testimony of witness who failed to return to court for cross-examination).

Accordingly, Plaintiffs have failed to meet their burden of proof and this Court should deny their motion to extend the FLSA Notice period on that basis. If the Court wishes to hear testimony from Defendants' witnesses, however, Defendants will be prepared to offer the following additional testimony tomorrow:

1. **Rego Park location.** General Manager Andrew Keys will testify that the FLSA Notice was posted on the outside of his office door (across from the employee bulletin board) during the entire FLSA Notice period.

Magistrate Judge Cheryl L. Pollak
May 4, 2015
Page 4

2. **Queens Center location.** General Manager Linto Matthew will testify that the posted FLSA Notice was not obscured by shadow and was conspicuous to all employees during the entire FLSA Notice period.

3. **Skyview location.** General Manager Ronald Java will testify that the FLSA Notice was posted in the kitchen (where Marin admitted he did not search) next to the employee communications board during the entire FLSA Notice period.

4. **Fresh Meadows location.** General Manager Danny Jimenez will testify that the FLSA Notice was posted next to the manager's office, which could only be accessed through the kitchen (where Marin admitted he did not search) during the entire FLSA Notice period.

5. **Astoria location (St. Fleur affidavit).** General Manager John Walsh will testify that the FLSA Notice was posted outside the kitchen during the entire FLSA Notice period.

6. **Riverdale location (Bodoya affidavit).** General Manager Eduardo Clement will testify that the FLSA Notice was posted in the kitchen, next to the schedules, on a wooden panel during the entire FLSA Notice period.

This testimony will conclusively demonstrate that Defendants followed the Court's order and posted the FLSA Notices in a conspicuous area of the restaurants for the entire FLSA Notice period.

Plaintiffs have made serious allegations against Defendants without any evidentiary basis. This could have easily been avoided. Upon entering any of Defendants' restaurants, Plaintiff Marin could have easily approached a manager and asked him or her to show him the FLSA Notice posted in the restaurant, or Plaintiffs' counsel could just as simply have reached out to Defendants' counsel for confirmation that the FLSA Notices had been posted in those restaurants. Instead, Plaintiffs have made baseless and irresponsible allegations, which have resulted in a large waste of the Court's time and resources.

Based on the foregoing, including Plaintiffs' overwhelming lack of evidence, we ask that the Court deny Plaintiffs' motion to extend the FLSA Notice period.

Thank you.

Respectfully yours,

George B. Pauta

cc: Counsel of Record (via ECF)