UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS MARIN, KENNY LEBRON, and MARTINA HANISCH, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br> -against-<br><br>APPLE METRO, INC., et al.,<br><br>       Defendants. | Case No. 12 Civ. 5274<br>(ENV)(CLP) |
| SHAUNTA DOVE, on behalf of herself and all others similarly situated,<br><br>       Plaintiffs,<br><br> -against-<br><br>APPLE METRO, INC., et al.,<br><br>       Defendants. | Case No. 13 Civ. 1417<br>(ENV)(CLP) |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE THE JULY 27, 2018 AFFIDAVIT OF M. PATRICIA SMITH

**Date of Service:**

September 25, 2018
New York, New York

**LITTLER MENDELSON, P.C.**
900 Third Avenue
New York, NY 10022
(212) 583-9600

*Attorneys for Defendants*

## TABLE OF CONTENTS

Page(s)

PRELIMINARY STATEMENT ................................................................................................1

RELEVANT FACTS AND PROCEDURAL HISTORY ............................................................1

    I.     HISTORY OF SUMMARY JUDGMENT BRIEFING.........................................1

    II.    THE POST-ORAL ARGUMENT FILING OF THE SMITH AFFIDAVIT .........4

ARGUMENT ..................................................................................................................................4

    I.     LEGAL STANDARD ..........................................................................................4

    II.    THE JULY 27, 2018 AFFIDAVIT OF M. PATRICIA SMITH IS
          INADMISSIBLE ...................................................................................................5

          A.     The Information Contained in the Smith Affidavit Cannot Be
                Considered As Part of the Applicable Regulatory History .........................5

          B.     M. Patricia Smith Does Not Have Personal Knowledge from the
                Time Period at Issue ...................................................................................6

          C.     The Smith Affidavit Is Untimely .................................................................7

          D.     Plaintiffs Failed to Name M. Patricia Smith as a Witness In
                Violation of Fed. R. Civ. P. 26(e)(1)(A) .....................................................8

          E.     The Smith Affidavit Is Significantly More Prejudicial Than
                Probative ......................................................................................................9

CONCLUSION ...............................................................................................................................10

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Bd. of Managers of Mason Fisk Condominium v. 72 Berry St., LLC*,
   801 F. Supp. 2d 30 (E.D.N.Y. 2011) ...................................................................................7

*Ebewo v. Martinez*,
   309 F. Supp. 2d 600 (S.D.N.Y. 2004) ..................................................................................8

*FTC v. Instant Response Sys.*,
   2015 U.S. Dist. LEXIS 49060 (E.D.N.Y. Apr. 14, 2015) .....................................................5

*Halpert Enterprises, Inc. v Harrison*,
   2008 WL 4585466 (2d Cir. Oct. 15, 2008) ..........................................................................7

*Hollander v. American Cyanamid Co.*,
   172 F.3d 192 (2d Cir. 1999) .................................................................................................5

*Perez v. Mortgage Bankers Ass'n*,
   135 S. Ct. 1199 (2015) .........................................................................................................6

*Summa v. Hoftstra Univ.*,
   708 F.3d 115 (2d Cir. 2013) .................................................................................................5

*Ventra v. United States*,
   121 F. Supp. 2d 326 (S.D.N.Y. 2000) ..................................................................................8

**Statutes & Regulations**

12 N.Y.C.R.R. § 146-1.3 ..............................................................................................................2, 3

**Rules**

Fed. R. Civ. P. 26 ..............................................................................................................................8

Fed. R. Civ. P. 37 ..............................................................................................................................8

Fed. R. Civ. P. 56 ..................................................................................................................1, 5, 10

Fed. R. Evid. 403 .......................................................................................................................9, 10

**Other Authorities**

2 Am. Jur. 2d Administrative Law § 523 (2018) .............................................................................5

About NELP,
    https://www.nelp.org/about-us/ (last visited Sept. 24, 2018) ..................................................4

