

Advocates for Workplace Fairness

May 16, 2022

**Via ECF**
The Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East, Room 1230
Brooklyn, New York 11201

      Re:    *Marin, et al. v. Apple-Metro, Inc., at al.*, No. 12 Civ. 5274 (E.D.N.Y.)
               *Dove, et al. v. Apple-Metro, Inc., at al.*, No. 13 Civ. 1417 (E.D.N.Y.)

Dear Judge Pollak:

      We represent the Plaintiffs and approximately 1,100 members of two FLSA collectives in the above-referenced cases. We write pursuant to the Court's practices to raise a discovery dispute regarding timekeeping and earnings data requested by the Plaintiffs.

      These consolidated cases allege that Defendants altered timekeeping records and forced hourly-paid employees to work off the clock (as alleged in *Marin*, with approximately 724 opt-ins); and failed to properly pay tipped workers using an illegal tip-sharing scheme (as alleged in *Dove*, with approximately 380 opt-ins). Both cases also raise claims for improper wage statements and notices, and seek certification of Rule 23 classes under New York Labor Law. Plaintiffs anticipate filing motions for Rule 23 class certification at the close of the current phase of discovery.

      Plaintiffs have requested production of data that show (a) the dates and times that Defendants recorded as employees' clock-in and clock-out times; (b) the wages that Defendants paid to their employees; and (c) the tips employees received, including tips distributed from the tip share. The data are stored on Rosnet, a vendor-hosted database system that Defendants use in the ordinary course of business to operate their restaurants and manage their workforce. Although Defendants use Rosnet through an interface that allows only limited queries of the data, they can submit requests for historical information or custom reports to the vendor, which has access to the "back end" of the database. The data Plaintiffs have requested are reflected in standard, "canned" reports that are pre-assembled within Rosnet.

**New York**  685 Third Avenue  25th Floor  New York, NY 10017  Tel (212) 245-1000  Fax (646) 509-2060
**San Francisco**  One California Street  12th Floor  San Francisco, CA 94111  Tel (415) 638-8800  Fax (415) 638-8810
**Washington DC**  601 Massachusetts Ave NW  Suite 200W  Washington, DC 20001  Tel (202) 847-4400  Fax (202) 847-4410

www.outtengolden.com

      Defendants have objected to producing these data. Their objections have shifted between overbreadth and burden/proportionality. Neither objection is valid.

**Overbreadth**: Defendants' most recent assertion has been that discovery about basic timekeeping and wage payment information is not within the scope of current discovery because a Rule 23 class has not yet been certified. That gets it exactly backwards. Evidence that is probative of the classwide allegations in this case is relevant *precisely because* it is also relevant to proving that class certification is proper.

      It is now black-letter law that a "party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc. . . . Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 131 S. Ct. 2541, 2551 (2011) (emphasis in original). Because Plaintiffs must meet this burden to demonstrate that their claims are provable on a class-wide basis, they are entitled to discovery about the prospective class members they seek to represent. *See Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982) ("[T]here can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied."); *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 298 (S.D.N.Y. Sept. 10, 2012) (compelling production of classwide data to give plaintiff the opportunity to meet the class certification burden); *Rahman v. Smith & Wollensky Rest. Grp.*, 06 Civ 6198, 2007 WL 1521117, at *3 (S.D.N.Y. May 24, 2007) (pre-certification discovery "is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate").

      Data reflecting Defendants' timekeeping and wage payment practices could not be more fundamental to a wage & hour case like this one. The data will either directly demonstrate the truth of Plaintiffs' allegations, or they will demonstrate that Defendants falsified their own records. *See Marin*, ECF No. 23 (Second Amended Complaint) ¶¶ 3, 101-110, 114-116, 118, 121; *Dove*, ECF No. 15 (First Amended Complaint) ¶¶ 5-8, 92-95.[1] Either way, they are well within the scope of discovery.

**Burden/Proportionality**: Defendants have also asserted that the data should not be produced based on a proportionality objection; but a full consideration of the proportionality factors demonstrates why this objection cannot be sustained.

      Defendants have argued to Plaintiffs that a sample of the requested data should be sufficient to the needs of the case, at least prior to class certification. But this approach is inefficient because it would require two separate data pulls; one now, to collect the "sample;" and another data pull later, after a class has been certified. This would more than double whatever burden is involved in running canned reports from historical data, because the sample

---

[1] Or, perhaps, a jury could believe that the records are accurate and Plaintiffs' testimony untrustworthy. While this would be a difficult position for Defendants to sustain, even in this scenario the data would be probative of the issues in the case.

would likely require more direct involvement by an administrator to structure the sample in a randomized and representative fashion (Defendants have not proposed a sampling protocol). And Defendants have certainly not offered to stipulate to the representativeness of any sample of data for purposes of class certification.  *Cf. Chen-Oster*, 285 F.R.D. at 307 (permitting defendant to produce limited data prior to class certification only if it would stipulate to its representativeness for class certification purposes).  That makes the complete dataset probative of the issues in the case, and demonstrates how the likely value of the data outweighs the burden involved in Defendants' more piecemeal approach.  Furthermore, the fundamental differences between a sample and the complete set boil down to simply a) machine time to generate the larger export, and b) a larger file containing more rows of data.  This is not a meaningful burden.

Defendants have suggested in the meet-and-confer process that producing the data is burdensome, but they have not quantified this burden (for example, by providing a cost estimate from the vendor).  In any event, such assertions are not credible.  Defendants use the Rosnet database in the ordinary course of business, and should have ready access to the vendor they contract with to access their own data.  They have not represented to Plaintiffs that the vendor would charge any fee to run canned reports, much less provided a specific dollar amount as a cost estimate.  In such circumstances, courts have rejected similar burden arguments as "overblown."  *Chen-Oster*, 285 F.R.D. at 302, 307.  It is, of course, the purpose of a database to make the underlying data it stores readily accessible to the user.

The data Plaintiffs seek are one of the most fundamental sources of relevant evidence in this case.  Whether the data are accurate, manipulated, or in some other state, they are relevant to Plaintiffs' claims, and should be produced.

A status conference is currently scheduled in this case for May 24, 2022.  Plaintiffs respectfully request permission to address this matter at the upcoming status conference.

Respectfully Submitted,

Michael J. Scimone

C:      All Counsel of Record (via ECF)