

**Littler Mendelson, P.C.**
375 Woodcliff Drive
Suite 2D
Fairport, NY  14450

Jessica F. Pizzutelli
585.203.3403 direct
585.203.3400 main
585.486.1605 fax
jpizzutelli@littler.com

May 23, 2022

**VIA ECF**

The Honorable Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East, Room 1230
Brooklyn, New York 11201

Re: Marin, et al. v. Apple-Metro, Inc., at al., No. 12 Civ. 5274 (E.D.N.Y.)
Dove, et al. v. Apple-Metro, Inc., at al., No. 13 Civ. 1417 (E.D.N.Y.)

Dear Judge Pollak:

Defendants[1] respectfully submit this letter in opposition to Plaintiffs' May 16, 2022 letter. Plaintiffs claim they are entitled, **prior to any class being certified**, to voluminous (and confidential) individual time and payroll reports for **thousands** of non-party, potential individual class members. More specifically, Plaintiffs are requesting the production of time and payroll reports for every single non-managerial employee at every single one of Defendants' restaurants **for the sixteen (16) year time period of October 22, 2006 to the present** ("Structured ESI"). The time punch reports alone that Plaintiffs seek include data for every single day that every single hourly employee worked at any of Defendants' restaurants, for a 16 year time period, including: when the employee's shift began, when the employee's shift ended, how many hours the employee worked, the employee's pay rate, and the amount the employee was paid, along with other data points.

Defendants oppose this disproportional, irrelevant, premature, overly broad, and incredibly burdensome request for (at least) four reasons.

**First**, the expansive Structured ESI Plaintiffs seek is the **exact same** data that Plaintiffs themselves have repeatedly claimed is not "reliable." *See, e.g.,* Dkt. 23 (*Marin*, Civ. No. 12-cv-05274-ENV-CLP), at ¶ 101; Dkt. 15 (*Dove*, Civ. No. 13-cv-01417-ENV-CLP) at ¶ 101. Thus, based on Plaintiffs' own assertions in this regard, the request for such incredibly large swaths of data is inherently disproportional to the needs of the case.  Plainly stated, it makes no sense for Defendants to have to go through all of the burden and expense involved in responding to this request given Plaintiffs' own position that the data is unreliable. *See Roach v. T.L. Cannon Corp.*, 2012 WL 13201834, at * 4 (N.D.N.Y. Aug. 1, 2012) (holding, in case where Plaintiffs alleged that time records were adjusted, that production of time logs "would not reveal the existence of a Labor Law violation and the existence of common issues of fact or law necessary to support a Rule 23 application"). Even in the opinions cited by Plaintiffs, the Courts recognize that there are and must be limits to the scope of discovery. *See Rahman v. Smith & Wollensky Restaurant Group, Inc.*, 2007 WL 1521117, at *3 (S.D.N.Y. Mary 24, 2007) (noting

---

[1] With the exception of individually named Defendant, Samlal.

"the defendant must be protected from discovery which is overly burdensome, irrelevant, or which invades privileged or confidential areas.").

**Second**, despite Plaintiffs' claim, Plaintiffs are not, at this juncture, entitled to the requested pre-certification discovery concerning non-parties. This position is eminently reasonable and fully supported by the law. Indeed, Courts (including this Court) frequently deny such extensive, premature, irrelevant, and burdensome pre-certification discovery regarding potential class members. *See, e.g., Maddison v. Comfort Systems USA (Syracuse), Inc.,* No. 5:17-cv-359 (N.D.N.Y. Nov. 1, 2018) ("the court does not contemplate pre-certification discovery of time and payroll records for all potential members of the class"); *Olvera v. Mazzone Management Group, LTD.*, 2017 WL 11629017, at *9-10, (N.D.N.Y. Oct. 23, 2017) (denying motion to compel production of the personnel files of all restaurant employees because "Plaintiffs have not shown how such individualized discovery is relevant to class certification issues."); *Mitchel v. Fortress FS, LLC*, 2014 WL 12776121, at *1 (E.D.N.Y. Oct. 22, 2014) (denying Plaintiff's motion to compel information regarding putative class members prior to class certification); *Charles v. Nationwide Mutual Ins. Co.*, 2010 U.S. Dist. LEXIS 143487, at *24 (E.D.N.Y. May 27, 2010) (Pollack, J.) ("the Court follows the prevailing view in this district and 'refuse[s] to allow discovery of class members' identities at the pre-certification stage," and also denying motion to compel pre-certification production of billing records of potential class members).