NELP, Search Page, "Tip Credit,"
    https://www.nelp.org/search/?s_term=%22tip+credit%22 (last visited Sept. 25, 2018) .......10

NYS Register/October 20, 2010, Action Pending Index,
    *available at* https://docs.dos.ny.gov/info/register/2010/oct20/pdfs/actionpending.pdf (last
    visited Sept. 24, 2018) .......................................................................................................3

Patricia Smith, Senior Counsel,
    https://www.nelp.org/expert/patricia-smith/ (last visited Sept. 24, 2018) ..............................4

PN319 — M. Patricia Smith — Department of Labor, Actions,
    https://www.congress.gov/nomination/111th-congress/319 (last visited Sept. 24, 2018) .......4

Defendants Apple-Metro, Inc. *et al.*[1] respectfully request entry of an Order Pursuant to Rule 56(c)(4) of the Federal Rules of Civil Procedure striking the eleventh hour July 27, 2018 Affidavit of M. Patricia Smith (*Marin*, Dkt. No. 322-1), which Plaintiffs filed in purported support of their Supplemental Post-Hearing Brief in Opposition to Defendants' Objections to Judge Pollak's Report and Recommendation ("R&R").

## PRELIMINARY STATEMENT

Faced with compelling evidence from the New York Department of Labor in two separate opinion letters that only ***actual notice*** – not written notice – of pay rates is required to take the tip credit (which would conclusively preclude summary judgment in their favor), Plaintiffs have resorted to submitting an untimely, biased, prejudicial, and ultimately inadmissible affidavit from M. Patricia Smith ("Smith Affidavit"). Since, for many reasons, the Smith Affidavit is inadmissible in this proceeding, it should be stricken from the record in its entirety.

## RELEVANT FACTS AND PROCEDURAL HISTORY

### I. HISTORY OF SUMMARY JUDGMENT BRIEFING

On November 4, 2016 – before discovery had concluded – Plaintiffs moved for partial summary judgment on behalf of 60 opt-in plaintiffs on tip credit notice and NYLL § 195(1) claims. Notwithstanding evidence that everyone was paid properly and had actual notice of their pay rate, Plaintiffs argued that Defendants violated New York Labor Law by failing to provide named and opt-in Plaintiffs with technically correct written notice of their regular and overtime pat rates upon hire. Plaintiffs claimed that these violations led to both the loss of the tip credit and up to $5,000 in penalties per plaintiff. (*Marin*, ECF No. 277, at 29-36).

---

[1] Except for individually named defendant Kirk Samlal.

1

In opposition to Plaintiffs' motion for partial summary judgment, Defendants argued, *inter alia*, that written notice was not required. (*Marin*, ECF No. 277, at 34-36). Specifically, Defendants pointed to a 2015 Opinion Letter issued by Pico Ben-Amotz, the General Counsel to the New York Department of Labor ("NYDOL"), which reflected the NYDOL's interpretation of the tip credit notice regulation at issue, 12 N.Y.C.R.R. § 146-1.3. The Opinion Letter, after setting forth the rationale for its holding, stated that only *actual notice*, not written notice, of the proper wage rates was required. (*Marin*, ECF No. 284, at 34-35).

In reply, Plaintiffs argued that notwithstanding its clear terms, the Ben-Amotz Opinion Letter was not entitled to deference and that it did not actually reflect the NYDOL's current interpretation of 12 N.Y.C.R.R. § 146-1.3. (*Marin*, ECF No. 290, at 21-23).

On October 4, 2017, Judge Pollak issued her R&R on Plaintiffs' Motion for Partial Summary Judgment and held, *inter alia*, that written notice – not actual notice – was required to take the tip credit. (*Marin*, ECF No. 293, at 73). In reaching this finding, Judge Pollak completely disagreed with the NY Department of Labor's opinion letter and afforded it no deference whatsoever.