Instead, Plaintiffs' request for the voluminous Structured ESI is nothing more than an obvious fishing expedition. Tellingly, in written discovery recently conducted, Plaintiffs[2] were asked in interrogatories to identify employees (by name) who, since the time Plaintiffs' employment ended (which at the latest was 2013) worked off the clock, had their time wrongfully adjusted/altered, were not properly paid for all hours worked, did not receive all tips owed to them, or received an inaccurate paycheck. These are the exact issues/allegations being litigated in the case. In response, Plaintiffs could not identify a **single employee** other than themselves.[3] Given that Plaintiffs are not aware of any alleged violations since at least 2013, Plaintiffs' request for Structured ESI through 2022 is plainly disproportionate to the needs of the case. And, in any event, what do Plaintiffs expect to gain from reems of data that they consider to be inherently unreliable? Their request in this regard, again, makes no sense.

**Third**, Plaintiffs make no showing or argument as to **why** the individualized data they seek is necessary or required for purposes of class certification. The discovery sought should be limited to whether Plaintiffs can satisfy the elements of Rule 23, namely commonality, typicality, numerosity, and adequacy of representation. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011); *Rahman*, 2007 WL 1521117, at *4 (case cited by Plaintiffs, noting that "pre-certification discovery on the merits of the class claims is generally inappropriate" and holding defendants did not have to produce discovery "insofar as it relates to the merits of the class claims"). "What matters to class certification … is not the raising of common 'questions' – even in droves – but rather, the capacity of a class wide proceeding to generate **common answers** apt to drive the resolution of the litigation." *Dukes,* at 2551, n.6 (emphasis added). Plaintiffs fail to identify any question with a common answer that can be addressed by the **individualized and voluminous** time and payroll data they seek.

---

[2] Carlos Marin, Kenny Lebron, Martina Hanisch, Eleanor Cross, Karla Usher, Dakeem Griffiths, Kadeem Griffiths, Roman Usher, Michael Hazzard, and Shaunta Dove.
[3] Dakeem Griffiths claims that an individual named "Kerwin (last name unknown)" allegedly worked off the clock, but tellingly does not claim that "Kerwin" was improperly paid.

Indeed, Plaintiffs' own letter highlights the impropriety of their request. Plaintiffs claim that the Structured ESI "will either directly demonstrate **the truth of Plaintiffs' allegations**, or they will demonstrate that Defendants falsified their own records." *See* Dkt. 355 (*Marin*); Dkt. 243 (*Dove*). This is a quintessential merits inquiry divorced from the Rule 23 factors. What's more, Plaintiffs do not explain how the Structured ESI will supposedly demonstrate the "truth" of their allegations. Examination of Plaintiffs' allegations demonstrates the fallacy of Plaintiffs' argument. In *Marin*, for example, Plaintiffs allege that Defendants forced Plaintiffs to work off-the-clock either before they clocked-in for a shift or after they clocked-out from a shift. None of the Structured ESI would show whether any Plaintiff allegedly worked off-the-clock. The bottom line is that Plaintiffs' request is not designed to provide **answers** to any purported class-wide question. For this reason alone, Plaintiffs' expansive request for the Structured ESI must be denied. *See, e.g., Roach v. T.L. Cannon Corp.*, 2012 WL 13201834, at * 4 (N.D.N.Y. Aug. 1, 2012) (denying plaintiffs pre-certification access to class-wide time records in off-the-clock case where, even if produced, the records would not definitively establish a violation of law or the existence of a common issue of fact or law necessary to support a Rule 23 application). *Cf. Siewharack v. Queens Long Island Med. Group, P.C.*, CV 11-3603 (WFK)(ARL), 2012 U.S. Dist. LEXIS 170556, at *3-4 (E.D.N.Y. Nov. 30, 2012) (finding the plaintiff had not established that the requested discovery was relevant to certification).

**Finally**, even if the Structured ESI were relevant to class certification issues (it is not), production of the **entire** Structured ESI data set requested by Plaintiffs is unduly burdensome, and not proportional to the needs of the case. Indeed, the estimated cost to just run such reports is significant (the total amount is confidential, but Defendants can submit further information to the Court on this topic, upon request), and it would take months to run the requested reports. What's more, Defendants estimate that Plaintiffs' request would result in **millions upon millions** of lines of data to be analyzed, which would take countless hours to review. This is not proportional to the needs of the case, especially considering the data's irrelevance to class certification issues.

Simply put, the request at issue is not justifiable based on any rationale. Defendants are not trying to be unreasonable. In fact, the parties agreed to proceed with the depositions of up to 50 opt-ins. **Defendants agreed to search for and produce time and pay reports for the 50 opt-ins being deposed; Plaintiffs rejected this offer**. In addition, Defendants have already provided Plaintiffs with extensive discovery. Defendants previously collected email data for more than 100 custodians and produced almost 18,000 documents, and as part of the parties' recent conferrals, Defendants agreed to conduct additional email collections and searches for documents relevant to class certification issues. This is more than enough information to allow Plaintiffs to consider whether they have any basis to move for class certification. They are not, however, entitled to broad, individualized information regarding non-party potential class members where no class has even been certified.

Respectfully submitted,

*/s/ Jessica F. Pizzutelli*

Jessica F. Pizzutelli

cc:   All Counsel of Record (Via ECF)

4864-2303-6192

3