Consequently, on November 22, 2017, Defendants served Objections to Judge Pollak's R&R. In their Objections, Defendants highlighted that the regulatory history demonstrates that New York Labor Law does not require written notice, as reflected in the 2015 Ben-Amotz Opinion Letter and a subsequent Opinion Letter issued by James Rogers, the Deputy Commissioner of the NYDOL. (*Marin*, ECF No. 302, at 28-33). Specifically, Defendants pointed to the Opening Statement and Charge filed by then-Commissioner of Labor M. Patricia Smith, dated March 31, 2009, which asked:

> ***Under federal law***, in order to receive a tip allowance, employers must inform tipped employees that they are getting a lower rate based on receipt of gratuities,

2

and must also keep an accurate record of tips received by employees. Employers who do not do so may not receive a tip allowance. ***Should the Wage Orders be amended to conform with federal law in this respect?***

(*Marin*, ECF No. 302, at 29 (quoting ECF No. 303-2, at 2 (emphasis added))). As stated in Defendants' briefs, written notice is conclusively not required under federal law.

In response to the aforequoted question, the Wage Board agreed, and then-Commissioner Smith, on November 5, 2009, "accept[ed] the recommendation to require employers to notify tipped employees of any tip allowances that will be taken and to disallow the tip allowance if such notice is not given." (*Marin*, ECF No. 302, at 30 (quoting *Marin*, ECF No. 303-2, at 19)). There was no mention of any written requirement, as that would have been more onerous than what was required under federal law.

Smith left office in February 2010. Regulations were ultimately issued in October 2010, adopted in December 2010, and went into effect in January 2011. *See* NYS Register/October 20, 2010, Action Pending Index, at 41, *available at* https://docs.dos.ny.gov/info/register/2010/oct20/pdfs/actionpending.pdf (last visited Sept. 24, 2018) (listing "all proposed rules which are currently being considered for adoption," including "LAB-42-10-00005-P. 10/20/11 Hotel and Restaurant Wage Orders. Combine the Hotel and Restaurant Wage Orders into one Wage Order titled Hospitality Wage."); 12 N.Y.C.R.R. § 146-1.3 (noting an adoption date of December 29, 2010 and an effective date of January 1, 2011).

Defendants have not been able to identify any reference in the regulatory history that *written* notice is a prerequisite to taking the tip credit, and Plaintiffs point to none. One would think that if such a radical change from federal to state law was contemplated, that it would be expressly addressed. It is not.

As stated, Defendants served their opposition to Judge Pollak's decision in November

3

2017. In their reply, which was served on January 9, 2018, Plaintiffs had an opportunity to serve an affidavit from M. Patricia Smith in Opposition to Defendants' Objections to Judge Pollak's R&R. They did not. Indeed, Plaintiffs did not even address the regulatory history in relation to the NYDOL's current position, as reflected in the Ben-Amotz and Rogers Opinion Letters, that written notice is not required. (*Marin*, ECF No. 304, at 37-40).

## II.     THE POST-ORAL ARGUMENT FILING OF THE SMITH AFFIDAVIT

The parties had oral argument before the Court on July 17, 2018. Along with their post-argument submission (an opportunity that is not even usually provided to parties), and in a completely new tactic to respond to Defendants' argument that written notice of the tip credit was not required, Plaintiffs submitted the Smith Affidavit. Smith worked as the NYDOL Commissioner from 2007 until February 2010. *See* PN319 — M. Patricia Smith — Department of Labor, Actions, https://www.congress.gov/nomination/111th-congress/319 (last visited Sept. 24, 2018).

Tellingly, Smith's current position is omitted from the affidavit (as was the specific month she left the NYDOL). In fact, Smith currently acts as Senior Counsel to the National Employment Law Project, which is an employee rights not-for-profit. Patricia Smith, Senior Counsel, https://www.nelp.org/expert/patricia-smith/ (last visited Sept. 24, 2018). It describes itself as follows: "NELP has sought to ensure that America upholds for all workers her promise of opportunity and economic security through work. NELP fights for policies to create good jobs, expand access to work, and strengthen protections and support for low-wage workers and the unemployed." About NELP, https://www.nelp.org/about-us/ (last visited Sept. 24, 2018).

## ARGUMENT

## I.     LEGAL STANDARD

Summary judgment is appropriate where the admissible evidence and pleadings

4

demonstrate no genuine dispute as to any material fact and the movant is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Summa v. Hoftstra Univ.*, 708 F.3d 115, 123 (2d Cir. 2013). "'A party asserting that a fact is genuinely disputed must support the assertion by citing to particular parts of the materials in the record' such as depositions, affidavits, admissions, or other documentation." *See FTC v. Instant Response Sys.*, 2015 U.S. Dist. LEXIS 49060, at *11 (E.D.N.Y. Apr. 14, 2015) (citing Fed. R. Civ. P. 56(c)(1)(A)). Additionally, Rule 56(c)(4) further requires that affidavits used in summary judgment briefings must be "made on personal knowledge" and "set out facts that would be admissible in evidence." *See* Fed. R. Civ. P. 56(c)(4). Accordingly, a court may strike an affidavit that violates this rule. *See Hollander v. American Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999).

Here, the Smith Affidavit is inadmissible for no less than five reasons. Accordingly, it should be stricken from the record and not considered in deciding Plaintiffs' Motion for Partial Summary Judgment.

## II. THE JULY 27, 2018 AFFIDAVIT OF M. PATRICIA SMITH IS INADMISSIBLE

### A. The Information Contained in the Smith Affidavit Cannot Be Considered As Part of the Applicable Regulatory History

As an initial matter, the Court should not consider the Smith Affidavit when deciding whether the regulatory history of the relevant regulations supports Defendants' position. It is well-settled that "[i]n informal rule-making case, the 'whole record,' which the Administrative Procedure Act (APA) requires the reviewing court to review in measuring the validity of the agency action, is comprised of the comments received; hearings held, if any; and the basis and purpose statement." 2 Am. Jur. 2d Administrative Law § 523 (2018). It is not comprised of an affidavit from an individual who was only partially involved in the regulatory process, attempting to remember events that occurred almost a decade ago. For this reason alone, the

Smith Affidavit should be stricken from the record.

Moreover, the statements contained in the Smith Affidavit actually contradict the regulatory history itself. Smith claims that the NYDOL always intended written notice to be required before an employer could take the tip credit. (*Marin*, ECF No. 322, ¶ 9). However, as stated above, the *admissible* regulatory history – in fact, even Smith's own Opening Statement and Charge – demonstrates that the NYDOL intended to mirror its own notice requirements after federal law – i.e., with no written component.

Accordingly, the Smith Affidavit should be stricken from the record both because it cannot properly be considered as part of the regulatory record and because it conflicts with the actual regulatory record.[2]

### B. M. Patricia Smith Does Not Have Personal Knowledge from the Time Period at Issue

The Smith Affidavit should also be stricken because Smith does not have personal knowledge of the NYDOL's intent regarding the ***specific regulations at issue here***. Specifically, Smith only worked as the Commissioner until February 2010. The proposed regulations were not published until October 2010 and only adopted in December 2010. During the eight-month gap between when Smith left the NYDOL and when the proposed regulations were published, the NYDOL undoubtedly had numerous discussions, circulated new and different drafts, and could have otherwise completely changed the intent behind the final proposed regulations. From a timing perspective, it's likely that Smith did not even have any involvement in drafting or

---

[2] Assuming, *arguendo*, that Smith is correct that the NYDOL under her leadership originally intended written notice to be required – a position that, again, is not supported by regulatory history or the NYDOL's 2015 and 2016 Opinion Letters – it is of no moment. Government agencies are permitted to change how they interpret their own regulations over time without any procedural oversight. *See Perez v. Mortgage Bankers Ass'n*, 135 S. Ct. 1199, 1206 (2015) (acknowledging the Department of Labor's right to change its interpretation of the application of the Fair Labor Standards Act's exemptions to mortgage-loan officers four years after it issued an opinion letter on the issue).

6

approving the language that made it into the regulation itself.

The point is that Smith has no personal knowledge of any of this and is simply not in a position to render statements in this regard one way or the other. Moreover, even if Smith had another idea in mind, the new Commissioner at that time, Colleen Gardner, could have had different policy objectives and changed the NYDOL's intent with respect to the regulations. In the end, that is why the law is clear as to what can, and cannot, be relied upon in this regard. Defendants' arguments are based on the actual regulatory history and the official position of the Department of Labor. The Smith Affidavit is speculative and has no evidentiary foundation.

Since Smith does not have personal knowledge regarding the intent behind the *actual* regulations that were passed and made effective in 2011, her opinion as to the intent behind the NYDOL's actions *before* those regulations were written and passed is irrelevant. Accordingly, the Smith Affidavit should be stricken from the record because it is not based on personal knowledge.

        C.       **The Smith Affidavit Is Untimely**

Next, the Court should strike the Smith Affidavit because the argument it supports – that the original intention of the NYDOL in passing its 2011 regulations was to require written notice of the tip credit – was only raised for the first time *after* all briefings and the Court's July 17th oral argument.

It is well-established that "[a]rguments raised for the first time at oral argument are generally deemed waived." *See Bd. of Managers of Mason Fisk Condominium v. 72 Berry St., LLC*, 801 F. Supp. 2d 30, 39 (E.D.N.Y. 2011); *see also Halpert Enterprises, Inc. v Harrison*, 2008 WL 4585466, at *3 (2d Cir. Oct. 15, 2008) ("Furthermore, given Halpert's failure to mention this argument in . . . its memorandum, raising any such claim even explicitly at oral argument would have been to no avail."). In this case it is even worse for Plaintiffs. This

7

argument, and the accompanying affidavit, was submitted *after* oral argument.

Considering that Plaintiffs only submitted the Smith Affidavit – which argues for the first time that the original intention of the NYDOL in passing its 2011 regulations was to require written notice of the tip credit – in a post-oral argument submission, the Affidavit is not part of the summary judgment record and should be stricken as inadmissible.

### D. Plaintiffs Failed to Name M. Patricia Smith as a Witness In Violation of Fed. R. Civ. P. 26(e)(1)(A)

As a fourth basis, even if the Smith Affidavit were substantively sound, and it is indisputably not, it is still inadmissible because Plaintiffs failed to adhere to Fed. R. Civ. P. 26(e)(1)(A). This rule imposes upon all parties a continuing obligation to disclose discoverable information "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ."

Furthermore, Fed. R. Civ. P. 37(c)(1) provides, in relevant part: "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. " *See also Ebewo v. Martinez*, 309 F. Supp. 2d 600, 606-07 (S.D.N.Y. 2004) (striking an affidavit submitted by plaintiff in opposition to a motion for summary judgment because plaintiff did not identify the affiant beforehand). Its purpose is to prevent the practice of "sandbagging" an opposing party with new evidence. *Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000).

Sandbagging is exactly what happened here. In this case, Plaintiffs never disclosed M. Patricia Smith as a potential witness, despite having notice as early as November 22, 2017 – when Defendants served their Objections to the R&R – that they were relying on the regulatory history of the NYDOL's tip credit notice regulations to support their position. Defendants have

8

been given no opportunity to depose Smith. She holds no current position of authority and is nothing more than a lay witness.

Since Plaintiffs did not revise their Initial Disclosures for over six months and only disclosed M. Patricia Smith's name as a potential witness by filing her affidavit along with their post-argument submission, it should be stricken from the record as inadmissible.

### E. The Smith Affidavit Is Significantly More Prejudicial Than Probative

Finally, the Smith Affidavit should be stricken because it violates Federal Rule of Evidence 403 – "its probative value is substantially outweighed by a danger of . . . unfair prejudice."

As stated above, the Smith Affidavit has extremely limited probative value because (1) the Smith Affidavit is not part of the regulatory record, (2) Smith was not even Commissioner when the regulations at issue were written, proposed, or enacted, and lacks the requisite personal knowledge, and (3) it is the interpretation as reflected in the Ben-Amotz and Rogers Opinion Letters that is controlling.

On the other hand, consideration of the Smith Affidavit would be extremely prejudicial. The Affidavit was filed at the eleventh hour – after multiple rounds of briefing had occurred and even after oral argument before this Court. Moreover, the information contained in the Affidavit has not been tested or explored by Defendants. In particular, Defendants have not had a chance to depose Smith to determine the details surrounding the conclusory statements in her affidavit, or to test her memory of events that happened almost a decade ago. Defendants have not had the opportunity to subpoena other NYDOL officials who were present during the relevant regulatory process to determine if Smith's personal opinion actually reflects the agency's then-interpretation

9

of the regulations that were eventually passed after Smith left her post as Commissioner.[3]

Finally, it is significant that Smith is currently the Senior Counsel to the National Employment Law Project – an employee rights not-for-profit. As such, she is inherently biased towards pro-employee rights, such as the position the Plaintiffs are espousing in this litigation. In fact, the National Employment Law Project is significantly involved – against employers – in tip credit issues across the United States. *See* NELP, Search Page, "Tip Credit," https://www.nelp.org/search/?s_term=%22tip+credit%22 (last visited Sept. 25, 2018). Considering an affidavit by an extremely biased individual would also cause great prejudice to Defendants.

Overall, it is clear that the probative value of the Smith Affidavit is greatly outweighed by the prejudice the Defendants would experience if it were accepted into evidence at all, let alone at this late hour. Accordingly, the Smith Affidavit should also be struck pursuant to Fed. R. Evid. 403.

## CONCLUSION

Accordingly, for all the reasons discussed above, Defendants respectfully request that the Court grant their Motion to Strike the July 27, 2018 Affidavit of M. Patricia Smith from the record in considering Plaintiffs' Motion for Partial Summary Judgment.

Dated: New York, New York
      September 25, 2018

*s/ Craig R. Benson*
Craig R. Benson
Christine L. Hogan
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022
Tel: (212) 583.9600

*Attorneys for Defendants APPLE-METRO,*

---

[3] If the Court does not immediately strike the Affidavit, Defendants respectfully request an opportunity to conduct further discovery on the information contained within the Smith Affidavit (including deposing Smith) and to submit additional briefing on the admissibility of her affidavit and related evidence.

*INC., AM NYCF, LLC, 42ND APPLE, LLC, 117TH APPLE, LLC, AIRMONT APPLE, LLC, ASTORIA APPLE, LLC, AT APPLE, LLC, BAY PLAZA APPLE, LLC, BAY TERRACE APPLE, LLC, BED-STUY APPLE, LLC, BROADWAY APPLE, LLC, BTM APPLE, LLC, CORTLANDT APPLE, LLC, CROSS COUNTY APPLE, LLC, CROSSROADS APPLE, LLC, EB APPLE, LLC, EXPRESSWAY APPLE, LLC, FLATBUSH APPLE, LLC, FORDHAM APPLE, LLC, FRESH MEADOWS APPLE, LLC, HARLEM APPLE, LLC, HAWTHORNE APPLE, LLC, JAMAICA APPLE, LLC, KISCO APPLE, LLC, MAMARONECK APPLE, LLC, NEW DORP APPLE, L.L.C., NEW ROCHELLE APPLE, LLC, OUTERBRIDGE APPLE, LLC, PORT CHESTER APPLE, LLC, QUEENS CENTER APPLE, LLC, REGO PARK APPLE, LLC, RIVERDALE APPLE, LLC, S.I. MALL APPLE, L.L.C., SHEEPSHEAD APPLE, LLC, SVC APPLE, LLC, TRIANGLE APPLE, LLC, WHITE PLAINS APPLE, LLC, ZANE TANKEL, ROY RAEBURN, AUBERY DALEY, ROLAND RAYMOND, DEREK PALMER, SUSY QUINTERO, and CHRISTOPHER ANTOINE*